Thomas G. Foley, Jr. State Bar No. 065812
Philip D. Dracht, State Bar No. 219044
**FOLEY BEZEK BEHLE & CURTIS, LLP**
15 West Carrillo Street
Santa Barbara, California 93101
Telephone (805) 962-9495; Fax: (805) 965-0722
tfoley@foleybezek.com; pdracht@foleybezek.com

Richard E. Donahoo, State Bar No. 186957
**DONAHOO & ASSOCIATES**
505 North Tustin Avenue, Suite 160
Santa Ana, California 92705
Telephone (714) 953-1010; Fax: (714) 953-1777
rdonahoo@donahooandassoc.com
Attorneys for Plaintiffs on behalf of themselves and all others similarly situated ad specifically
referenced herein,

**ORIGINAL FILED**

06 FEB - 1 PM 2: 12

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-Filing**

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
(OAKLAND DIVISION)**

GABE BEAUPERTHUY, MICHAEL CHALMERS, ALEXIS COVARRUBIAS, JOHN DAVIDSSON, LINDSAY D'ERRICO, BOBBY DESOTO, JASON A. DIGENNARO, LAWRENCE O'NEILL DICKERSON, ANNE DILLON, NATHANIEL FENNELL, KELLY FENNELLY, ANTOINETTE FIEDLER, COREY FOBES, PATRICK A. FREY, HEIDI GABALSKI, DAVID L. GUY, NATHANIEL HOELK, GARRETT HOPKINS, GOREAL HUDSON, DAVID KAIPI, QUIN KAPLAN, SEAN W. LEE, BRIAN HARRINGTON LEWIS, KRISTOPHER MICHAEL MARTINO, MARCEL MATTHEWS, DANUAL MEYERS, JUDE M. MONTOYA, JAMES EDWARD MOREY, JOHN NESMITH, ANDREW W. NEWCOMB, BRANDON F. NEIL, JAMES L. OGDEN, STEVE ORRICO, ANNIE OSTOLASA, RYAN PARKER, TIMOTHY F. PAUDLER, KYLE PHILLIPS, MATTHEW POPELKA, SABRINA PRIESMAN, WILLIAM E. RAINALDO, JR., ALFRED RA'OOF, JAMES REED, DANIELLE RELPH, MATTHEW REITER, ANTHONY ROMEO, CHAD V. RUF, ADAM SHERRILL, MARK SLOMKA, EVAN SOOPER, KIMBERLY S. STRUBLE, REBECCA L. TOBIN, JOHN UDDEN, JASON VALLEY, ADAM L. VEST, CHRISTOPHER VINCENT, MARK WHITE, DAVID WOOD, JOSHUA WOODSON. on behalf of themselves and all others similarly situated specifically referenced herein,
                                                    Plaintiffs,

        vs.

24 HOUR FITNESS USA, INC., a California corporation dba 24 HOUR FITNESS; SPORT AND FITNESS CLUBS OF AMERICA, INC., a California corporation dba 24 HOUR FITNESS,
                                                    Defendants

Case No. **C 06 0715**

Judge:

**COMPLAINT**

**SC**

**1. COLLECTIVE ACTION FOR CLAIMS UNDER FAIR LABOR STANDARDS ACT [29 U.S.C. § 201 *et seq.*]
2. DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

On behalf of themselves and all others similarly situated as specifically referenced herein, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3) as the controversy arises under the laws of the United States. Specifically, the claim arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391(c), because Defendant 24 HOUR FITNESS, USA, INC. is a California Corporation with its principal base of business in San Ramon, California; Defendant SPORT AND FITNESS CLUBS OF AMERICA, INC., is an Ohio corporation licensed to do business in California as 24 Hour Fitness with its principal base of business in San Ramon, California.

## INTRADISTRICT ASSIGNMENT

3. Assignment to the Oakland Division is proper because Defendants 24 HOUR FITNESS, USA, INC., and SPORT AND FITNESS CLUBS OF AMERICA, INC. (collectively "24 HOUR FITNESS") both have registered with the California Secretary of State that their principal place of business in California is in San Ramon, located in Contra Costa County.

## GENERAL ALLEGATIONS

4. Plaintiffs are, or formerly were, General Managers, Fitness Managers, Operations Managers, Assistant General Managers, Assistant Fitness Managers, Assistant Operations Managers (collectively "Managers"), Sales Counselors, Personal Trainers and Group X Instructors (collectively "Trainers") who have worked unpaid overtime hours for Defendants 24 HOUR FITNESS, USA, INC. and SPORT AND FITNESS CLUBS OF AMERICA, INC. (collectively "24 HOUR FITNESS"), in the operation and maintenance of 24 HOUR FITNESS's health clubs.

5. Plaintiffs have worked for 24 HOUR FITNESS. Plaintiffs are informed and believe that 24 HOUR FITNESS owns and operates health clubs in Arizona, California, Colorado, Florida, Hawaii, Idaho, Kansas, Missouri, Montana, Nebraska, Nevada, Oregon, Tennessee, Texas, Utah and Washington.

6. Plaintiffs GABE BEAUPERTHUY, MICHAEL CHALMERS, ALEXIS COVARRUBIAS,

JOHN DAVIDSSON, LINDSAY D'ERRICO, BOBBY DESOTO, JASON A. DIGENNARO, LAWRENCE O'NEILL DICKERSON, ANNE DILLON, NATHANIEL FENNELL, KELLY FENNELLY, ANTOINETTE FIEDLER, COREY FOBES, PATRICK A. FREY, HEIDI GABALSKI, DAVID L. GUY, NATHANIEL HOELK, GARRETT HOPKINS, GOREAL HUDSON, DAVID KAIPI, QUIN KAPLAN, SEAN W. LEE, BRIAN HARRINGTON LEWIS, KRISTOPHER MICHAEL MARTINO, MARCEL MATTHEWS, DANUAL MEYERS, JUDE M. MONTOYA, JAMES EDWARD MOREY, JOHN NESMITH, ANDREW W. NEWCOMB, BRANDON F. NEIL, JAMES L. OGDEN, STEVE ORRICO, ANNIE OSTOLASA, RYAN PARKER, TIMOTHY F. PAUDLER, KYLE PHILLIPS, MATTHEW POPELKA, SABRINA PRIESMAN, WILLIAM E. RAINALDO, JR, ALFRED RA'OOF, JAMES REED, DANIELLE RELPH, MATTHEW REITER, ANTHONY ROMEO, CHAD V. RUF, ADAM SHERRILL, MARK SLOMKA, EVAN SOOPER, KIMBERLY S. STRUBLE, REBECCA L. TOBIN, JOHN UDDEN, JASON VALLEY, ADAM L. VEST, CHRISTOPHER VINCENT, MARK WHITE, DAVID WOOD, JOSHUA WOODSON (collectively "Plaintiffs") bring these claims individually and as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), on behalf of Managers, Sales Counselors and Trainers, none of which positions are exempt from the overtime provisions of the FLSA ("FLSA Collective Members").

7.    Plaintiffs allege on behalf of themselves and all similarly situated Managers, Sales Counselors, and Trainers, that 24 HOUR FITNESS unlawfully classified as exempt from overtime payments under federal and state laws and/or failed and refused to pay overtime premiums to Plaintiffs and the proposed FLSA Collective Members for all overtime worked, notwithstanding that Plaintiffs and proposed the FLSA Collective Members are not and were not exempt and are and have been entitled to overtime pay, for overtime worked, and further, that 24 HOUR FITNESS failed to record and maintain time records of hours worked by Managers, Sales Counselors and Trainers as required by law.

