UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABE BEAUPERTHUY, <u>et al</u>. on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>24 HOUR FITNESS USA, INC., a California corporation d/b/a 24 Hour Fitness; SPORT AND FITNESS CLUBS OF AMERICA, INC., a California corporation d/b/a 24 Hour Fitness,<br><br>           Defendants. | No. 06-715 SC<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION FOR A MORE DEFINITE <u>STATEMENT</u> |

**I.   INTRODUCTION**

Plaintiff Gabe Beauperthuy brought this action on behalf of himself and others similarly situated ("Plaintiffs") against Defendants 24 Hour Fitness USA, Inc. and Sport and Fitness Clubs of America, Inc. ("Defendants" or "24 Hour Fitness"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq</u>. ("FLSA").  Defendants now move for dismissal pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendants also move, in the alternative, for a more definite statement pursuant to FRCP 12(e).  Plaintiffs have also filed a motion to compel

arbitration that they assert the Court should consider only in the event that the Court grants Defendants' motion to dismiss. For the reasons set forth herein, Defendants' motion to dismiss is DENIED, Defendants' motion for a more definite statement is GRANTED, and Plaintiffs' motion to compel arbitration is VACATED.

## II. BACKGROUND

Plaintiffs formerly worked as Managers, Sales Counselors, and Trainers for 24 Hour Fitness, and in that capacity were treated as exempt from state and federal law mandating overtime compensation for hours worked in excess of a certain number per week. Complaint ¶¶ 6-7 ("Compl."). Plaintiffs claim that Defendants' decision to classify them as exempt employees was unlawful, and seek damages for unpaid overtime hours worked, as well as liquidated damages and attorneys' fees and costs. Compl. ¶ 8. Plaintiffs brought this action as a collective class under § 216(b) of the FLSA, although the Court has not yet received briefing or argument on the question of whether the putative class should be certified. Id. ¶ 6.

Defendants now move for an order dismissing this matter because, Defendants assert, each Plaintiff agreed to a provision in the employee handbook that provided that disputes of this nature would be settled via arbitration rather than in litigation before a court ("Arbitration Agreement"). See Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted at 6 ("Defs.' Mot."). Defendants contend that because the Arbitration Agreement is mandatory and no grounds exist under applicable state law to invalidate it, Plaintiffs' claims must be

2

dismissed. Id. at 6-7. In the alternative, Defendants move for a more definite statement pursuant to FRCP 12(e). Plaintiffs have opposed Defendants' motion to dismiss, but do not appear to oppose the alternative motion for a more definite statement.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. Dismissal of an action pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In reviewing the motion, a court must assume all factual allegations to be true and construe them in the light most favorable to the nonmoving party. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 590 (9th Cir. 1993). Nevertheless, a complaint must be based on more than "[c]onclusory allegations of law and unwarranted inferences" in order to defeat a motion for dismissal. Parino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1999), quoting In re VeriFone Sec. Litig., 11 F.3d 865, 868 (9th Cir. 1993).

### IV. DISCUSSION

Although a party seeking to enforce an agreement to arbitrate typically does so by filing a motion to compel arbitration, courts have recognized that a party may choose instead to bring a motion to dismiss under FRCP 12(b)(6). See Sparling v. Hoffman Construction Co. Inc., 864 F. 2d 635, 637-38 (9th Cir. 1988). In this case, 24 Hour Fitness has moved for dismissal, because,

3

1   Defendants assert, arbitration on a collective class basis is
2   expressly disallowed by the Arbitration Agreement.  See Defs.'
3   Mot. at 10.
4        The parties agree that the Arbitration Agreement provides
5   that:

> Unless controlling legal authority requires otherwise, there shall be no right or authority for any dispute to be heard or arbitrated on a class action basis, as a private attorney general, or on a basis involving disputes brought in a purported representative capacity on behalf of the general public, provided, however, that any individual claim is subject to this agreement to arbitrate.

