United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABE BEAUPERTHUY, et al. on behalf ) No. 06-0715 SC
of themselves and all others )
similarly situated, )
                                    )
            Plaintiffs,             ) ORDER DENYING MOTION
                                    ) TO REQUIRE AMENDMENT
    v.                              ) OF PLEADINGS BY
                                    ) PLAINTIFFS
                                    )
24 HOUR FITNESS USA, INC., a        )
California corporation d/b/a 24     )
Hour Fitness; SPORT AND FITNESS     )
CLUBS OF AMERICA, INC., a           )
California corporation d/b/a 24     )
Hour Fitness,                       )
                                    )
            Defendants.             )
                                    )

    Plaintiffs Gabe Beauperthuy and others brought this action on behalf of themselves and others similarly situated ("Plaintiffs") against Defendants 24 Hour Fitness USA, Inc. and Sport and Fitness Clubs of America, Inc. ("Defendants" or "24 Hour Fitness"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").  See First Amended Complaint ("FAC"). Plaintiffs, additionally, seek declaratory relief  under Federal Rule of Civil Procedure 23 ("FRCP") defining the scope and validity of the arbitration agreement published in Defendants' employee handbook ("Arbitration Agreement").  Id.  Before the Court is Defendants' Motion for an Order Requiring Plaintiffs to

Amend their Pleadings.  For the reasons stated herein, the Motion is hereby DENIED.  The Court further HOLDS that Defendants have WAIVED their right to compel arbitration and are therefore BARRED from making any argument on the basis of that right.

I.   **BACKGROUND**

The Court's April 11, 2006 Order Denying Defendants' Motion to Dismiss and Granting Defendants' Motion for a Definite Statement discussed the substance of the underlying dispute between the parties, familiarity with it is assumed.  It is necessary, however, to discuss the convoluted and lengthy procedural history of the dispute between the parties.

The first attempt at adjudication of the dispute appears to have been an action filed on October 29, 2003 in the Southern District of California, Boyce v. Sports and Fitness Clubs of America, No. 03-CV-214 (S.D. Cal.), alleging various violations of California and federal law.  See Declaration of Thomas G. Foley, filed March 17, 2006 ("Foley Decl."), Ex. 1.  The action was brought as a "class action" under both the FLSA and Rule 23.  Id. at 3.  The description of the plaintiffs in the complaint's caption reads "Robert L. Boyce, Jr. and Stephanie Shelter, individuals for themselves, on behalf of all others similarly situated and on behalf of the general public."  Id. at 1.

But approximately six months later, on July 2, 2004, a group of 24 Hour Fitness employees, which, according to Plaintiffs' Opposition, consisted of some of the same plaintiffs in Boyce and is coextensive with Plaintiffs in the instant action, initiated an

2

1  arbitration at the American Arbitration Association ("AAA").
2  (<u>Allen et al. v. Sport and Fitness Clubs of America, et al.</u> (AAA
3  Case No. 11-160-03041-04)).  <u>See</u> Plaintiffs' Memorandum of Points
4  and Authorities in Opposition to Defendants' Motion for Order to
5  Require Plaintiffs to Amend the Pleadings ("Plaintiffs'
6  Opposition"); Foley Decl., Ex. 4.  According to a motion to
7  intervene and stay filed by the <u>Allen</u> claimants in the <u>Boyce</u>
8  action, the AAA's ultimate decision to conduct the <u>Allen</u>
9  arbitration was the result of a motion filed in state court by 24
10 Hour Fitness.  <u>See</u> <u>id.</u>  However, soon after filing that motion, 24
11 Hour Fitness filed another motion in the same court to have the
12 <u>Allen</u> arbitration stayed, and opposed the <u>Allen</u> claimants' motion
13 to intervene and stay in the <u>Boyce</u> proceedings.  <u>See</u> <u>id.</u>  In their
14 papers filed in opposition to the latter motion, 24 Hour Fitness
15 stated:  "Just as the parties to the Court Actions had a right to
16 enter into a voluntary contractual agreement to arbitrate in the
17 first place, they continue to have the right to choose a different
18 forum to win approval of their settlement."  <u>Id.</u>, Ex. 5.
19 Ultimately, the <u>Boyce</u> court denied the <u>Allen</u> claimants' motion and
20 the <u>Boyce</u> action was settled.  <u>Id.</u>, Ex. 8.
21     The <u>Allen</u> claimants continued to pursue the AAA arbitration,
22 filing an amended statement of claim.  <u>See</u> <u>id.</u>,Ex. 9.  But, in the
23 face of 24 Hour Fitness's refusal to consent to arbitration of the
24 FLSA collective claim (which was added in the amended statement of
25 claim), the arbitrator dismissed without prejudice that part of
26 the amended claim.  <u>Id.</u>, Ex. 12.  The arbitrator did so,
27 specifically, on the grounds that the proceedings before him had
28

