United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABE BEAUPERTHUY, et al. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>24 HOUR FITNESS USA, INC., a California corporation d/b/a 24 Hour Fitness; SPORT AND FITNESS CLUBS OF AMERICA, INC., a California corporation d/b/a 24 Hour Fitness,<br><br>Defendants. | No. 06-0715 SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR FACILITATED NOTICE PURSUANT TO 29 U.S.C. § 216(b) |

## I.   **INTRODUCTION**

Before the Court is a Motion by Plaintiffs Gabe Beauperthuy et al. ("Plaintiffs") for Facilitated Notice Pursuant to 29 U.S.C. § 216(b).  The Motion seeks conditional certification of a Fair Labor Standards Act (FLSA) collective action, a tolling of the applicable statute of limitations, approval of their proposed opt-in notice form, and an order granting them limited related discovery.  Defendants 24 Hour Fitness USA, Inc. et al. ("24 Hour Fitness" or "Defendants") have opposed the Motion.  For the following reasons, the Motion is GRANTED in part and DENIED in part.

**II. BACKGROUND**

The Court's April 11, 2006 Order Denying Defendants' Motion to Dismiss and Granting Defendants' Motion for a More Definite Statement discussed the substance of the underlying dispute between the parties. Familiarity with it is assumed. The following, in part, reiterates the Background section of the Court's Order Denying Defendants' Motion to Require Amendment of Pleadings by Plaintiff.

This case first came before the Court on February 1, 2006. See Docket No. 1. However, two prior related actions, one initiated in 2003 and the other in 2004, are relevant to the resolution of the instant motion.

Boyce Federal Action

The first of the related actions was a case filed on October 29, 2003 in the Southern District of California, <u>Boyce v. Sports and Fitness Clubs of America</u>, No. 03-CV-2140 (S.D. Cal.), alleging various violations of California and federal law ("<u>Boyce</u>"). See <u>Boyce</u> Docket No. 1.[1]  <u>Boyce</u> was brought as a "class action" under both the FLSA and Federal Rule of Civil Procedure 23. Id. at 3. The caption of the complaint lists as plaintiffs "Robert L. Boyce, Jr. and Stephanie Shelter, individuals for themselves, on behalf of all others similarly situated and on behalf of the general

---

[1] The Court hereby takes judicial notice of the filings and orders in the <u>Boyce</u> action. Citations to these filings and orders will be in the following form: "<u>Boyce</u> Docket No. ##." According to a declaration filed in <u>Boyce</u> by counsel for Plaintiffs in the instant action, the first filed complaint in the consolidated action which became <u>Boyce</u> was <u>Levine et al. v. 24 Hour Fitness USA, Inc., et al.</u>, No. 02CC00386 filed in the Orange County Superior Court on December 31, 2002. See <u>Boyce</u> Docket No. 104, ¶ 29.

1  public."  Id. at 1.

2       On October 13, 2004, the Boyce plaintiffs filed a motion for
3  conditional certification of an FLSA collective.  See Boyce Docket
4  No. 49.  The Boyce motion for conditional certification contains
5  roughly the same allegations as Plaintiffs' instant Motion and
6  seeks to cover roughly the same persons.  See id.; Motion.  The
7  important difference between the two is that the instant Motion
8  seeks certification of a class limited to qualifying persons
9  employed by 24 Hour Fitness not in California, see Motion, while
10 the Boyce motion contains no such geographic limitation.  See
11 Boyce Docket No. 49.  The Boyce court never ruled on the motion
12 for conditional certification because the plaintiffs withdrew the
13 motion before a ruling after reaching settlement with 24 Hour
14 Fitness.  See Boyce Docket No. 83.  Circumstances surrounding the
15 settlement of the Boyce action and the terms of the settlement are
16 discussed below.

