**United States District Court**
For the Northern District of California

1

2                    UNITED STATES DISTRICT COURT

3                    NORTHERN DISTRICT OF CALIFORNIA

4
                                          )
5                                         )
    GABE BEAUPERTHUY, <u>et</u> <u>al.</u> on behalf )   No. 06-00715 SC
6   of themselves and all others          )
    similarly situated,                   )
7                                         )   ORDER GRANTING IN
              Plaintiffs,                 )   PART AND DENYING IN
8                                         )   PART PLAINTIFFS'
         v.                               )   MOTION FOR LEAVE TO
9                                         )   <u>FILE MOTION TO COMPEL</u>
                                          )
10                                        )
    24 HOUR FITNESS USA, INC., a          )
11  California corporation d/b/a 24       )
    Hour Fitness; SPORT AND FITNESS       )
12  CLUBS OF AMERICA, INC., a             )
    California corporation d/b/a 24       )
13  Hour Fitness,                         )
                                          )
14                                        )
              Defendants.                 )
15                                        )
    _____)
16

17  **I.    INTRODUCTION**

18
         Plaintiffs Gabe Beauperthuy, <u>et</u> <u>al.</u>, ("Plaintiffs") seek
19
    leave of the Court to file a motion compelling Defendants 24 Hour
20
    Fitness USA, Inc. and Sport and Fitness Clubs of America, Inc.
21
    (collectively "Defendants" or "24 Hour Fitness") to produce
22
    additional names and addresses for facilitated notice pursuant to
23
    the Court's Opt-In Order.  <u>See</u> Mot. for Leave, Docket No. 156.
24
    Plaintiffs seek further relief from the Court in the form of an
25
    order requiring (1) that Defendants respond to certain questions
26
    regarding the list of names Defendants provided to the Notice
27
    Administrator; (2) that Defendants identify a person most
28

1    knowledgeable regarding compliance with the Order and make that

2    person available for a previously-noticed deposition regarding

3    Defendants' efforts to comply with the Opt-In Order; and (3) that

4    within 14 days following said deposition, the parties submit

5    briefing regarding whether sanctions are appropriate.  See id.

6    Defendants did not Oppose the Motion for Leave.

7        For the reasons set forth herein, the Court hereby GRANTS IN

8    PART and DENIES IN PART Plaintiffs' motion.

9

10   **II.   BACKGROUND**

11       On May 9, 2007, the Court issued the Opt-In Order, which

12   allowed the Plaintiffs' claims to proceed as a collective action

13   under section 16(b) of the Fair Labor Standards Act ("FLSA"), 29

14   U.S.C. § 216(b).  See Opt-In Order, Docket No. 145, at 2.

15   Defendants moved the Court to clarify or reconsider the scope of

16   the Opt-In Order.  See Docket No. 148.  The Court denied that

17   motion and ordered the parties to meet and confer to resolve any

18   remaining dispute regarding the interpretation or application of

19   the Opt-In Order.  See Docket No. 154.

20       The Opt-In Order required Defendants to produce the names and

21   addresses of all 24 Hour Fitness employees covered by that Order

22   to Plaintiffs' counsel and the Notice Administrator, CPT Group.

23   See Opt-In Order, at 2.  On July 9, 2007, Defendants produced a

24   list containing the names of approximately 2,300 individuals

25   covered by the Opt-In Order.  See Donahoo Decl., ¶ 2.  Despite the

26   parties' attempts to reach agreement regarding the scope of the

27   Opt-In Order, Plaintiffs allege that the list of names Defendants

28                                    2

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   produced is deficient in two ways: 1) the list excludes entire

2   groups of people that Plaintiff argues are part of the class and

3   should receive the Notice (i.e., Floor Supervisors); and 2) the

4   list excludes numerous individuals who are within groups that

5   Defendants admit should receive notice.  See Mot., 7-8.

6        Plaintiffs' counsel sent a letter to Defendants' counsel on

7   July 11, 2007, containing a series of questions regarding the list

8   of names Defendants had produced, and requesting a response by

9   July 16.  See Donahoo Decl., ¶ 7, Ex. D.  Defendants' counsel

10  answered some of the questions by letter on July 19, 2007, but

11  objected to and refused to answer others.  See Donahoo Decl., ¶ 8,

12  Ex. E.  The parties continued to discuss the list of names, but

13  were unable to resolve their dispute.

14       Plaintiffs brought the instant motion for leave on July 24,

15  2007, and requested that the Court take immediate action because

16  the deadline for sending the facilitated notice pursuant to the

17  Opt-In Order was approaching.  On August 8, 2007, without further

18  action from the Court, the Notice Administrator sent the required

19  Notice to all of the 24 Hour Fitness employees on the list

20  Defendants had provided.

21

22  **III. DISCUSSION**

23       Plaintiffs have demonstrated that Defendants' list of names

24  for facilitated notice is incomplete.  See Donahoo Decl., ¶¶ 11-

25  43; Lee Decl., ¶¶ 1-2; Geneser Decl., ¶¶ 1-2; Phillips Decl., ¶¶

26  1-2.  The Court therefore GRANTS Plaintiffs leave to bring their

27  motion to compel the supplemental production of names and

28

3

United States District Court

For the Northern District of California

1  addresses.

