UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABE BEAUPERTHUY, et al. on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>24 HOUR FITNESS USA, INC., a California corporation d/b/a 24 Hour Fitness; SPORT AND FITNESS CLUBS OF AMERICA, INC., a California corporation d/b/a 24 Hour Fitness,<br><br>        Defendants. | No. 06-00715 SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO COMPEL SUPPLEMENTAL PRODUCTION OF NAMES AND ADDRESSES FOR <u>FACILITATED NOTICE</u> |

I.  **INTRODUCTION**

Plaintiffs Gabe Beauperthuy, et al., ("Plaintiffs") have filed a Motion to Compel Supplemental Production of Names and Addresses for Facilitated Notice ("Motion to Compel"). See Docket No. 176.  Plaintiffs seek to compel Defendants 24 Hour Fitness USA, Inc., and Sport and Fitness Clubs of America, Inc. (collectively "Defendants" or "24 Hour Fitness"), to produce additional names and addresses for facilitated notice pursuant to the Court's Opt-In Order.  Defendants filed an Opposition and

1  Plaintiffs filed a Reply.  See Docket Nos. 179, 182.
2       After reviewing the parties' submissions, the Court hereby
3  GRANTS IN PART and DENIES IN PART Plaintiffs' motion.

**II.  BACKGROUND**

6       The facts of this case are exhaustively documented in
7  previous orders and filings.  See, e.g., Order Granting in Part
8  and Denying in Part Pls.' Mot. for Facilitated Notice ("Order for
9  Facilitated Notice"), March 6, 2007, Docket No. 124; Opt-In Order,
10 May 9, 2007, Docket No. 145; Order Granting in Part and Denying in
11 Part Pls.' Mot. for Leave to File Mot. to Compel ("Order Granting
12 Leave"), August 28, 2007, Docket No. 174.  The Court assumes the
13 parties' familiarity with the case and only discusses those facts
14 relevant to the issues now before the Court.
15      On August 28, 2007, the Court issued an Order Granting in
16 Part and Denying in Part Plaintiffs Leave to File a Motion to
17 Compel Supplemental Production of Names and Addresses for
18 Facilitated Notice ("Order Granting Leave").  Docket No. 174.
19 Pursuant to this Order, Plaintiffs have filed the Motion to
20 Compel.

**III. DISCUSSION**

23      In the Motion to Compel, Plaintiffs seek the following
24 relief:  (1) an order compelling supplemental production of the
25 names of all persons employed by 24 Hour Fitness outside of
26 California between December 31, 1998, and the date that Defendants
27 were required to produce the list of names; (2) an order that

2

Defendants use their Payroll Department, rather than their Human Resources Department, to generate the list of persons included in the Opt-In Notice; (3) an order to show cause why certain persons identified by Plaintiffs should not be included by Defendants on the list of individuals to whom notice is to be sent; and (4) an order that Defendants fully answer certain questions put forward in a letter sent July 11, 2007, from Richard Donahoo, counsel for Plaintiffs, to Lisa Chagala, Counsel for Defendants.  The Court addresses each in turn.

### A.   Supplemental Production of Names

Plaintiffs assert that Defendants have provided a list of names that excludes certain job titles that should have been included and that Defendants have misinterpretted both the definition of the class of employees covered under the Opt-In Order and the dates for the Claims Period as defined in the same Order.  Mot. to Compel at ii.

#### 1.   Definition of Class Members

To begin, there appears to be some confusion regarding the definition of the class members.  On March 6, 2007, the Court conditionally certified a FLSA collective class consisting of persons who worked for 24 Hour Fitness as a General Manager, Operations Manager or Fitness Manager in states outside California.  Order for Facilitated Notice at 19.  Subsequently, on May 9, 2007, the Court issued an Opt-In Order.  Docket No. 145. In this Order, the collective class was defined as "all persons who work or have worked for 24 Hour Fitness in any state in the United States, except California . . . in any managerial position

3

classified by 24 Fitness as exempt from overtime requirements." Opt-In Order at 2.