8.    24 HOUR FITNESS's practices violated and continue to violate the FLSA, 29 U.S.C. §§201, *et seq.*   The collective action claims are for overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs, under the FLSA, 29 U.S.C. §207 and 216(b).

**9.** 24 HOUR FITNESS's acts were in accordance with, and represent the official policies of 24 HOUR FITNESS, or those whose edicts or acts may fairly be said to represent said official policies.

**10.** Each Defendant willfully committed, ordered, directed supervised, allowed, planned, ratified, concealed, organized, or otherwise participated in the unlawful acts complained of herein.

**PARTIES**

**Plaintiffs**

**11.** Plaintiff GABE BEAUPERTHUY is a resident of Colorado Springs, Colorado, and was employed by 24 Hour Fitness from on or about July, 1999 to the present, at a 24 Hour Fitness located in the State of Colorado, as a General Manager. As a General Manager, GABE BEAUPERTHUY regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

**12.** Plaintiff MICHAEL CHALMERS is a resident of Henderson, Nevada, and was employed by 24 Hour Fitness from on or about September, 2000 to on or about October, 2002, and on or about September, 2003 to on or about July, 2004, at a 24 Hour Fitness located in the State of Nevada, as a Sales Counselor. As a Sales Counselor, MICHAEL CHALMERS regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

**13.** Plaintiff ALEXIS COVARRUBIAS is a resident of Reno, Nevada, and was employed by 24 Hour Fitness from on or about July 31, 2003 to on or about January 11, 2005, at a 24 Hour Fitness located in the State of Nevada, as a Sales Counselor, Senior Sales Counselor, Assistant General Manager, and General Manager. As a Sales Counselor, Senior Sales Counselor, Assistant General Manager and General Manager, ALEXIS COVARRUBIAS regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

**COMPLAINT**

14.    Plaintiff JOHN DAVIDSSON is a resident of Edmonds, Washington, and was employed by 24 Hour Fitness from on or about September, 2002 to on or about December, 2004, at a 24 Hour Fitness located in the State of Washington, as a Personal Trainer and Fitness Manager.  As a Personal Trainer and Fitness Manager, JOHN DAVIDSSON regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

15.    Plaintiff LINDSAY D'ERRICO is a resident of Las Vegas, Nevada, and was employed by 24 Hour Fitness from on or about October, 2003 to on or about December, 2004, at a 24 Hour Fitness located in the State of Nevada, at the front desk, as a Personal Trainer, and as Juice Bar Supervisor. As a Personal Trainer and Juice Bar Supervisor, LINDSAY D'ERRICO regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

16.    Plaintiff BOBBY DESOTO is a resident of Littleton, Colorado, and was employed by 24 Hour Fitness from on or about October 16, 2004, to on or about January 31, 2005, at a 24 Hour Fitness located in the State of Colorado, as a Sales Counselor, Assistant General Manager, General Manager, and a Maintenance Technician.  As a Sales Counselor, Assistant General Manager, General Manager, and a Maintenance Technician, BOBBY DESOTO regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

17.    Plaintiff JASON A. DIGENNARO is a resident of Bellingham, Washington, and was employed by 24 Hour Fitness from on or about July, 2004 to on or about October, 2004, at a 24 Hour Fitness located in the State of Washington, as a Personal Trainer.  As a Personal Trainer, JASON A. DIGENNARO regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

18.     Plaintiff LAWRENCE O'NEILL DICKERSON is a resident of Las Vegas, Nevada, and was employed by 24 Hour Fitness from on or about March 3, 2000 to on or about July 31, 2004, at a 24 Hour Fitness located in the State of Nevada, as an Operations Manager. As an Operations Manager, LAWRENCE O'NEILL DICKERSON regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

19.     Plaintiff ANNE DILLON is a resident of Tacoma, Washington, and was employed by 24 Hour Fitness from on or about February, 2001 to on or about April, 2003, at a 24 Hour Fitness located in the State of Washington, as an Operations Manager. As an Operations Manager, ANNE DILLON regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

20.     Plaintiff NATHANIEL FENNELL is a resident of Everett, Washington, and was employed by 24 Hour Fitness from on or about July, 1999 to on or about July, 2003, at a 24 Hour Fitness located in the State of Washington, as a Personal Trainer, Fitness Manager, General Manager, and Regional Director of Fitness. As a Personal Trainer, Fitness Manager, General Manager, and Regional Director of Fitness, NATHANIEL FENNELL regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

21.     Plaintiff KELLY FENNELLY is a resident of Bellevue, Washington, and was employed by 24 Hour Fitness from on or about November, 1998 to on or about January, 2005, at 24 Hour Fitness locations in the States of Washington, Idaho and Oregon, as a Personal Trainer, Fitness Manager, Operations Manager, and Group X Instructor. As a Personal Trainer, Fitness Manager, Operations Manager, and Group X Instructor, KELLY FENNELLY regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all

overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

22.     Plaintiff ANTOINETTE FIEDLER is a resident of Henderson, Nevada, and was employed by 24 Hour Fitness from on or about March 4, 1990 to the present, at 24 Hour Fitness locations in the States of California and Nevada, as an Operations Manager, and Customer Relations Supervisor. As a Operations Manager, and Customer Relations Supervisor, ANTOINETTE FIEDLER regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

23.     Plaintiff COREY FOBES is a resident of Raleigh, North Carolina, and was employed by 24 Hour Fitness from on or about March, 1999 to on or about November, 2003, at 24 Hour Fitness locations in the States of Colorado, Kansas, Missouri, Nebraska and Tennessee, as a Personal Trainer, Floor Supervisor, Fitness Manager, and District Fitness Manager. As a Personal Trainer, Floor Supervisor, Fitness Manager, and District Fitness Manager, COREY FOBES regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

24.     Plaintiff PATRICK A. FREY is a resident of Medford, Oregon, and was employed by 24 Hour Fitness from on or about March 29, 2000 to on or about November 30, 2003, at a 24 Hour Fitness located in the State of Oregon, as a Personal Trainer. As a Personal Trainer, PATRICK A. FREY regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

25.     Plaintiff HEIDI GABALSKI is a resident of Golden, Colorado, and was employed by 24 Hour Fitness from on or about March, 2001 to on or about January, 2003, at a 24 Hour Fitness located in the State of Colorado, as a Personal Trainer. As a Personal Trainer, HEIDI GABALSKI regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum

1  wages, including all overtime compensation to which he was entitled for hours worked in excess of

2  forty (40) hours per week and/or eight (8) hours per day.

3  **26.**   Plaintiff DAVID L. GUY is a resident of Thornton, Colorado, and was employed by 24 Hour

4  Fitness from on or about October, 2000 to on or about March, 2004, at a 24 Hour Fitness located in

5  the State of Colorado, as a Personal Trainer, Floor Supervisor, and Fitness Manager.  As a Personal

6  Trainer, Floor Supervisor, and Fitness Manager, DAVID L. GUY regularly worked in excess of forty

7  (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including

8  all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per

9  week and/or eight (8) hours per day.