Id. at 7; Compl. ¶ 99.  However, the parties vigorously dispute whether "class action basis" as used in the Arbitration Agreement is only meant to cover class actions brought under FRCP 23, or whether it extends to collective actions brought under FLSA § 216(b).  That question, however, is one of contract interpretation and is therefore not for this Court to decide.  See Green Tree Financial v. Bazzle, 539 U.S. 444, 447 (2003).  Rather, if the Arbitration Agreement is valid and enforceable, the question of whether Plaintiffs can proceed with arbitration as a collective action will be determined by the arbitrator.  Id.

   On a motion to dismiss, the Court is charged only with examining the legal sufficiency of the allegations. In this respect, the Court is satisfied that Plaintiffs have properly alleged a claim upon which relief can be granted, and have also set forth potentially valid defenses to enforcement of the Arbitration Agreement.  For example, Plaintiffs have alleged that the Arbitration Agreements are unenforceable because they are

4

procedurally and substantively unconscionable, and have also averred that, even if enforceable, Defendants waived their right to compel arbitration. See Compl. ¶¶ 100-103; Plaintiffs' Opposition to Defendants' Motion to Dismiss at 23 ("Pls.' Opp."). Resolution of Plaintiffs' arguments concerning the enforceability of the Arbitration Agreement will require an examination of the facts surrounding formation of the contract against the governing state law, see Alexander v. Anthony Intern. L.P., 341 F.3d 256, 264 (3d Cir. 2003), and resolution of Plaintiffs' argument with respect to Defendants' purported waiver of the right to arbitrate necessarily implicates an inquiry into the conduct of the parties and any prejudice that may flow therefrom. See Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000).

Whether Plaintiffs' defenses to enforcement of the Arbitration Agreement hold up under scrutiny is a matter for another day; at this point, the Court finds that Plaintiffs have carried their burden of demonstrating that they may be able to prove some set of facts that will entitle them to relief in this forum. Defendants had the option of bringing a motion to compel arbitration - indeed, the record demonstrates that Plaintiffs consistently sought to arbitrate these claims - and given the allegations in the pleadings along with the Supreme Court's decision in Green Tree Financial, it is puzzling that they elected instead to proceed with the instant motion. Regardless, the legal standard governing motions brought under FRCP 12(b)(6) makes clear that where, as here, Plaintiffs have alleged a viable claim and

5

have asserted defenses to enforcement of the very agreement that Defendants claim prevents Plaintiffs from obtaining relief in this forum, the Court is bound to deny a motion to dismiss. Cf. Germaine Music v. Universal Songs of Polygram, 275 F. Supp. 2d 1288, 1299 (D. Nev. 2003) (finding dismissal appropriate where it was clear that plaintiff could prove no set of facts in support of his claim that the court was the proper forum for resolution of his claim).

With respect to Defendants' motion for a more definite statement, the Court finds that Defendants have set forth compelling reasons for obtaining clarification under FRCP 12(e). Specifically, with respect to Plaintiffs who claim to have been employed in more than one state, the Court finds that Defendants are entitled to a statement delineating which state each Plaintiff was working in when he or she agreed to the terms of the employee handbook, including the Arbitration Agreement.[1]

Finally, because Plaintiffs have asked the Court to consider their petition to compel arbitration only in the event that the Court grants Defendants' motion to dismiss, the Court will not consider Plaintiffs' petition.

//
//
//
//

---

[1] Plaintiffs claim to have worked at Defendants' facilities in Nevada, Washington, Colorado, Idaho, Kansas, California, Missouri, Oregon, Nebraska, Tennessee, Montana, and Utah. Id. ¶¶ 11-68.

6

**V.     CONCLUSION**

In light of the foregoing, Defendants' motion to dismiss for failure to state a claim upon which relief can be granted is DENIED.  Defendants' motion for a more definite statement is GRANTED.  Plaintiffs' motion to compel arbitration is VACATED.

IT IS SO ORDERED.

April 11, 2006                                    _____

UNITED STATES DISTRICT JUDGE

7