1  been initiated pursuant to an ad hoc agreement between the
2  parties, and agreement had only referred to individual and class
3  action claims by the claimants, not to any collective claim under
4  the FLSA. Id. Thus, in light of 24 Hour Fitness' stated
5  opposition to the arbitrator hearing the collective claim, he
6  lacked the authority to hear it. Id.

7  In making this ruling, the arbitrator expressly declined to
8  address whether certain terms of the underlying Arbitration
9  Agreement between the parties would have, on their own, prevented
10 the arbitrator from hearing claimants' collective claim. Id. The
11 terms in question state: "Unless legal authority requires
12 otherwise, there shall be no right or authority for any dispute to
13 be heard or arbitrated on a class action basis, as a private
14 attorney general, or on a basis involving disputes brought in a
15 purported representative capacity on behalf of the general public,
16 provided, however, that any individual claim is subject to this
17 agreement to arbitrate." FAC at 26.

18 Following the arbitrator's decision, Plaintiffs' counsel,
19 representing a group that appears to contain all or some of the
20 Allen claimants and be coextensive with Plaintiffs, see
21 Plaintiffs' Opposition at 6,on October 13, 2005, requested that 24
22 Hour Fitness consent to arbitration of their collective claim.
23 See Foley Decl., Ex. 13. 24 Hour Fitness responded, initially,
24 with two requests for additional information; Plaintiffs' counsel
25 answered and reiterated their request for arbitration. See id.,
26 Exs. 14-19. Finally, in an email from Defendants' counsel dated
27 January 23, 2006, Defendants refused Plaintiffs request to consent

4

to arbitration, stating that Plaintiffs' collective claim was a class action claim, which "are impermissible under the arbitration you seek to enforce," and that the provision in the arbitration agreement which so provides "is not unconscionable." Id., Ex. 20.

In response, on February 1, 2006, Plaintiffs filed the instant action in this Court. See Docket No. 1. Defendants responded with a motion to dismiss. The motion argued that Plaintiffs' FLSA collective claim should be dismissed on the grounds that agreements to arbitrate exist between the parties, and that Plaintiffs' Rule 23 claim seeking invalidation of the anti-class action provision of arbitration agreement should be dismissed for various reasons. See Defendants' Motion to Dismiss. Defendants, however, explicitly declined to request the Court compel arbitration, arguing that if the Court did so, it would be "highly inconvenient for the parties." Id. at 22. Rather, Defendants suggested, the Court should dismiss Plaintiffs' FLSA collective claim and Rule 23 class action claim, and each Plaintiff should individually compel arbitration. Id. at 23.

The Court denied Defendants' motion to dismiss but granted Defendants' alternative motion for a more definite statement. See Order Denying Defendants' Motion to Dismiss ("Order Denying Defendants' Motion"). In its Order, the Court noted that the vigorous dispute between the parties over whether Plaintiffs' FLSA collective claim was covered by the Arbitration Agreement's prohibition of class actions was a matter of contract interpretation. Id. at 4. Such a question, assuming the Arbitration Agreement was valid and enforceable, should be