                      Allen Arbitration - Part 1

18      On July 2, 2004, approximately six months after the complaint
19 in Boyce was filed, another group of 24 Hour Fitness employees
20 initiated a "class action" arbitration against 24 Hour Fitness at
21 the American Arbitration Association ("AAA"), titled Allen et al.
22 v. Sport and Fitness Clubs of America, et al. (AAA Case No. 11-
23 160-03041-04), alleging violations of the California Labor Code
24 ("Allen").  See Foley Decl., Ex. 4.  According to Plaintiffs'
25 Opposition to Defendants' More Motion for a Definite Statement,
26 the Allen claimants are coextensive with Plaintiffs in the instant
27 action, and were represented by the same counsel.  See Opposition

to Defendants' Motion for a Definite Statement.

After its initiation, the Allen matter bounced between the AAA and the Los Angeles Superior Court for over a year. The AAA initially refused to hear the matter because it has a policy against hearing class actions without a court order appointing them to do so. In response, on November 4, 2004, 24 Hour Fitness filed a petition in Superior Court to compel arbitration with certain putative members of the class, on an individual basis. See Defendants' Request for Judicial Notice ("DRJN"), Ex. A. The Superior Court granted the petition on December 17, 2004. See id., Ex. B.

### Boyce Settlement Mediation

Soon after the Superior Court issued its ruling compelling arbitration with certain Allen claimants on an individual basis, a mediation was held to settle the Boyce matter, to which 24 Hour Fitness invited both the attorneys for the Boyce plaintiffs ("Boyce Attorneys") and the attorneys for the Allen claimants, and now Plaintiffs ("Allen Attorneys"). See Boyce Docket No. 104. The result appears to have been a situation wherein the Boyce Attorneys and the Allen Attorneys fought one another for the attentions of 24 Hour Fitness; the Boyce Attorneys ultimately prevailed. See Id.

According to the Allen Attorneys, on December 17, 2004, 24 Hour Fitness invited both sets of attorneys to a settlement mediation scheduled for January 18 and 19, 2005 in San Francisco. Id., ¶ 10. The Allen Attorneys agreed to attend only after 24 Hour partially mitigated their initial objection to attending on

4

the grounds that they had inadequate information from which to properly make damages evaluations for settlement. Id., ¶ 12. However, once the Allen Attorneys arrived, they were excluded from the mediation sessions, apparently because of opposition to their attendance on the part of the Boyce Attorneys. Id., ¶¶ 13.

Undeterred, and apparently with assurances from 24 Hour Fitness that they would be allowed some sort of participation, the Allen Attorneys continued to "hang out" at the mediation site for four days, but were never allowed to participate in the mediation. Id., ¶¶ 13-16. At one point on the fourth day, January 21, 2004, the Allen Attorneys and Boyce Attorneys discussed cooperating but could not reach an agreement, particularly as it related to fees. Id., ¶ 17. Finally, at one point that day, counsel for 24 Hour Fitness informed the Allen Attorneys he was making progress negotiating a settlement with the Boyce Attorneys, and that the Allen Attorneys' "presence was no longer necessary." Id., ¶ 20.

### Allen Arbitration Part 2

On January 20, 2005, the Allen claimants, in apparent response to their exclusion from the settlement mediation, submitted a Second Amended Statement of Claim to the AAA which added collective claims under the FLSA. See Foley Decl., Ex. 9. On March 1, 2005, 24 Hour Fitness responded by filing a motion in Superior Court to stay the Allen arbitration. See Boyce Docket No. 104, Ex. 9. The motion argued the Allen arbitration should be stayed because the pending settlement of the Boyce action "would provide a remedy to the very classes [the Allen claimants] now purport to represent." Boyce Docket No. 104, Ex. 9. On March 9,

5

2005, the Superior Court denied the motion. See id., Ex. 11.