2       Pursuant to the Opt-In Order, if the parties were unable to

3  resolve any issues related to the list of names through the meet

4  and confer process, either party could request leave of Court to

5  file a motion; if the Court granted leave, the time for sending

6  out the required Notice would be tolled until the dispute was

7  resolved.  See Opt-In Order, ¶ 8.  Although Plaintiffs sought

8  leave in a timely manner, the Court did not act on that request

9  prior to the deadline for sending the Notice.  For the purposes of

10  any additional individuals Defendants disclose as a result of

11  relief granted herein, or as a result of Plaintiff's subsequent

12  motion to compel, the time for filing notice shall be deemed

13  tolled as of July 27, 2007, the date on which Plaintiffs brought

14  the instant motion for leave.

15       Upon resolution of the motion to compel, Plaintiffs shall

16  give the list of additional names to the Notice Administrator, and

17  the Notice Administrator shall send the Notice and "Consent to

18  Join" form to all of the new people on the list.  Those

19  individuals must return the "Consent to Join" form no later than

20  sixty (60) days after the date on which the Notice Administrator

21  mails the Notice.  Additionally, the deadline for those

22  individuals who received the Notice sent August 8, 2007, to return

23  their "Consent to Join" forms shall be extended to coincide with

24  the deadline for those now receiving the Notice for the first

25  time.  Within ten (10) days of the close of the extended opt-in

26  period described above, all "Consent to Join" forms shall be filed

27

28

4

United States District Court

For the Northern District of California

1   with the Court.[1]

2       Plaintiffs also ask the Court to require Defendants to answer

3   a series of questions relating to the list of names, initially

4   presented in a letter to Defendants' counsel. <u>See</u> Mot., at 6;

5   Donahoo Decl., Ex. D.  When Defendants previously asked the Court

6   to clarify or reconsider the terms of the Opt-In Order, the Court

7   ordered the parties to meet and confer regarding any remaining

8   disputes. <u>See</u> Docket No. 154.  Following the Court's order,

9   Defendants did not engage in any meaningful attempt to resolve

10  disputes over interpretation of the Opt-In Order; rather, they

11  objected to Plaintiffs' questions and stuck to their own

12  interpretation of the Opt-In Order.  <u>See</u> <u>e.g.</u>, Donahoo Decl., Ex.

13  E, ¶ 1 ("This request is oppressive and burdensome."  "Defendants'

14  interpretation of the Court's orders is...").  Given that

15  Plaintiffs have demonstrated Defendants' omission of individuals

16  who are in groups both parties agree should receive the Notice, as

17  well as the omission of entire groups of people from the list,

18  Defendants' refusal to answer Plaintiffs' questions is

19  unacceptable.  The Court therefore GRANTS Plaintiffs' motion

20  requesting an order that requires Defendants to answer the

21  questions contained in the July 11 letter from Richard Donahoo to

22  Lisa Chagala (Exhibit D to the Donahoo Declaration).

23      Plaintiffs also ask the Court to order Defendants to identify

24  and make available for deposition a person most knowledgeable

25

26      [1]If Defendants do not disclose any additional names, the
    Notice Administrator will not need to send the Notice again, and
27  the opt-in period will not be extended.

28                                    5

**United States District Court**
For the Northern District of California

1  ("PMK") about Defendants' efforts to comply with the Opt-In Order.

2  From communication between counsel, it appears that Defendants

3  were previously willing to produce a PMK for deposition if

4  Plaintiffs still required the deposition after resolving the

5  disputes over the Opt-In Order.  See Donahoo Decl., Ex. C.  The

6  Court therefore DENIES Plaintiffs' request that the Court order

7  Defendants to identify a PMK for deposition as premature.

8  Defendants have indicated their willingness to cooperate on this

9  deposition once the list of names is final.  If, after resolution

10  of Plaintiffs' motion to compel, the deposition is necessary and

11  Defendants refuse to cooperate, Plaintiffs may then move to compel

12  the deposition.

13      Finally, Plaintiffs seek an order requiring the parties to

14  brief whether or not sanctions against Defendants are appropriate.

15  As the briefing would depend on the PMK deposition discussed

16  above, it would be premature to order that briefing now.  The

17  Court therefore DENIES this request.  After Defendant complies

18  with this Order and answers the questions regarding compliance

19  with the Opt-In Order, and following the resolution of Plaintiffs'

20  motion to compel, if Plaintiffs depose the PMK and still believe

21  sanctions are appropriate, they may seek leave to file a motion

22  for sanctions.

23

24  **IV.   CONCLUSION**

25      For the foregoing reasons, Plaintiffs' motion is GRANTED IN

26  PART and DENIED IN PART.  The Court hereby ORDERS as follows:

27      1.  Plaintiffs may file a motion to compel supplemental

28

6

United States District Court

For the Northern District of California

1  disclosure of names and addresses for facilitated notice.

2      2.   Plaintiffs shall file their motion to compel no later

3  than September 7, 2007; Defendants shall file their Opposition no

4  later than September 21, 2007; Plaintiffs may file a Reply no

5  later than September 28, 2007; the motion to compel is set for

6  hearing before the Court on October 12, 2007, at 10:00 a.m.

7      3.   Defendants shall provide written answers to Questions 1,

8  3, 5, 6, and 8 in the July 11, 2007, letter from Richard Donahoo

9  to Lisa Chagala (Exhibit D to the Donahoo Declaration) no later

10 than September 5, 2007.

11

12     IT IS SO ORDERED.

13

14     Dated:  August 28, 2007.

15

16  _____

17  UNITED STATES DISTRICT JUDGE

7