In case the language of the Opt-In Order appeared to create a larger class of eligible employees than the language of the March 6 Order, it did not. The relevant class is still General Managers, Fitness Managers and Operations Managers.[1] In both the initial Complaint and the Motion to Certify the Class, Plaintiffs themselves stated that the proposed class consisted of General Managers, Fitness Managers and Operations Managers. See Compl. at 2, Docket No. 1; Mot. to Certify Class at ii, Docket No. 69. Thus, there should be no confusion regarding the definition of the collective class.

**2. Opt-In Period**

On May 9, 2007, the Court issued the Opt-In Order, which allowed the Plaintiffs' claims to proceed as a collective action under section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). See Opt-In Order at 2. In this Order, the Court stated that the Claims Period was "during the time period between December 31, 1998, and the present . . . ." Id. The parties now dispute what was meant by "the present."

In the Opt-In Order, the Court stated that Defendants would produce to Plaintiffs a list of the names and addresses of all the current and former employees of Defendants who qualified under the conditional collective class. Id. This list was to be produced within sixty (60) days from the date of the Order. Id. The Order

---

[1] Both parties agree that the conditionally certified class is limited to club-level jobs. Defs.' Opp'n at 11.

4

was issued on May 9, 2007. Id. at 5. Plaintiffs argue that the claims period therefore ended on July 9, 2007, sixty (60) days from date of the Order. See Mot. to Compel at 9. Defendants assert that the claims period terminated on May 9, 2007, when the Order was issued.

The Opt-in Order created a claims period that included employees of the relevant class who were working for Defendants at the time that the list was to be produced. Thus, the claims period terminated July 9, 2007. Had the Court intended the claims period to terminate on May 9, 2007, it would have so stated.

**B.   Method of Collecting Names and Addresses**

Plaintiffs assert that the method used by Defendants to gather the names and addresses of relevant employees was flawed. Mot. to Compel at 6. Specifically, Plaintiffs argue that because Defendants used their Human Resources department rather than the Payroll department to generate the list of employees for the opt-in notice, employees who should have been included on the list were left off. Id. at 8.

One of the primary issues regarding the collective class is whether employees who were labeled as managers were in fact treated as exempt pursuant to the FLSA. It appears that the most reliable method for determining whether an employee was in fact treated, i.e. paid, as exempt would be examining how that employee was labeled by the Payroll Department. This inference is supported by evidence put forth by Plaintiffs. In particular, Plaintiffs have presented evidence that it is possible for an employee to be paid as an exempt employee by the Payroll

5

1  Department but be listed as a non-exempt employee in the Human
2  Resources database.  See Mot. to Compel at 8.
3      Defendants counter that "Defendants' payroll system receives
4  data from the human resources information system.  Accordingly,
5  searching the payroll system is superfluous."  Opp'n at 16.  It is
6  unclear from this argument, however, exactly what information is
7  shared between the two departments.  The only information relevant
8  to the case at hand is whether an employee's status as exempt
9  under the FLSA is the same in both the Payroll Department and the
10 Human Resources Department.  Plaintiffs have presented evidence
11 that this may not always be the case.  If this is in fact correct,
12 some employees who are eligible to receive the opt-in notice will
13 be left out.  Given that the most compelling argument Defendants
14 raise against using records from Payroll is that it would be
15 "superfluous," the Court hereby orders Defendants to cross-check
16 persons included in the Opt-In Order with the records contained in
17 Defendants' Payroll Department.

18     **C.  Order to Show Cause Why Certain Persons Identified by**
19         **Plaintiffs Should Not Be Included on the Opt-In List**

20     Plaintiffs move the Court to issue an Order to Show Cause why
21 the names of certain employees who have recently contacted
22 Plaintiffs' counsel and who are allegedly eligible to receive the
23 Opt-In Notice were nonetheless not included by Defendants on the
24 list provided to the Claims Administrator.  Mot. to Compel at 6.
25 In light of the clarifications contained in this Order regarding
26 the definition of the class and of the Claims Period, an Order to
27 Show Cause does not appear necessary.  The Court is confident that
28

6

1 Defendants will now fully comply with its obligations and provide
2 Plaintiffs and the Claims Administrator a complete list of
3 employees who qualify for the conditional class during the Claims
4 Period.