10  **27.**   Plaintiff NATHANIEL HOELK is a resident of Lakewood, Colorado, and was employed by

11  24 Hour Fitness from on or about August, 2000 to on or about December, 2004, at a 24 Hour Fitness

12  located in the State of Colorado, as a Personal Trainer, Floor Supervisor, and Fitness Manager.  As a

13  Personal Trainer, Floor Supervisor, and Fitness Manager, NATHANIEL HOELK regularly worked in

14  excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum

15  wages, including all overtime compensation to which he was entitled for hours worked in excess of

16  forty (40) hours per week and/or eight (8) hours per day.

17  **28.**   Plaintiff GARRETT HOPKINS is a resident of Shawnee, Kansas, and was employed by 24

18  Hour Fitness from on or about August 5, 2004 to the present at a 24 Hour Fitness located in the State

19  of Kansas, at the front desk and the juice bar, as a Sales Counselor, and Assistant General Manager.

20  As a Sales Counselor, and Assistant General Manager, GARRETT HOPKINS regularly worked in

21  excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum

22  wages, including all overtime compensation to which he was entitled for hours worked in excess of

23  forty (40) hours per week and/or eight (8) hours per day.

24  **29.**   Plaintiff GOREAL HUDSON is a resident of Spanaway, Washington, and was employed by

25  24 Hour Fitness from on or about December, 2002 to on or about June, 2004, at a 24 Hour Fitness

26  located in the State of Washington as a Sales Counselor, Assistant General Manager, and General

27  Manager.   As a Sales Counselor, Assistant General Manager, and General Manager, GOREAL

28  HUDSON regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but

failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

30.    Plaintiff DAVID KAIPI is a resident of Kirkland, Washington, and was employed by 24 Hour Fitness from on or about January, 2000 to on or about August, 2004, at 24 Hour Fitness locations in the States of Washington, Idaho and Montana, as a Personal Trainer, Fitness Manager, and District Fitness Manager.  As a Personal Trainer, Fitness Manager, and District Fitness Manager, DAVID KAIPI regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

31.    Plaintiff QUIN KAPLAN is a resident of Lafayette, Colorado, and was employed by 24 Hour Fitness from on or about January 23, 2000 to the present, at a 24 Hour Fitness located in the State of Colorado, as an Operations Manager.  As an Operations Manager, QUIN KAPLAN regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

32.    Plaintiff SEAN W. LEE is a resident of Boulder, Colorado, and was employed by 24 Hour Fitness from on or about February, 2000 to on or about April, 2004, at a 24 Hour Fitness located in the State of Colorado, as a Sales Counselor, and Assistant General Manager.  As a Sales Counselor, and Assistant General Manager, SEAN W. LEE regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

33.    Plaintiff BRIAN HARRINGTON LEWIS is a resident of Parker, Colorado, and was employed by 24 Hour Fitness from on or about February, 1998 to the present, at a 24 Hour Fitness located in the State of Colorado, as a Personal Trainer, and Fitness Manager.  As a Personal Trainer, and Fitness Manager, BRIAN HARRINGTON LEWIS regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime

1   compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or

2   eight (8) hours per day.

3   **34.**   Plaintiff KRISTOPHER MICHAEL MARTINO is a resident of Henderson, Nevada, and was

4   employed by 24 Hour Fitness from on or about July 17, 1999 to on or about January 19, 2005, at 24

5   Hour Fitness locations in the States of Nevada and Washington, as a Personal Trainer.  As a Personal

6   Trainer, KRISTOPHER MICHAEL MARTINO regularly worked in excess of forty (40) hours per

7   week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime

8   compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or

9   eight (8) hours per day.

10   **35.**   Plaintiff MARCEL MATTHEWS is a resident of Las Vegas, Nevada, and was employed by

11   24 Hour Fitness from on or about September, 2001 to on or July, 2004, at a 24 Hour Fitness located in

12   the State of Nevada, as a Personal Trainer, Sales Counselor, Assistant General Manager, General

13   Manager, and Assistant Fitness Manager.  As a Personal Trainer, Sales Counselor, Assistant General

14   Manager, General Manager, and Assistant Fitness Manager, MARCEL MATTHEWS regularly

15   worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all

16   minimum wages, including all overtime compensation to which he was entitled for hours worked in

17   excess of forty (40) hours per week and/or eight (8) hours per day.

18   **36.**   Plaintiff DANUAL MEYERS is a resident of Las Vegas, Nevada, and was employed by 24

19   Hour Fitness from on or about June, 2001 to on or about May, 2003, at a 24 Hour Fitness located in

20   the State of Nevada, as a Personal Trainer, and Floor Supervisor.  As a Personal Trainer, and Floor

21   Supervisor, DANUAL MEYERS regularly worked in excess of forty (40) hours per week and eight

22   (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to

23   which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours

24   per day.

25   **37.**   Plaintiff JUDE M. MONTOYA is a resident of Las Vegas, Nevada, and was employed by 24

26   Hour Fitness from on or about July, 1994 to on or about September, 2002, at 24 Hour Fitness

27   locations in the States of Utah and Nevada, as a General Manager.  As a General Manager, JUDE M.

28   MONTOYA regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but

**COMPLAINT**

1   failed to receive all minimum wages, including all overtime compensation to which he was entitled for

2   hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

3   **38.**   Plaintiff JAMES EDWARD MOREY is a resident of Littleton, Colorado, and was employed

4   by 24 Hour Fitness from on or about December 1, 2002 to on or December 15, 2004, at a 24 Hour

5   Fitness located in the State of Colorado, as an Assistant General Manager. As an Assistant General

6   Manager, JAMES EDWARD MOREY regularly worked in excess of forty (40) hours per week and

7   eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation

8   to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8)

9   hours per day.

10   **39.**   Plaintiff JOHN NESMITH is a resident of Shoreline, Washington, and was employed by 24

11   Hour Fitness from on or about February, 2002 to on or about August, 2003, at a 24 Hour Fitness

12   located in the State of Washington, as a Sales Counselor, Assistant General Manager, and General

13   Manager. As a Sales Counselor, Assistant General Manager, and General Manager, JOHN

14   NESMITH regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but

15   failed to receive all minimum wages, including all overtime compensation to which he was entitled for

16   hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

17   **40.**   Plaintiff ANDREW W. NEWCOMB is a resident of Henderson, Nevada, and was employed

18   by 24 Hour Fitness from on or about August, 2000 to on or about April, 2004, at a 24 Hour Fitness

19   located in the State of Nevada, as a Sales Counselor, Assistant General Manager, and General

20   Manager. As a Sales Counselor, Assistant General Manager, and General Manager, ANDREW W.

21   NEWCOMB regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but

22   failed to receive all minimum wages, including all overtime compensation to which he was entitled for

23   hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

24   **41.**   Plaintiff BRANDON F. NEIL is a resident of Kent, Washington, and was employed by 24

25   Hour Fitness from on or about 2003 to on or about 2004, at a 24 Hour Fitness located in the State of

26   Washington, as a Sales Counselor. As a Sales Counselor, BRANDON F. NEIL regularly worked in

27   excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum

28

**COMPLAINT**

1   wages, including all overtime compensation to which he was entitled for hours worked in excess of

2   forty (40) hours per week and/or eight (8) hours per day.