5

1  determined by an arbitrator rather than the Court. Id. at 4
2  (citing Green Tree Financial v. Bazzle, 539 U.S. 444, 447 (2000).
3  The Court further noted that "Plaintiffs had consistently sought
4  to arbitrate these claims." Id. at 5.  Thus, it was "puzzling,"
5  in light of the law articulated in Green Tree Financial, that
6  Defendants would choose to make a motion to dismiss, which was
7  clearly barred by Plaintiffs' colorable arguments against the
8  enforceability of the Arbitration Agreement, instead of compelling
9  arbitration. Id. at 5-6.
10      On June 16, 2006, a status conference was held before the
11 Court.  Following the conference, the Court ordered the "[p]arties
12 to either file a Motion to Compel Arbitration or a Motion to
13 Certify the Class."  Docket No. 42.  The Order further granted
14 "Plaintiffs' request to proceed with limited discovery for the
15 Class Certification Motion." Id.  On November 17, 2006,
16 Defendants filed the instant motion, again explicitly declining to
17 request the Court compel arbitration. See Defendants' Motion at
18 23.  Plaintiffs have noticed their intent to file a motion for
19 preliminary certification of collective action, which will be
20 heard on January 12, 2007.

22 **II.  DISCUSSION**
23      A.   Defendants' Rule 23(d)(4) Motion is Not Ripe
24      Defendants' Rule 23(d)(4) motion is an improper attempt to
25 argue against class certification before the motion for class
26 certification has been made and while discovery regarding class
27 certification is not yet complete.  Rule 23(d)(4) reads:

(left margin) United States District Court / For the Northern District of California

> Orders in the Conduct of Actions.  In the Conduct of actions to which this rule applies, the court may make appropriate orders: . . . (4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly.

Fed. R. Civ. P. 23(d)(4).  Rule 23 applies to <u>class actions</u>.  <u>See</u> Fed. R. Civ. P. 23.  As the Court has yet to address whether the part of Plaintiffs' action brought under Rule 23 may proceed as a class action, Rule 23(d)(4) has no application to the present situation before it.  <u>See</u> Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1795.

An examination under Rule 23(c) whether to certify a class is "procedurally inseparable" from a determination under Rule 23(d)(4) whether the Court, on the basis of that examination, should require an amendment of the pleadings.  <u>Id.</u>  Indeed, the bulk of Defendants' arguments in favor of its Motion are actually arguments against class certification.  <u>See</u> Defendants' Motion and Reply.  It would be improper to allow Defendants to slip through the backdoor what is essentially an opposition to a motion for class certification before Plaintiffs have made such a motion and when discovery on the issue is still on-going.[1]

---

[1] The cases which Defendants purport to cite for the contrary conclusion are unavailing.  <u>See</u> Defendants' Reply at 3.  <u>Kamm v. California City Development Co.</u>, the only cited authority binding on the Court, in the first place, deals with an order based on Rule 23(c) and Rule 23(d)(4), and, in the second place, its result turned on the existence of a parallel action in state court and thus the "superiority" of a class action, as opposed to the constitution of the class, as does Defendants' Motion.  509 F.2d 205 (9th Cir. 1975).  The other cited cases address situations in very different procedural postures than this case, i.e. when the issue of class certification was already independently before the court, and thus the issue of any Rule 23(d)(4) amendment was ripe.  <u>See</u>, <u>e.g.</u>, <u>Barbin v. Aramark Corp.</u>, 210 F.R.D. 152 (E.D. Pa. 2002)

7

B.  Defendants' Prayer to the Court Regarding Plaintiffs' FLSA Collective Action is Without Basis and Not Ripe

As an initial matter, Defendants' prayer to the Court that it require Plaintiffs to amend the FLSA collective action portion of their pleadings is without basis in the law. It is well established that FLSA collective actions and Rule 23 class actions are "mutually exclusive," and, as so, provisions of Rule 23 do not apply to FLSA collective actions. <u>Kinney Shoe Corp. v. Vorhes</u>, 564 F.2d 859, 862-63 (9th Cir. 1977) <u>overruled on other grounds</u>. Thus, while the portion of Defendants' motion which addresses Plaintiffs' Rule 23 claim could theoretically be brought before the Court under Rule 23(d)(4), the portion dealing with Plaintiffs' FLSA collective action claim could not. Defendants have not offered the Court, and the Court is not aware of, any other authority under which Defendants' motion regarding Plaintiffs' FLSA collective could be brought. Rather, Defendants' arguments regarding Plaintiffs' FLSA collective claim (like its arguments regarding Plaintiffs' Rule 23 claims) are made in theoretical opposition to a motion for certification of the FLSA collective that has not yet been made. They are, thus unripe and without basis in the law.