## Final Settlement of the Boyce Litigation

On April 22, 2005, 24 Hour Fitness and the plaintiffs in Boyce submitted a joint application for approval of settlement. See Boyce Docket No. 84. The application proposed dividing a total of $38 million between four classes of 24 Hour Fitness' current and former employees in the following manner: "$12.4 million to the Managers Class, $4.6 million to the Commission Class, $1.5 million to the Uniform Class, and $19.5 million to the Hourly Class." Id. at 8. Membership in all four classes was limited to persons who were working in qualifying positions for 24 Hour Fitness "in the state of California," during designated periods. Id. at 9, 10, 11 (emphasis added).[2] The designated periods were: for the Managers Class, December 31, 1998 through date of the order approving the settlement, id. at 9.; for the Commission class, the same, id.; for the Uniform Class, May 11, 2000 through date of the order approving the settlement, id. at 10; for the Hourly Class, October 29, 1999 through date of the order approving the settlement. Id. at 11.

On May 19, 2005, the Allen claimants made a motion in the Boyce action to stay the action pending arbitration or in the alternative to intervene. See Boyce Docket No. 103. The motion was based almost entirely on the grounds that approving the proposed settlement would infringe on the Allen claimants' right

---

[2] The proposed settlement agreement also included settlement, on an individual basis, of four non-California employees who had already joined the Boyce action. See Boyce Docket No. 85 at 26.

6

1  to resolve their claim against 24 Hour Fitness through
2  arbitration.  See id.
3       On October 31, 2005, the Boyce court denied the Allen
4  claimants' motion to stay or intervene, see Boyce Docket No. 181,
5  and conditionally approved the proposed settlement as described
6  above.  See Boyce Docket No. 180.  On January 24, 2006, the court
7  issued its final approval of the settlement.  See Boyce Docket No.
8  204.

### Allen Arbitration Part 3

10      During the period in which the Boyce settlement made its way
11 towards final approval, the Allen arbitration stumbled along.
12      On April 13, 2005, the AAA ruled that a provision in the
13 Arbitration Agreement purporting to forbid arbitration of class
14 claims was unconsionable.  See Lederman Decl., Ex. A.  24 Hour
15 Fitness successfully petitioned the Superior Court to vacate this
16 ruling.  See Defendants' Request for Judicial Notice, Ex. C.  In
17 the face of this ruling and 24 Hour Fitness's refusal to consent
18 to arbitration of Plaintiffs' FLSA collective claim, on September
19 19, 2005, the arbitrator dismissed without prejudice the FLSA
20 portion of Plaintiffs' amended claim.  See Foley Decl., Ex. 12.
21 The arbitrator did so, specifically, on the grounds that the
22 proceedings before him had been initiated pursuant to an ad hoc
23 agreement between the parties which had only referred to
24 individual and class action claims by the claimants, not to any
25 collective claim under the FLSA.  Id.
26      Following the arbitrator's decision, the attorney for the
27 Allen claimants requested that 24 Hour Fitness consent to

arbitration of their collective claim.  See Foley Decl., Ex. 13. 24 Hour Fitness initially responded with requests for additional information.  See id., Exs. 14-19.  Then, in an email from Defendants' counsel dated January 23, 2006, 24 Hour Fitness refused the request, stating that Plaintiffs' collective claim was a class action claim, which "are impermissible under the arbitration you seek to enforce," and that the provision in the arbitration agreement which so provides "is not unconscionable."  Id., Ex. 20.

### Instant Action

On February 1, 2006, Plaintiffs filed the instant action. See Docket No. 1.  The Complaint roughly mimics the complaint in Boyce, but its FLSA collective claims specifically exclude from their coverage the claims of any 24 Hour Fitness employee whose claim was subject to the release of claims in Boyce or various other related actions which are listed.  Id. at 19.  In light of the settlement terms in Boyce, the collective class proposed by the Complaint is one comprised of certain persons who have worked for 24 Hour Fitness in states other than California.  See id.; Boyce Docket No. 84.

24 Hour Fitness filed a motion to dismiss on February 21, 2006, which argued principally that Plaintiffs' FLSA collective claim should be dismissed on the grounds that agreements to arbitrate exist between the parties.  See Defendants' Motion to Dismiss.  Defendants, however, explicitly declined to request the Court to compel arbitration, arguing that if the Court did so, it would be "highly inconvenient for the parties."  Id. at 22.