### D. Answer to Questions from July 7, 2007, Letter

Plaintiffs seek an order compelling Defendants to fully respond to questions 3 and 5 from a letter sent July 11, 2007, from Richard Donahoo, counsel for Plaintiffs, to Lisa Chagala, Counsel for Defendants. Included in the information sought by Plaintiffs through these questions is a list of job descriptions for a number of managerial positions at 24 Hour Fitness. See Mot. to Compel at 10. Defendants, in response, state that "Defendants did the best they could under the circumstances but were unable to obtain job descriptions for all 187 job titles by September 5[, 2007]." Opp'n at 9. Part of the reason for the delay, apparently, was the fact that "Defendants' primary in-house contact was on vacation until September 5, and one of Defendants' counsel was on vacation until September 10." Id.

The Court reminds Defendants that an Order was already issued by the Court to answer these questions. See Order Granting Leave at 7 ("Defendants shall provide written answers to Questions 1, 3, 5, 6, and 8 in the July 11, 2007, letter . . .") (emphasis added). There was nothing ambiguous in this previous Order. Defendants, for the second time, are ordered to fully answer these questions and provide a full list of the requested job descriptions.

### D. Meet and Confer

In the latest salvo of briefs filed with the Court each party

accuses the other of failing to meet and confer. <u>See</u>, <u>e.g.</u>, Pls.' Mot. to Compel at iv (stating that Defendants have not been willing "to fully respond to Plaintiffs' attempts to meet and confer . . ."); Defs.' Opp'n at 10 (stating "Plaintiffs failed to fully participate in the meet and confer process"). The Court reminds both parties that familiarity with, and adherence to, the Civil Local Rules is not optional. The Court admonishes both parties to reread Civil Local Rule 1-5(n). In particular, the Court notes for the parties that Rule 1-5(n) states:

> 'Meet and confer' or 'confer' means to communicate <u>directly</u> . . . . The mere sending of a written, electronic, or voice-mail communication . . . does not satisfy a requirement to 'meet and confer' or to 'confer.' Rather, this requirement can be satisfied <u>only</u> through direct dialogue and discussion . . . .

Civil L. R. 1-5(n) (emphasis added). The parties' full understanding of the definition of 'meet and confer' is suspect.[2] With Rule 1-5(n) in mind, the Court orders both parties to continue to meet and confer.

### E.  Special Master

Finally, Defendants have requested that the Court appoint a Special Master to oversee discovery and other disputes. Opp'n at 17. Plaintiffs oppose this request. Reply at 9. The Defendants' request for a Special Master is DENIED.

---

[2] The Court notes, for example, than in the Defendants' Opposition, they document their own efforts to meet and confer by providing a list of fourteen (14) exchanges with Plaintiffs. As should be clear from the above-cited definition, however, at least six of these exchanges were not direct communications and are not, therefore, examples of meeting and conferring.

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for an order compelling supplemental production of the names of all persons employed outside of California between December 31, 1998, and July 9, 2007, is GRANTED.  Plaintiffs' motion for an order that Defendants use their Payroll Department, rather than their Human Resources Department, to generate the list of persons included in the Opt-In notice is also GRANTED.  Plaintiffs' motion for an order to show cause why certain persons identified by Plaintiffs should not be included by Defendants on the list of individuals to whom notice is to be sent is DENIED.  Plaintiffs motion for an order that Defendants fully answer certain questions put forward in the letter sent July 11, 2007, from Richard Donahoo, counsel for Plaintiffs, to Lisa Chagala, Counsel for Defendants is GRANTED.  Finally, Defendants' request that the Court appoint a Special Master is DENIED.

IT IS SO ORDERED.

Dated:  October 12, 2007.

_____
UNITED STATES DISTRICT JUDGE