3   **42.**   Plaintiff JAMES L. OGDEN is a resident of Bellevue, Washington, and was employed by 24

4   Hour Fitness from on or about June, 2004 to on or about February, 2005, at a 24 Hour Fitness located

5   in the State of Washington, as a Personal Trainer, Floor Supervisor, and Fitness Manager.   As a

6   Personal Trainer, Floor Supervisor, and Fitness Manager, JAMES L. OGDEN regularly worked in

7   excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum

8   wages, including all overtime compensation to which he was entitled for hours worked in excess of

9   forty (40) hours per week and/or eight (8) hours per day.

10   **43.**   Plaintiff STEVE ORRICO is a resident of Las Vegas, Nevada, and was employed by 24 Hour

11   Fitness from on or about February 20, 2001 to on or about March 31, 2003, and on or about

12   November 1, 2003 to on or about July 31, 2004, at 24 Hour Fitness locations in the States of Idaho

13   and Nevada, as a Sales Counselor, Assistant General Manager, and General Manager.   As a Sales

14   Counselor, Assistant General Manager, and General Manager, STEVE ORRICO regularly worked in

15   excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum

16   wages, including all overtime compensation to which he was entitled for hours worked in excess of

17   forty (40) hours per week and/or eight (8) hours per day.

18   **44.**   Plaintiff ANNIE OSTOLASA is a resident of Seattle, Washington, and was employed by 24

19   Hour Fitness from on or about April, 1997 to on or about June, 2004, at 24 Hour Fitness locations in

20   the States of California, Idaho and Washington, as a General Manager, Operations Manager, District

21   Operations Manager, Regional Service Manager, and Regional Vice President of Operations.   As a

22   General Manager, Operations Manager, District Operations Manager, Regional Service Manager, and

23   Regional Vice President of Operations, ANNIE OSTOLASA regularly worked in excess of forty (40)

24   hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all

25   overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per

26   week and/or eight (8) hours per day.

27   **45.**   Plaintiff RYAN PARKER is a resident of Boulder, Colorado, and was employed by 24 Hour

28   Fitness from on or about August, 2003 to on or about April, 2005, at a 24 Hour Fitness located in the

State of Colorado, as a Sales Counselor, and Assistant General Manager. As a Sales Counselor, and Assistant General Manager, RYAN PARKER regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

46.   Plaintiff TIMOTHY F. PAUDLER is a resident of Puyallup, Washington, and was employed by 24 Hour Fitness from on or about March, 1999 to on or about August, 2003, at 24 Hour Fitness locations in the States of Utah, Idaho and Washington, as an Assistant General Manager, General Manager, and District Manager. As an Assistant General Manager, General Manager, and District Manager, TIMOTHY F. PAUDLER regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

47.   Plaintiff KYLE PHILLIPS is a resident of Overland Park, Kansas, and was employed by 24 Hour Fitness from on or about July 15, 2002 to the present, at a 24 Hour Fitness located in the State of Kansas, as a Sales Counselor, and Assistant General Manager. As a Sales Counselor, and Assistant General Manager, KYLE PHILLIPS regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

48.   Plaintiff MATTHEW POPELKA is a resident of Arvada, Colorado, and was employed by 24 Hour Fitness from on or about June, 1996 to on or about February, 2005, at a 24 Hour Fitness located in the State of Colorado. MATTHEW POPELKA regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

49.   Plaintiff SABRINA PRIESMAN is a resident of Mission Viejo, California, and was employed by 24 Hour Fitness from on or about October, 1990 to on or about July, 2004, at 24 Hour Fitness

1   locations in the States of Nevada and California, as an Operations Manager.   As an Operations

2   Manager, SABRINA PRIESMAN regularly worked in excess of forty (40) hours per week and eight

3   (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to

4   which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours

5   per day.

6   **50.**   Plaintiff WILLIAM E. RAINALDO, JR. is a resident of Las Vegas, Nevada, and was

7   employed by 24 Hour Fitness from on or about January, 2004 to on or about August, 2004, at a 24

8   Hour Fitness located in the State of Nevada, as an Assistant General Manager, and General Manager.

9   As an Assistant General Manager, and General Manager, WILLIAM E. RAINALDO, JR.   regularly

10  worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all

11  minimum wages, including all overtime compensation to which he was entitled for hours worked in

12  excess of forty (40) hours per week and/or eight (8) hours per day.

13  **51.**   Plaintiff ALFRED RA'OOF is a resident of Auburn, Washington, and was employed by 24

14  Hour Fitness from on or about October, 1998 to the present, at a 24 Hour Fitness located in the State

15  of Washington, as a Personal Trainer, Fitness Manager, and General Manager.   As a Personal Trainer,

16  Fitness Manager, and General Manager, ALFRED RA'OOF regularly worked in excess of forty (40)

17  hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all

18  overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per

19  week and/or eight (8) hours per day.

20  **52.**   Plaintiff JAMES REED is a resident of Broomfield, Colorado, and was employed by 24 Hour

21  Fitness from on or about September 19, 2001 to the present, at a 24 Hour Fitness located in the State

22  of Colorado, as a Sales Counselor.   As a Sales Counselor, JAMES REED regularly worked in excess

23  of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages,

24  including all overtime compensation to which he was entitled for hours worked in excess of forty (40)

25  hours per week and/or eight (8) hours per day.

26  **53.**   Plaintiff DANIELLE RELPH is a resident of Woodinville, Washington, and was employed by

27  24 Hour Fitness from on or about 1999 to on or about 2005, at a 24 Hour Fitness located in the State

28  of Washington, as a Personal Trainer, and Group Fitness Instructor.   As a Personal Trainer, and Group

Fitness Instructor, DANIELLE RELPH regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

**54.**    Plaintiff MATTHEW REITER is a resident of Las Vegas, Nevada, and was employed by 24 Hour Fitness from on or about December, 2001 to the present, at a 24 Hour Fitness located in the State of Nevada, as a Fitness Manager, and Personal Trainer. As a Fitness Manager, and Personal Trainer, MATTHEW REITER regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

**55.**    Plaintiff ANTHONY ROMEO is a resident of Las Vegas, Nevada, and was employed by 24 Hour Fitness from on or about November, 2002 to on or about July, 2004, at a 24 Hour Fitness located in the State of Nevada, as an Operations Manager. As an Operations Manager, ANTHONY ROMEO regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

**56.**    Plaintiff CHAD V. RUF is a resident of North Glen, Colorado, and was employed by 24 Hour Fitness from on or about December, 1996 to on or about February, 2005, at a 24 Hour Fitness located in the State of Colorado, as a Personal Trainer, Sales Counselor, Fitness Manager, Floor Supervisor, Assistant General Manager, General Manager, and District Manager. As a Personal Trainer, Sales Counselor, Fitness Manager, Floor Supervisor, Assistant General Manager, General Manager, and District Manager, CHAD V. RUF regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

**57.**    Plaintiff ADAM SHERRILL is a resident of Puyallup, Washington, and was employed by 24 Hour Fitness from on or about August 1, 2003 to on or about October 15, 2004, at a 24 Hour Fitness located in the State of Washington, as a General Manager. As a General Manager, ADAM

1    SHERRILL regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but

2    failed to receive all minimum wages, including all overtime compensation to which he was entitled for

3    hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

4    **58.**     Plaintiff MARK SLOMKA is a resident of Spring Hill, Florida, and was employed by 24 Hour

5    Fitness from on or about November, 2003 to on or about June, 2004, at a 24 Hour Fitness located in

6    the State of Nevada, as a Sales Counselor. As a Sales Counselor, MARK SLOMKA regularly worked

7    in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum

8    wages, including all overtime compensation to which he was entitled for hours worked in excess of

9    forty (40) hours per week and/or eight (8) hours per day.