C.  <u>Defendants have Waived any Right to Compel Arbitration and are Barred from Making Arguments Based on this Right</u>

As the Court noted in its order denying Defendants' motion to

---

<u>aff'd</u> 2003 W.L. 355417 (3rd Cir. 2003)(simultaneous motions to certify class Rule 23(b) and compel amendment of pleadings under Rule 23(d)(4)); <u>Cohn v. Massachusetts Mutual</u>, 189 F.R.D. 209 (D. Conn. 1999) (<u>sua sponte</u> Rule 23(d)(4) order after denial of plaintiffs' Rule 23(b) motion to certify class); <u>Kingsepp v. Wesleyan Univ.</u>, 142 F.R.D. 597 (S.D.N.Y. 1992) (same).

8

1  dismiss, whether the Arbitration Agreement forecloses arbitration
2  of the FLSA collective claim is a matter of interpretation which
3  should be determined by an arbitrator as opposed to the Court.
4  See Order Denying Defendants' Motion at 4.  However, the Court
5  cannot, sua sponte, order parties to arbitration.  Rather, because
6  the duty to arbitrate arises pursuant to the operation of a
7  contract, as opposed to the operation of the law, "the right to
8  arbitration may be waived or modified by the parties," depriving
9  the Court of the authority to order arbitration even if it would
10 rather do so.  Wren v. Sletten Construction Co., 654 F.2d 529, 537
11 (9th Cir. 1981).  Defendants have consistently acted in a manner
12 inconsistent with an intent to utilize their right to arbitrate,
13 and have done so in a manner which has clearly prejudiced
14 Plaintiffs.  The Court, therefore, in the interest of justice and
15 efficient resolution of the parties' disputes hereby finds that
16 Defendants have waived their right to compel arbitration and are
17 thus barred from making any arguments on the basis of such a
18 right.
19      The Ninth Circuit has laid out a three-part test to determine
20 whether a party has, by their actions, waived their right to
21 compel arbitration:

> A party seeking to prove waiver of a right to arbitrate must demonstrate (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.

25 Brown v. Dillard's, Inc., 430 F.3d 1004, 1012 (9th Cir. 2005).
26      All of these conditions are met. It is unquestionable that
27 Defendants know of their right to arbitrate.  Plaintiffs have

repeatedly requested that Defendants arbitrate their dispute. Defendants accepted once, only to soon thereafter stymie the process, and subsequently have consistently refused to consent to arbitration. See supra Background.  In turn, these consistent refusals, along with Defendants consistent explicit refusal to request the Court compel arbitration, constitute conduct inconsistent with such a right. See id.

Finally, Plaintiffs have proven they were prejudiced by the acts of Defendants which were inconsistent with Defendants' right to compel arbitration.  The Ninth Circuit has explicitly recognized that "delay and costs incurred" by a party whose initial attempts to initiate arbitration were rebuffed qualify as "prejudicial for the purpose of waiver analysis." Dillard's, 430 F.3d at 1013.  Very similar to the plaintiff in Dillard's, Plaintiffs came before this Court only after unsuccessfully pursuing Defendants' consent to arbitration for over a year and a half. See supra Background; Dillard's, 430 F.3d at 1008-09.  In addition, since filing this action, Plaintiffs have been forced to deal with Defendants' confusing, contradictory, and time-consuming strategic maneuvering purportedly based on the Arbitration Agreement but which involve simultaneous explicit refusals to compel arbitration.  See supra Background.  The unnecessary delay and expense this has caused has affected not only Plaintiffs but also the various courts and arbitration institutions which have been involved.  The Court, therefore, has "no trouble concluding" that Defendants have waived any right to compel arbitration and thus also their right to make any arguments on the basis of such a

1  right.  Dillard's, 430 F.3d at 1013.

### III. CONCLUSION

For the foregoing reasons Defendants' Motion for an Order Requiring Plaintiffs to Amend their Pleadings is DENIED.  It is further HELD that Defendants have WAIVED their right to compel arbitration and are, consequently, BARRED from making any arguments on the basis of the existence of such a right.

IT IS SO ORDERED.

November 28, 2006           _____

UNITED STATES DISTRICT JUDGE

11