8

1  Rather, Defendants suggested, the Court should dismiss Plaintiffs'
2  FLSA collective claim and Rule 23 class action claim, and each
3  Plaintiff should individually compel arbitration. Id. at 23.
4      The Court denied Defendants' motion to dismiss but granted
5  Defendants' alternative motion for a more definite statement. See
6  Order Denying Defendants' Motion to Dismiss ("Order Denying
7  Defendants' Motion"). In its Order, the Court noted that
8  "Plaintiffs had consistently sought to arbitrate these claims."
9  Id. at 5. Thus, it was "puzzling," in light of the law, that
10 24 Hour Fitness would choose to make a motion to dismiss, which
11 was clearly barred by Plaintiffs' colorable arguments against the
12 enforceability of the Arbitration Agreement, instead of compelling
13 arbitration. Id. at 5-6.
14     On June 16, 2006, a status conference was held before the
15 Court. Following the conference, the Court ordered the "[p]arties
16 to either file a Motion to Compel Arbitration or a Motion to
17 Certify the Class." Docket No. 42. The Order further granted
18 "Plaintiffs' request to proceed with limited discovery for the
19 Class Certification Motion." Id.
20     On November 28, 2006, this Court denied a motion by 24 Hour
21 Fitness for an order requiring Plaintiffs to amend their
22 pleadings. See Docket No. 66. In this Order, the Court further
23 held that 24 Hour Fitness had waived any right to make any
24 argument on the basis of the existence of an arbitration agreement
25 between 24 Hour Fitness and any of the Plaintiffs. See id.
26     Plaintiffs filed the instant Motion on December 8, 2006. See
27 Docket No. 69. On January 11, 2007, the Court granted 24 Hour

9

Fitness' motion for leave to file a surreply.  See Docket No. 114.

### III. DISCUSSION

#### A. Conditional Certification

Plaintiffs have requested that the Court conditionally certify an omnibus class consisting of three subclasses:  a "Managers' Class"; a "Commission-Based Class"; and an "Hourly Employees" class.  Reply at 5-7.  For the following reasons the Court conditionally certifies only the Managers' Class.

##### 1. Legal Standard

Section 16(b) of the FLSA provides employees with a private right of action to sue an employer for violations of the Act "for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  The latter sort of action, often referred to as a "collective action," works somewhat differently than Rule 23 class action:  an employee who wishes to join an FLSA collective action must affirmatively opt-in by filing a written consent to join in the court where the action was brought.  Id.

In Hoffman-La Roche Inc. v. Sperling, the Supreme Court recognized the discretion of district courts to facilitate the process by which potential plaintiffs are notified of FLSA collective actions into which they may be able to opt.  493 U.S. 482, 486 (1989).[3]  Building on this, a majority of courts,

---

[3] Sperling addressed a collective action brought under the Age Discrimination in Employment Act, which, the Court recognized, incorporates § 16(b) of the FLSA.  493 U.S. at 486.

10

including district courts in the 9th Circuit, have adopted a two-stage certification procedure. See, e.g., Leuthold v. Destination America, Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004); Wynn v. National Broadcasting Co., 234 F. Supp. 2d 1067, 1082-84; Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1106 (10th Cir. 2001). At the first stage, the district court approves conditional certification upon a minimal showing that the members of the proposed class are "similarly situated"; at the second stage, usually initiated by a motion to decertify, the court engages in a more searching review. Leuthold, 224 F.R.D. at 467.