10   **59.**     Plaintiff EVAN SOOPER is a resident of Henderson, Nevada, and was employed by 24 Hour

11   Fitness from on or about February, 2001 to on or about April, 2004, at a 24 Hour Fitness located in the

12   State of Nevada, as a Personal Trainer, Sales Counselor, Floor Supervisor, and Fitness Manager. As a

13   Personal Trainer, Sales Counselor, Floor Supervisor, and Fitness Manager, EVAN SOOPER regularly

14   worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all

15   minimum wages, including all overtime compensation to which he was entitled for hours worked in

16   excess of forty (40) hours per week and/or eight (8) hours per day.

17   **60.**     Plaintiff KIMBERLY S. STRUBLE is a resident of Superior, Colorado, and was employed by

18   24 Hour Fitness from on or about May, 26, 2000 to on or about May 15, 2003, at 24 Hour Fitness

19   locations in the States of Kansas, Missouri and Colorado, as an Assistant Operations Manager, and

20   Operations Manager. As an Assistant Operations Manager, and Operations Manager, KIMBERLY S.

21   STRUBLE regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but

22   failed to receive all minimum wages, including all overtime compensation to which he was entitled for

23   hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

24   **61.**     Plaintiff REBECCA L. TOBIN is a resident of Henderson, Nevada, and was employed by 24

25   Hour Fitness from on or about May, 2002 to on or about November, 2002, at a 24 Hour Fitness

26   located in the State of Nevada, as a Floor Supervisor, Trainer Fitness Professional, and Trainer Fitness

27   Professional Elite.   As a Floor Supervisor, Trainer Fitness Professional, and Trainer Fitness

28   Professional Elite, REBECCA L. TOBIN regularly worked in excess of forty (40) hours per week and

1  eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation

2  to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8)

3  hours per day.

4  **62.**   Plaintiff JOHN UDDEN is a resident of Superior, Colorado, and was employed by 24 Hour

5  Fitness from on or about May, 1998 to on or about November, 2004, at 24 Hour Fitness locations in

6  the States of Kansas and Colorado, as a Personal Trainer, Fitness Manager, Assistant General

7  Manager, and General Manager.  As a Personal Trainer, Fitness Manager, Assistant General Manager,

8  and General Manager, JOHN UDDEN regularly worked in excess of forty (40) hours per week and

9  eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation

10  to which he was entitled for hours worked in excess of forty (40) hours per week and/or eight (8)

11  hours per day.

12  **63.**   Plaintiff JASON VALLEY is a resident of Lynwood, Washington, and was employed by 24

13  Hour Fitness from on or about October, 1998 to on or about November, 2004, at a 24 Hour Fitness

14  located in the State of Washington, as a Personal Trainer, Sales Counselor, Fitness Manager, Assistant

15  General Manager, and General Manager.  As a Personal Trainer, Sales Counselor, Fitness Manager,

16  Assistant General Manager, and General Manager, JASON VALLEY regularly worked in excess of

17  forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages,

18  including all overtime compensation to which he was entitled for hours worked in excess of forty (40)

19  hours per week and/or eight (8) hours per day.

20  **64.**   Plaintiff ADAM L. VEST is a resident of Austin, Texas, and was employed by 24 Hour

21  Fitness from on or about September, 2001 to on or about April, 2004, at a 24 Hour Fitness located in

22  the State of Nevada, as a Sales Counselor, Floor Manager, Assistant General Manager, and General

23  Manager.  As a Sales Counselor, Floor Manager, Assistant General Manager, and General Manager,

24  ADAM L. VEST regularly worked in excess of forty (40) hours per week and eight (8) hours per day,

25  but failed to receive all minimum wages, including all overtime compensation to which he was

26  entitled for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

27  **65.**   Plaintiff CHRISTOPHER VINCENT is a resident of Las Vegas, Nevada, and was employed

28  by 24 Hour Fitness from on or about April 20, 2002 to on or about April 30, 2004, at 24 Hour Fitness

**COMPLAINT**

1   locations in the States of Washington, Idaho and Nevada, as an Assistant General Manager, and

2   General Manager.   As an Assistant General Manager, and General Manager, CHRISTOPHER

3   VINCENT regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but

4   failed to receive all minimum wages, including all overtime compensation to which he was entitled for

5   hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.

6   **66.**    Plaintiff MARK WHITE is a resident of Las Vegas, Nevada, and was employed by 24 Hour

7   Fitness from on or about April, 2002 to on or about November, 2002, at a 24 Hour Fitness located in

8   the State of Washington, as a General Manager.  As a General Manager, MARK WHITE regularly

9   worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all

10  minimum wages, including all overtime compensation to which he was entitled for hours worked in

11  excess of forty (40) hours per week and/or eight (8) hours per day.

12  **67.**    Plaintiff DAVID WOOD is a resident of Las Vegas, Nevada, and was employed by 24 Hour

13  Fitness from on or about April, 1998 to on or about August, 2002, at 24 Hour Fitness locations in the

14  States of California and Nevada, as a Sales Counselor, and Assistant General Manager.  As a Sales

15  Counselor, and Assistant General Manager, DAVID WOOD regularly worked in excess of forty (40)

16  hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all

17  overtime compensation to which he was entitled for hours worked in excess of forty (40) hours per

18  week and/or eight (8) hours per day.

19  **68.**    Plaintiff JOSHUA WOODSON is a resident of Chandler, Arizona, and was employed by 24

20  Hour Fitness from on or about December, 2001 to on or about November, 2003, at a 24 Hour Fitness

21  located in the State of Washington, as a Sales Counselor, and Assistant General Manager.  As a Sales

22  Counselor, and Assistant General Manager, JOSHUA WOODSON regularly worked in excess of

23  forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages,

24  including all overtime compensation to which he was entitled for hours worked in excess of forty (40)

25  hours per week and/or eight (8) hours per day.

26  **69.**    By the filing of this Complaint, each of the named Plaintiffs, consent to sue with respect to

27  each such Plaintiff's FLSA claim for relief against 24 HOUR FITNESS, pursuant to section 16(b) of

28  the FLSA, 29 U.S.C. §216(b) and hereby seek relief under that provision.  Hundreds of other similarly

1   situated General Managers, Fitness Managers, Operations Managers, Assistant General Managers,

2   Assistant Fitness Managers, Assistant Operations Managers, Sales Counselors, Personal Trainers, ,

3   Front Desk Employees, Customer Relations Supervisors, Floor Supervisors and Group X Instructors,

4   other than current or former employees who executed a Claim Form to participate in the class action

5   settlement, referenced in paragraph 70 herein below as the *Boyce Litigation*,  may elect to join this

6   collective action if given proper notice of the pendency of the action and an opportunity to participate

7   by "opting in."  Consents to Sue on behalf of additional FLSA Collective Members may be filed as

8   this litigation progresses.

9   **Defendants**

10  **70.**    Defendant 24 HOUR FITNESS, USA, INC., is, and at all relevant times mentioned herein

11  was, a California corporation also doing business as 24 Hour Fitness under the laws of the State of

12  California with places of business in San Ramon, California.

13  **71.**    Defendant SPORT AND FITNESS CLUBS OF AMERICA, INC., is, and at all relevant times

14  mentioned herein was, an Ohio corporation registered to do business in California as 24 Hour Fitness

15  under the laws of the State of California, in San Ramon, California.