The FLSA does not define "similarly situated," and the 9th Circuit has not spoken to the issue. The Supreme Court, in Sperling, also left the term undefined, but indicated that a proper collective action encourages judicial efficiency by addressing in a single proceeding claims of multiple plaintiffs who share "common issues of law and fact arising from the same alleged [prohibited] activity." 493 U.S. at 486. This has been distilled by courts into a requirement that a proponent for conditional certification present the court with "nothing more than substantial allegations that a putative class members were together the victims of a single decision, policy, or plan." Thiesen 267 F.3d at 1102 (internal quotations omitted); see also, e.g., Gerlach v. Wells Fargo & Co., No. C 05-0585, 2006 WL 824652, *2 (N.D. Cal. March 28, 2006). Given that a motion for conditional certification usually comes before much, if any, discovery, and is made in anticipation of a later more searching review, a movant bears a very light burden in substantiating its

11

1  allegations at this stage. See, e.g., Aquayo v. Oldenkamp
2  Trucking, No. 04-6279, 2005 WL 2436477 (E.D. Cal. Oct. 3, 2005)
3  (disregarding hearsay and foundational challenges to declarations
4  submitted in support of motion for conditional certification);
5  Ballaris v. Wacker Silttronic Corp., No. 00-1627, 2001 WL 1335809
6  (D. Or. Aug. 24, 2001) (granting motion for conditional
7  certification on basis of two affidavits).

### 2. An Omnibus Class is Not Appropriate

As noted above, Plaintiffs describe three categories of employees which they argue should be conditionally certified as a single omnibus collective class: "Managers"; "Commission Based Employees"; and "Personal Trainers-Hourly Based Employees." Complaint at 16-18. However, Plaintiffs offer very little argument or evidence which demonstrates "a factual nexus which binds [putative members of the three categories] together as victims of an alleged policy or practice." Thiebes v. Wal-Mart Stores, Inc., No. 98-802, 1999 WL 1081357, *2 (D. Or. Dec. 1, 1999) (internal quotation omitted).

Rather, Plaintiffs describe a different set of practices correlating to each of the three categories. Employees in the Managers category allegedly were misclassified as exempt and so denied overtime. See Motion at 16-17. Employees in the Commission Based Employees category allegedly were not allowed to submit all their hours for payment and were denied certain types of commissions. See id. at 17-18; Reply at 6-7. And employees in the Hourly category allegedly were not compensated for "time spent 'working the floor' and performing all of the tasks and duties

12

ancillary to their work training clients."  Motion at 19.

The Motion does not articulate what single decision, policy, or plan unifies the putative members of all three categories, see Motion, and the Reply all but concedes that none exist.  See, e.g., Reply at 5-6 (referring to a "Managers' Class" and "Commission-Based Class"); 10 (identifying "common of questions of law and fact" which are relevant to putative members of the Managers category and other common questions of law and fact relevant to putative members of the other two categories, but making no attempt to identify common questions of law and fact relevant to all three).  The Court is similarly incapable of conceiving on its own why judicial efficiency would be facilitated by adjudicating together, in a single proceeding, the claims of employees in all three of these categories, and so declines to do so.

     3.    <u>A Managers Class is Appropriate for Conditional Certification</u>

Notwithstanding the Court's finding that it would not be appropriate to adjudicate in a single proceeding the claims of putative members in all three categories, the Court finds that Plaintiffs have met their minimal burden to show that putative members of the Managers class are sufficiently similarly situated to qualify for conditional certification as a collective class.[4]

---

[4] In making this finding, the Court explicitly declines to address whether the putative members of the other two categories are similarly situated with other putative members of the same respective category or with putative members of the other category. It thus makes no finding as to whether it may, or may not, be appropriate for a court to conditionally certify a collective action consisting of employees which fall in one or both of these

13

The FLSA requires employers to pay their employees time and one-half for any work in excess of forty hours in one week. 29 U.S.C. § 207(a)(1). The Act provides an exemption to this requirement for certain types of employees, including those "employed in a bona fide executive, administrative, or professional capacity, . . . or in the capacity of outside salesman." 29 U.S.C. § 213(a). But "[i]t is the burden of an employer to show entitlement to an exemption from the FLSA," and "FLSA exemptions are to be narrowly construed against employers and are to be withheld except as to persons plainly and unmistakenly within their terms and spirit." Baldwin v. Trailer Inns, Inc., 266 F.3d 1104, 1112 (9th Cir. 2001) (internal quotations omitted).