16              **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

17  **72.**    Plaintiffs bring their Claim for Relief for Violation of the FLSA as an "opt-in" collective

18  action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all person who were,

19  are or will be employed by Defendant 24 Hour Fitness as General Managers, Fitness Managers,

20  Operations Managers, Assistant General Managers, Assistant Fitness Managers, Assistant Operations

21  Managers, Sales Counselors, Personal Trainers, Juice Bar Supervisors, Front Desk Employees,

22  Customer Relations Supervisors, Floor Supervisors and Group X Instructors throughout the United

23  States, at any time within the applicable statute of limitations period, who have not been compensated

24  for all minimum wages and at one and one-half the regular rate of pay for all work performed in

25  excess of forty (40) hours per week; these FLSA Collective Members' claims do not include any

26  claims that were the subject of a release of claims in: *Boyce v. Sport and Fitness Clubs of America*,

27  Case No. 03-CV-2140 BEN (U.S.D.C. S.D.Cal.) (filed October 29, 2003), *Levine v. 24 Hour Fitness*,

28  Case No. 02-CC00386 (Orange County Superior Court) (filed December 31, 2002; *Ynzunza v. 24*

1    *Hour Fitness*, Case No. 03-CC00006 (Orange County Superior Court) (filed January 6, 2003);

2    *Seewoster v. 24 Hour Fitness*, Case No. 03-CC00576 (Orange County Superior Court) (filed

3    December 23, 2003); *Shetler v. 24 Hour Fitness*, Case No. GIC 829814 (San Diego County Superior

4    Court) (filed May 11, 2004); *Northroup v. 24 Hour Fitness*, Case No. BC321194 (Los Angeles

5    County Superior Court) (filed September 8, 2004), which actions are herein after collectively referred

6    to as the "*Boyce Litigation*". This collective action is not brought on behalf of individuals who timely

7    filed a Claim Form to participate in the class action settlement in the *Boyce Litigation*.

8    **73.**    Defendants stipulated in the *Boyce Litigation* that the statue of limitations for FLSA claims for

9    its current and former employees were tolled between November 9, 2004 and the approval of the

10    settlement of the *Boyce Litigation* settlement. Plaintiffs are informed and believe that the Boyce

11    Litigation settlement was granted final approval on January 26, 2006.

12    **74.**    Questions of law and fact common to the FLSA Collective Members as a whole include, but

13    are not limited to, the following:

14              (a)    Whether 24 HOUR FITNESS unlawfully failed and continues to fail to pay

15    minimum wages and overtime compensation in violation of the FLSA; 29 U.S.C. §§201, *et*

16    *seq.;*

17              (b)    Whether 24 HOUR FITNESS's failure to pay overtime to its non-exempt

18    FLSA Collective Plaintiffs was willful within the meaning of the FLSA;

19              (c)    Whether 24 HOUR FITNESS failed and continues to fail to maintain

20    accurate records of actual time worked by the FLSA Collective Members and prospective

21    FLSA Collective Members;

22              (d)    Whether 24 HOUR FITNESS failed and continues to fail to record or report

23    all time worked by the FLSA Collective Plaintiffs and prospective FLSA Collective

24    Members.

25              (e)    Whether 24 HOUR FITNESS failed and continues to fail to provide

26    accurate wage statements itemizing all actual time worked and wages earned by the FLSA

27    Collective Plaintiffs and prospective FLSA Collective Members.

28

1        Plaintiffs and FLSA Collective Members are similarly situated, have substantially similar job

2   requirements and pay provisions, and are subject to the Defendants' common practice, policy or plan

3   of refusing to pay overtime in violation of the FLSA and unlawfully characterizing certain FLSA

4   Collective Plaintiffs and FLSA Collective Members as exempt employees.

5   **75.**     Plaintiff's Claims for Relief for violations of the FLSA may be brought and maintained as an

6   "opt-in" collective action pursuant to Section 16(b) of the FLSA, for all claims asserted by the

7   Plaintiffs and the FLSA Collective Members (FLSA claims), because the claims of the Plaintiffs are

8   similar to the claims of the members of the prospective FLSA Collective Members.

9   **76.**     While the exact number of FLSA Collective Members is unknown to Plaintiffs at the present

10  time, based on information and belief, there are more than 1,000 such persons. Thus, a collective

11  action is the most efficient mechanism for resolution of the FLSA Collective Members' claims.

12  **77.**     The FLSA Collective Members, on behalf of whom Plaintiffs bring this "opt-in" collective

13  action, are similarly situated because they have been or are employed in the same or similar position

14  as individually-named Plaintiffs and were subject to the same or similar unlawful practices as the

15  individually-named Plaintiffs, as described above. The number and identity of other Plaintiffs yet to

16  opt-in and consent to be a Plaintiff may be determined from the records of 24 Hour Fitness, and

17  potential Plaintiffs may be notified of the pendency of this action utilizing the payroll records of 24

18  Hour Fitness. At all times during the FLSA Collective Period, all of the FLSA Collective Members

19  were employed in the same or similar job as the Plaintiffs and were paid in the same manner and

20  under the same standard employment procedures and practices as the Plaintiffs.

21  **78.**     During the FLSA Collective Period, Defendants were fully aware that the primary duties of

22  Plaintiffs and the FLSA Collective Members were inconsistent with exempt status, and that the FLSA

23  Collective Members were and are not exempt from the overtime provisions of the FLSA.

24  **79.**     The Defendants' violations of 29 U.S.C. §207(a) were repeated, willful and intentional.

25  **80.**     The Plaintiffs and the FLSA Collective Members have been damaged by said violations of 29

26  U.S.C. §207(a).

27  **81.**     Pursuant to 29 U.S.C. §207(a) and §216(b), Defendants are liable to the Plaintiffs and the

28  FLSA Collective Members for the full amount of all their unpaid wages, including, overtime

1   compensation, plus an additional equal amount as liquidated damages, plus the attorneys fees and

2   costs of the Plaintiffs and FLSA Collective Members who affirmatively "opt-in" to this collective

3   action.

4   **82.**    In addition, an action under 29 U.S.C. §216(b) is superior to other available methods for the

5   fair and efficient adjudication of this controversy since the damages suffered by individual members

6   of the FLSA Collective Action may be relatively small, and the expense and burden of individual

7   arbitrations would make it impossible for such FLSA Collective Members to individually redress the

8   wrongs done to them.

9   **83.**    Moreover, because of the similarity of the FLSA Collective Members' claims, individual

10   actions would present the risk of inconsistent adjudications subjecting both employees and Defendants

11   to incompatible standards of conduct.

12   **84.**    Plaintiffs are currently unaware of the identities of all the FLSA Collective Members.

13   Accordingly, Defendants should be required to provide to Plaintiffs a list of all persons employed by

14   Defendants as General Managers, Assistant General Managers, Fitness Managers, Assistant Fitness

15   Managers, Operations Managers, Assistant Operations Managers, Commission Sales Persons, and

16   Trainers since January 24, 2002, who did not timely file a Claim Form to participate in the class

17   action settlement in the *Boyce Litigation,* stating their last known addresses and telephone numbers, so

18   that Plaintiffs can provide such prospective FLSA Collective Members notice of the pendency of this

19   action and an opportunity to make an informed decision about whether to participate in it.