The FLSA explicitly grants the Secretary of Labor the authority to promulgate regulations to define the exemptions listed in Section 13, id., and the Secretary has done so in 29 CFR § 541. Section 541.100 describes four requirements that must be met for an employee to be properly defined as exempt under the Executive Exemption. 29 CFR § 541.1  These requirements include, in addition to a minimum wage, requirements that an employee classified as fitting within this exemption be one:

>  (2) Whose primary duty is management of the enterprise . . .;
>
>  (3) Who customarily and regularly directs the work of two or more other employees; and

---

categories.

14

>    (4) Who has the authority to hire or fire other
>    employees or whose suggestions and recommendations as to
>    the hiring, firing, advancement, promotion or any other
>    change of status of other employees are given particular
>    weight.

Id.

Plaintiffs have submitted the affidavits of eleven former employees of 24 Hour Fitness who worked for the company over a number of years in several different states, outside of California, as General Managers, Operations Managers, and Fitness Managers. See Beauperthuy Decl. ¶¶ 10-18; Davidson Decl. ¶¶ 14-20; DeSoto Decl. ¶¶ 19-26; Fennelly Decl. ¶¶ 15-38; Guy Decl. ¶¶ 13-24; Hudson Decl. ¶¶ 25-31; Mathews Decl. ¶¶ 25-35; Newcomb Decl. ¶¶ 14-25; Sherrill Decl. ¶¶ 1-12; Struble Decl. ¶¶ 3-16.[5] These declarations uniformly state: that declarants and others in these positions were designated as exempt and so were denied overtime; that this was done according to company policy; and that, pursuant to company policy, declarants and others in these positions were denied real management authority in a number of ways. See id. These qualify as substantial allegations that the policies and practices of 24 Hour Fitness as they relate to designation as exempt persons in these positions violates the

---

[5] Defendants have raised over three hundred objections to the declarations submitted by Plaintiffs, which generally allege hearsay and foundational defects. See Defendants' Evidentiary Objections to Plaintiffs' Declarations in Support of Motion for Facilitated Notice Pursuant to 29 U.S.C. § 216(b). As the Court stated above, the Plaintiffs' burden at this stage of the proceedings is quite minimal, thus evidence which "may not be sufficient to carry the burden of proof at trial, . . . [may be] sufficient to carry the burden on this motion." Aguayo, 2005 WL 2436477, at *4. Therefore, whatever shortcomings Plaintiffs' declarations have in the way of hearsay and foundation, if any, are not relevant to the Court's determination at this stage.

15

1  FLSA.  See 25 U.S.C. §§ 207, 213; 29 CFR § 541.1.  They are
2  therefore sufficient to qualify for conditional certification a
3  class consisting of persons who have worked for 24 Hour Fitness in
4  states other than California in the positions of General Managers,
5  Operations Managers, and Fitness Managers ("Managers Class")
6  during the period described below.

   B.  Tolling

8  Absent any decision by the Court to toll applicable statute
9  of limitations' periods, the limitations period for each putative
10 member of the conditionally approved collective class would be
11 three years from the date he or she opted into the action.  See 29
12 U.S.C. §§ 255(a), 256.  The statute, in other words, contains a
13 look-back provision which limits to three years from opt-in how
14 far back a plaintiff can look to find violations by their
15 employer.

16 Plaintiffs request the Court toll the statute of limitations
17 periods for all putative class members on both equitable and
18 contractual bases.  See Motion at 2.  For the reasons set forth,
19 the Court equitably tolls the statute of limitations to allow all
20 Plaintiffs to sue for conduct which occurred any time after
21 January 31, 1998.

   1.  Equitable Tolling

23 The Ninth Circuit has implied the doctrine of equitable
24 tolling into the FLSA.  Partlow v. Jewish Orphans Home of Southern
25 Cal., Inc. 645 F.2d 757, 760 (9th Cir. 1981) (abrogated on other
26 grounds by Sperling, 493 U.S. 165); see Bonilla v. Las Vegas Cigar
27 Co., 61 F. Supp. 2d 1129, 1140 (D. Nev. 1999) (recognizing the

16

implication).