20                                **CLAIM FOR RELIEF**

21                         [Against Defendant 24 HOUR FITNESS]

22   (FLSA Claims, 29 U.S.C. §§201, *et seq.*, Brought by All Plaintiffs on Behalf of Themselves and All

23                              FLSA Collective Members)

24   **85.**    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 84 as if they were set

25   forth again herein.

26   **86.**    At all relevant times, 24 HOUR FITNESS has been, and continues to be, an "employer"

27   engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant

28

1 times, 24 HOUR FITNESS has employed, and continues to employ "employee[s]," including the

2 Plaintiffs and each of the FLSA Collective Members.

3 **87.** Defendants 24 HOUR FITNESS operates, and at all times during the liability period, has

4 operated health clubs in numerous states.

5 **88.** Each of the Plaintiffs identified in paragraphs 11 through 69 consents to sue in this action

6 pursuant to section 16(b) of the FLSA, 29 U.S.C. §216(b). Additional potential FLSA Collective

7 Members may execute and file forms consenting to "opt in" and joining as Plaintiffs in this collective

8 action.

9 **89.** The FLSA requires each covered employer, such as Defendant 24 HOUR FITNESS, to

10 compensate each of its non-exempt employees at a rate of not less than one and one-half the regular

11 rate of pay for work performed in excess of forty (40) hours in a work week.

12 **90.** Defendants have employed and continue to employ numerous General Managers, Fitness

13 Managers, Operations Managers, Assistant General Managers, Assistant Fitness Managers, Assistant

14 Operations Managers, Sales Counselors, Personal Trainers, Juice Bar Supervisors, Front Desk

15 Employees, Customer Relations Supervisors, Floor Supervisors and Group X Instructors, including

16 Plaintiffs to operate their health clubs.

17 **91.** Plaintiffs and FLSA Collective Members are not exempt from the right to receive minimum

18 wages and overtime pay under the FLSA and are not exempt from the requirement that 24 HOUR

19 FITNESS pay them overtime compensation under the FLSA. The FLSA Plaintiffs and FLSA

20 Collective Members are entitled to be paid overtime compensation for all overtime hours worked.

21 **92.** At all relevant times, 24 HOUR FITNESS had a policy and practice of failing and refusing to

22 pay minimum wages and overtime pay to its General Managers, Fitness Managers, Operations

23 Managers, Assistant General Managers, Assistant Fitness Managers, Assistant Operations Managers,

24 Sales Counselors, Personal Trainers, Juice Bar Supervisors, Front Desk Employees, Customer

25 Relations Supervisors, Floor Supervisors and Group X Instructors, for their hours worked in excess of

26 forty (40) hours per week, whether through the failure to provide any overtime pay, the denial of

27 premium pay for all overtime hours actually worked, and/or the failure to calculate and pay overtime

28 premiums according to law.

93.    As a result of 24 HOUR FITNESS's failure to compensate its General Managers, Fitness Managers, Operations Managers, Assistant General Managers, Assistant Fitness Managers, Assistant Operations Managers, Sales Counselors, Personal Trainers, Juice Bar Supervisors, Front Desk Employees, Customer Relations Supervisors, Floor Supervisors and Group X Instructors, including the Plaintiffs and FLSA Collective Members, for all minimum wages for hours worked and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a work week, 24 HOUR FITNESS has violated, and continues to violate, the FLSA, including 29 U.S.C. §§207(a)(1) and 215(a).

94.    As a result of 24 HOUR FITNESS's failure to record, report, credit, and/or compensate its General Managers, Fitness Managers, Operations Managers, Assistant General Managers, Assistant Fitness Managers, Assistant Operations Managers, Sales Counselors, Personal Trainers, Juice Bar Supervisors, Front Desk Employees, Customer Relations Supervisors, Floor Supervisors and Group X Instructors, including Plaintiffs and Nationwide FLSA Collective Members, 24 HOUR FITNESS has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and 215(a).

95.    The foregoing conduct, as alleged, constitute a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

96.    Plaintiffs, on behalf of themselves and FLSA Collective Members, seek damages in the amount of their respective unpaid overtime compensation, plus liquidated damages, as provided by the FLSA, 19 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

97.    Plaintiffs, on behalf of themselves and FLSA Collective Members, seek recovery of their attorneys' fees and costs of action to be paid by 24 HOUR FITNESS, as provided by the FLSA, 29 U.S.C. §216(b).

///

///

///

## SECOND CAUSE OF ACTION

### Declaratory Relief Against All Defendants

### (FRCP 23; FRCP 23(b)(1) and (b)(2))

98.    Plaintiffs incorporate by reference the allegations of paragraphs 1-97 herein above as though set forth in full at this point.

99.    Defendants drafted and published a provision in their Employee Handbook in effect during the applicable collective claims period referenced in this collective action, which provision purportedly required all disputes between employees and Defendants to be arbitrated.  Plaintiffs are informed and believe that 24 HOUR FITNESS did not provide any the Plaintiffs or the FLSA Collective Members the opportunity to exclude themselves from the arbitration provision.   Said arbitration provision provided as follows:

NATURE OF THE DISPUTE

If any dispute arises from or relates to your employment with 24 Hour Fitness or the termination of your employment, you and 24 Hour Fitness agree that you both will submit it exclusively to final arbitration.   Except for workers' compensation and unemployment insurance claims, the dispute includes every kind or type of dispute including, without limitation, any allegation of wrongful discharge, discrimination, harassment, unfair competition, or any injury to a party's physical, mental or economic interest.  Unless controlling legal authority requires otherwise, there shall be no right or authority for any dispute to be heard or arbitrated on a class action basis, as a private attorney general, or on a basis involving disputes brought in a purported representative capacity on behalf of the general public, provided, however, that any individual claim is subject to this agreement to arbitrate.  This means that a neutral arbitrator, rather than a court or jury, will decide the dispute.

CONTROLLING LAW

We agree to settle the dispute according to the provisions of the Federal Arbitration Act, 9 U.S.C. sections 1 – 16.  All disputes will be resolved by a <u>single</u> arbitrator.  The arbitrator shall be selected by mutual agreement of the parties.

**COMPLAINT**

100.   A controversy presently exists in that Plaintiffs maintain that the purported ban or prohibition on class actions, class arbitrations, and representative actions set forth in Defendants' arbitration provision does not apply to 29 U.S.C. §216(b) collective actions.  This collective  action is brought on behalf of current and former *employees* of Defendants in the states referenced herein above, and not on behalf of members of the general public.  Certain of the Plaintiffs requested Defendants to arbitrate their FLSA claims on a collective basis and Defendants have refused to do so.  Plaintiffs are informed and believe that Defendants contend that the purported ban on class actions, class arbitrations and representative actions brought on behalf of members of the general public extends to Section 216(b) collective actions.   Given this uncertainty of terms, the purported ban on or prohibition of class actions, class arbitrations, and representative actions is both procedurally and substantively unconscionable, and for that reason is unenforceable.

101.   A controversy presently exists in that Plaintiffs maintain that the purported ban or prohibition on class actions, class arbitrations, and representative actions brought on behalf of members of the general public is unenforceable because the phrase in the arbitration clause triggering the purported ban or prohibition on class actions, class arbitrations, and representative actions brought on behalf of members of the general public -- "Unless controlling legal authority requires otherwise" -- is uncertain and illusory.   Plaintiffs were unaware at the implementation of the purported ban or prohibition whether "controlling legal authority required otherwise" and therefore could not knowingly assent to the purported ban or prohibition on class actions, class arbitrations, and representative actions brought on behalf of members of the general public.