Defendants argue that equitable tolling only applies in instances where delay has been caused by a plaintiff's "excusable ignorance of the statute of limitations." Opp'n at 21. This definition is too narrow.

> [E]quitable tolling concerns itself with the equities of dismissal for untimely filing caused by factors independent of the plaintiff. Accordingly, we must ask whether it would be unfair or unjust to allow the statute of limitations to act as a bar to [a plaintiff's] claim.

Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1004 (9th Cir. 2006). Thus, "[e]quitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time," such as its excusable ignorance of the statute of limitations. Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999) (emphasis added); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) (applying the doctrine when "defendants created the situation which impeded" the plaintiff's filing of her claim).

Plaintiffs argue that the Court should grant equitable tolling because 24 Hour Fitness allegedly took actions "that have delayed and obstructed Plaintiffs having their claims heard in a collective action." Motion at 9. As Plaintiffs note, the Court in its November 28, 2006 Order referred to 24 Hour Fitness' "confusing, contradictory, and time-consuming strategic maneuvering." See Docket No. 66 at 10.

The Court, however, does not base its decision to toll the

17

look-back period on the finding of any wrongdoing by 24 Hour Fitness.  Rather, it does so because "it would be unfair or unjust to allow" persons employed by 24 Hour Fitness in California to collect damages for violations which occurred anytime between January 31, 1998 and October 31, 2005, while limiting other persons who happen to have been employed in states other than California to collect only for violations that occurred during a period that would begin, for most, more than five years later.[6] Huynh, 465 F.3d at 1004.  This discrepancy would not be the result of any action by these Plaintiffs.  Rather, it would be the result of the vagaries of the process by which the Boyce action was settled, the competition which occurred between Plaintiffs' attorneys and the Boyce Attorneys during settlement mediation, and other factors outside of these Plaintiffs' control.  Indeed, several Plaintiffs who have already opted into the instant action attempted to participate in the settlement discussion during their tenure as Allen claimants.  See Background Supra.  It would be unfair and unjust to exclude these Plaintiffs and others similarly situated from the same opportunity to recover for violations as those whose interests were better served by other attorneys.

   C.   Form of Opt-In Notice and Related Discovery

Plaintiffs and 24 Hour Fitness have each submitted competing arguments and examples regarding how the opt-in notice should be drafted and how the opt-in process should proceed, including

---

[6] If the Court did not toll the statute of limitations, putative members of the class who have not yet opted in would be limited to collecting for violations which occurred, at earliest, on March 6, 2004.

18

related discovery.  The parties have also indicated the possibility of resolving some of these issues through the meet and confer process.  In light of this and given the Court's rulings above, the Court finds it would be in everyone's interest if the parties met, conferred, and sought to resolve as many of the disagreements between them as possible.  The Court, therefore, orders the parties to so meet and confer and submit to the Court in ten calendar days from the date of this order:  a joint proposed opt-in order which accords with the rulings above; a joint plan for related discovery and the process of notification; and briefing on relevant differences, if any, which still exist between the parties.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiffs' Motion for Facilitated Notice Pursuant to 29 U.S.C. § 216(b).  Accordingly, the Court:  (1) CONDITIONALLY CERTIFIES a FLSA collective class consisting of persons who worked for 24 Hour Fitness as a General Manager, Operations Manager, or Fitness Manager in states outside California; (2) EQUITABLY TOLLS the statute of limitations for all Plaintiffs to January 31, 1998; (3) ORDERS the parties to meet and confer regarding the opt-in notice and process and make the submissions described above within ten calendar days of this Order; and (4) SETS a further status

/
/
/

19

conference on June 29, 2007, seven days before which the parties are required to file with the Court a joint status statement.

IT IS SO ORDERED.

Dated:  March 06, 2007.

_____
UNITED STATES DISTRICT JUDGE