102.   A controversy presently exists in that Plaintiffs maintain that the purported ban or prohibition on class actions, class arbitrations, and representative actions on behalf of members of the general public is unenforceable because the arbitration provision is also vague and unconscionable, and therefore unenforceable, in that it purports to assert that neither party is responsible for the other attorneys' fees and costs of the other party, while later asserting that either party may recover attorneys' fees and costs "subject to any remedy to which a prevailing party may be entitled under the law." The arbitration provision then asserts again that each party will "bear its own its own expenses such as attorneys' fees and costs." This language is vague and ambiguous and as such, unenforceable

**COMPLAINT**

and biased against employees.  Under the provisions of the FLSA, employees are entitled to recover their attorneys' fees and costs.  The unclear and ambiguous language may cause employees to falsely believe that they will be liable to Defendants for Defendants' attorneys' fees and costs, while also causing employees to believe that they will not be able to recover their own attorneys' fees and costs, and discourage FLSA Collective Members from joining or "opting in" to this collective action because they are concerned that they may be liable for Defendants' attorneys fees and costs.  The portion of the arbitration provision hinders employees from pursuing their own rights via the arbitration provision and renders that portion of the arbitration provision unconscionable.  By this Court making a declaratory judgment at the commencement of this action that employees who join or "opt in" to this collective action are not liable for Defendants' attorneys' fees and costs it will allow potential FLSA Collective Members to make a reasoned decision about participating in this collective action.

103.    A controversy presently exists in that Plaintiffs maintain that the purported ban or prohibition on class actions, class arbitrations, and representative actions on behalf of members of the general public is unenforceable because the arbitration provision is also an uncertain term as the language in the arbitration clause providing for the payment of the costs of arbitration, provides as follows:  "If required by controlling law, 24 Hour Fitness will pay the fee for the arbitration proceeding. Otherwise, each party will equally bear the costs of arbitration."  This language is vague, ambiguous and illusory and requires Plaintiffs and FLSA Collective Members to have knowledge of the law on who pays the costs of an employee/employer arbitration; therefore, the arbitration clause is uncertain and therefore unenforceable as well as procedurally and substantively unconscionable and therefore unenforceable.

104.    Plaintiffs have no speedy or adequate remedy except through a declaratory relief action in which to assert the invalidity of the portions of the arbitration provision banning class actions, class arbitrations, and representative actions and potentially requiring employees to pay the Defendants' attorneys' fees and costs.  Further the law requires a competent court of civil jurisdiction to make a determination of the appropriateness of class or collective certification prior to any determination

1   whether the action may be subject to binding arbitration and this procedure cannot be completed in

2   any forum other than the District Court.

3                                   **PRAYER FOR RELIEF**

4   WHEREFORE, Plaintiffs on behalf of themselves and all members similarly situated pray for relief as

5   follows:

6   A.          Designation of this action as a collective action on behalf of the proposed FLSA Collective

7   Members asserting FLSA claims, with the exception of employees of Defendants whose claims are

8   the subject of a waiver in the *Boyce Litigation* and prompt issuance of notice pursuant to 29 U.S.C.

9   §216(b) to all similarly situated members of the FLSA Opt-In action, apprizing them of the pendency

10  of this action, and permitting them to assert timely FLSA claims in this action by filing individual

11  Consent to Sue forms pursuant to 29 U.S.C. §216(b), and a tolling of the statute of limitations on the

12  FLSA Collective Members' claims from the date of a tolling agreement entered into between 24 Hour

13  Fitness and certain employees in the *Boyce* litigation referenced in paragraph 73, above, until the

14  FLSA Collective Members are provided with reasonable notice of the pendency of this action and a

15  fair opportunity to exercise their right to opt in as Plaintiffs.

16  B.          Designation of Plaintiffs GABE BEAUPERTHUY, MICHAEL CHALMERS, ALEXIS

17  COVARRUBIAS, JOHN DAVIDSSON, LINDSAY D'ERRICO, BOBBY DESOTO, JASON A.

18  DIGENNARO, LAWRENCE O'NEILL DICKERSON, ANNE DILLON, NATHANIEL FENNELL,

19  KELLY FENNELLY, ANTOINETTE FIEDLER, COREY FOBES, PATRICK A. FREY, HEIDI

20  GABALSKI, DAVID L. GUY, NATHANIEL HOELK, GARRETT HOPKINS, GOREAL

21  HUDSON, DAVID KAIPI, QUIN KAPLAN, SEAN W. LEE, BRIAN HARRINGTON LEWIS,

22  KRISTOPHER MICHAEL MARTINO, MARCEL MATTHEWS, DANUAL MEYERS, JUDE M.

23  MONTOYA, JAMES EDWARD MOREY, JOHN NESMITH, ANDREW W. NEWCOMB,

24  BRANDON F. NEIL, JAMES L. OGDEN, STEVE ORRICO, ANNIE OSTOLASA, RYAN

25  PARKER, TIMOTHY F. PAUDLER, KYLE PHILLIPS, MATTHEW POPELKA, SABRINA

26  PRIESMAN, WILLIAM E. RAINALDO, JR, ALFRED RA'OOF, JAMES REED, DANIELLE

27  RELPH, MATTHEW REITER, ANTHONY ROMEO, CHAD V. RUF, ADAM SHERRILL, MARK

28  SLOMKA, EVAN SOOPER, KIMBERLY S. STRUBLE, REBECCA L. TOBIN, JOHN UDDEN,

JASON VALLEY, ADAM L. VEST, CHRISTOPHER VINCENT, MARK WHITE, DAVID WOOD, JOSHUA WOODSON as representatives of the Nationwide FLSA Collective Members.

C.       A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, 29 U.S.C §§201, *et seq.*

D.       An injunction against 24 HOUR FITNESS and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E.       An award of damages, including liquidated and exemplary damages and waiting time penalties and other statutory penalties to be paid by 24 HOUR FITNESS.

F.       A declaratory judgment that the arbitration clause purporting to ban or prohibit class actions, class arbitrations, and representative actions on behalf of members of the general public does not apply to a collective action brought by 29 U.S.C. §216(b).

G.       A declaratory judgment that the arbitration clause at issue is unenforceable.

H.       A declaratory judgment that the purported ban or prohibition on class actions, class arbitrations, and representative actions on behalf of members  of the general public contained in the arbitration clause at issue is unenforceable and/or procedurally and substantively unconscionable and therefore unenforceable.

I.       A declaratory judgment that the clause contained in the arbitration agreement providing for "each party will equally bear the costs of arbitration" is unenforceable and/or procedurally and substantively unconscionable and therefore unenforceable.

J.       Costs of action incurred herein, including reasonable attorneys' fees and expert fees;

K.       Pre-Judgment and post-Judgment interest, as provided by law; and

L.       Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.

1   DATED:   January 31, 2006

2

3         By

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DONAHOO & ASSSOCIATES
FOLEY BEZEK BEHLE & CURTIS, LLP

Thomas G. Foley, Jr.,
Attorneys for Plaintiffs On Behalf of Themselves
and All Others Similarly Situated as Specifically
Referenced Herein