1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   GABE BEAUPERTHUY, et al.,          ) Case No. 06-715 SC
                                        )
8            Plaintiffs,                ) ORDER RE: MOTIONS FOR
                                        ) SUMMARY JUDGMENT
9        v.                             )
                                        )
10                                      )
    24 HOUR FITNESS USA, INC., a        )
11  California corporation dba 24 HOUR  )
    FITNESS; SPORT AND FITNESS CLUBS    )
12  OF AMERICA, INC., a California      )
    corporation dba 24 HOUR FITNESS,    )
13                                      )
                                        )
14           Defendants.                )
                                        )
15  _____ )

16  **I.   INTRODUCTION**

17          This is a collective action filed by employees and former

18  employees of Defendants 24 Hour Fitness USA, Inc. and Sport and

19  Fitness Clubs of America, Inc. (collectively "24 Hour" or

20  "Defendants").   Before the Court are two Motions for Summary

21  Adjudication, both filed by Plaintiffs.   Motion for Summary

22  Adjudication Number One is filed on behalf of a class of employees

23  and former employees who worked as managers for Defendants

24  ("Managers Class").   Docket No. 295 ("First Mot.").   Motion for

25  Summary Adjudication Number Two is filed on behalf of a class of

26  employees and former employees who worked as personal trainers for

27  Defendants ("Trainers Class").   Docket No. 297 ("Second Mot.").

28  Defendants have filed an Opposition to each Motion.   Docket Nos.

United States District Court
For the Northern District of California

1    307 ("Second Opp'n"), 314 ("First Opp'n").  Plaintiffs have filed

2    Replies.  Docket Nos. 323 ("First Reply"), 327 ("Second Reply").

3         In addition, Defendants have filed a Motion for Denial or

4    Continuance of Plaintiffs' Motions for Summary Adjudication Under

5    Rule 56(f).  Docket No. 340 ("56(f) Mot.").  Plaintiffs have

6    submitted an Opposition to the 56(f) Motion, Docket No. 341 ("56(f)

7    Opp'n"), and Defendants have submitted a Reply, Docket No. 342

8    ("56(f) Reply").  Having considered all of the papers submitted by

9    both parties, this Court concludes that the matter is appropriate

10   for decision without oral argument.  Because of the current stage

11   of this litigation, and as detailed below, the Court concludes that

12   Plaintiffs' Motions must be DENIED.  Accordingly, Defendants' 56(f)

13   Motion is GRANTED.

14

15   **II.   BACKGROUND**

16        The Court has previously issued several orders that detail the

17   procedural and factual background in this dispute.  See Docket Nos.

18   26 ("Apr. 11, 2006 Order"), 66 ("Nov. 28, 2006 Order"), 124 ("Mar.

19   6, 2007 Order"), 190 ("Mar. 24, 2008 Order").  This Order will

20   therefore assume familiarity with the background of this case.  In

21   short, Plaintiffs are alleging that Defendants' employment and

22   payment policies improperly denied Plaintiffs overtime payments, in

23   violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

24   ("FLSA").  See First Am. Compl. ("FAC"), Docket No. 33, ¶¶ 85-97.

25   The Court has conditionally certified two classes in this matter:

26   the Managers Class and the Trainers Class.  See Mar. 24, 2008

27   Order; Mar. 6, 2007 Order.  Defendants have raised a number of

28   affirmative defenses to Plaintiffs allegations.  In particular,

**United States District Court**
For the Northern District of California

Defendants claim as their twelfth affirmative defense that:

> Plaintiffs' claims, and the claims of individuals on whose behalf Plaintiffs seek relief, are barred in whole or in part to the extent that the work performed falls within the exemptions, exclusions, exceptions, or credits as provided by the FLSA, including but not limited to 29 U.S.C. §§ 201 et seq., 207(g), 207(i), 213(a)(1), 213(a)(17), and 213(b)(1).

Answer to FAC, Docket No. 35, at 31.  In other words, Defendants are claiming that Plaintiffs' claims are barred because Plaintiffs were subject to one or more of the exemptions that Congress created to the FLSA's obligations to pay employees for overtime.

The present motions arise in the midst of discovery.  When Plaintiffs filed their Motions for Summary Adjudication, on August 21, 2009, the nonexpert discovery cut-off date was October 30, 2009.[1]  See Docket No. 283.  Defendants have explained that they have not yet deposed any of the members of either Class.  56(f) Mot. Ex. A ("Kloosterman 56(f) Decl.") ¶ 2.[2]

## III. **LEGAL STANDARD**

"The standards and procedures for granting partial summary judgment, also known as summary adjudication, are the same as those for summary judgment." Mora v. Chem-Tronics, Inc., 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).  Entry of summary judgment is proper

---

[1] This Court has since granted Defendants' request to extend the discovery cutoff until January 28, 2010.  Docket No. 321.

[2] John C. Kloosterman, counsel for Defendants, has filed a declaration in support of the 56(f) Motion.  In it, he explains Defendants' reasons for not yet completing depositions even though discovery has been ongoing in this case for several years.  In particular, he explains that Defendants are waiting to receive damage estimates from Plaintiffs, and references recent talks with Plaintiffs regarding the establishment of sampling methodology or a representative group of Plaintiffs.  Kloosterman 56(f) Decl. ¶ 2.

"if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Entry of summary judgment in a party's favor is also appropriate when there are no material issues of fact as to the essential elements of the party's claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986).

"The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact." Horphag Research Ltd. v. Garcia, 475 F.3d 1029, 1035 (9th Cir. 2007). If the moving party fails to meet its burden, then "the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

"Where the opposing party has not had sufficient time to complete discovery or otherwise marshal facts to oppose the motion, application may be made under Rule 56(f) for a continuance of the proceedings pending completion of discovery." Thi-Hawaii, Inc. v. First Commerce Financial Corp., 627 F.2d 991, 994 (9th Cir. 1980). The Ninth Circuit generally disfavors summary judgment "where relevant evidence remains to be discovered. The burden is on the nonmoving party, however, to show what material facts would be discovered that would preclude summary judgment. If further discovery could not elicit evidence that would raise genuine issues of material fact, summary judgment would be appropriate." Klingele

1    <u>v. Eikenberry</u>, 849 F.2d 409, 412 (9th Cir. 1988) (citations

2    omitted).

3

4    **IV.   <u>DISCUSSION</u>**

5         **A.   <u>Plaintiff's First Motion for Summary Adjudication</u>**

6         Plaintiffs' First Motion is based on the adequacy of the

7    witnesses that Defendants have selected to put forward as their

8    deponents pursuant to Rule 30(b)(6) of the Federal Rules of Civil

9    Procedure.  First Mot. at 1.  Plaintiffs argue that because the

10   burden of proving their twelfth affirmative defense will fall on

11   Defendants, and because Defendants' deponents did not adduce facts

12   to support this defense in their depositions, Defendants will not

13   be able to meet their burden at trial.  <u>Id.</u>  In order to succeed at

14   the summary adjudication stage, however, Plaintiffs must be able to

15   show that there is no issue of material fact as to this affirmative

16   defense.  <u>Horphag Research</u>, 475 F.3d at 1035.

17        Plaintiffs' First Motion depends upon the purpose of Rule

18   30(b)(6) of the Federal Rules of Civil Procedure, and the case law

19   that has developed with respect to parties' discovery obligations

20   under this Rule.  Rule 30(b)(6) allows a party to name an

21   organization as a deponent, provided that the party describes "with

22   reasonable particularity the matters for examination."  Fed. R.

23   Civ. P. 30(b)(6).  The organization is then required to "designate

24   one or more officers, directors, or managing agents, or designate

25   other persons who consent to testify" on the organization's behalf.

26   <u>Id.</u>  "The person designated must testify about information known or

27   reasonably available to the organization."  <u>Id.</u>  Because an

28   individual so designated is speaking for the corporation, and not

as an individual, this procedure imposes a significant duty upon the organization to educate the deponent prior to the deposition. See Bd. of Trs. of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd., 253 F.R.D. 524, 526 (C.D. Cal. 2008).

> Rule 30(b)(6) implicitly requires such persons to review all matters known or reasonably available to [the organization] in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a halfhearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process.

United States v. Taylor, 166 F.R.D. 356, 362 (M.D.N.C. 1996).  In order to meet the purpose of the Rule, "[i]f a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, it is its officers, employees, agents or others who must present the position, give reasons for the position, and, more importantly, stand subject to cross-examination."  Id. at 362.

Plaintiffs served a Rule 30(b)(6) notice upon Defendants that listed a number of matters for examination, including:

> Your Human Resources Information Processing / Compensation Department from December 31, 1998 to the present;

> The initial determination that a job category / job description is or is not exempt from December 31, 1998 to the present;

> The initial determination that each job category applicable to the members of the classes is or is not exempt from December 31, 1998 to the present.

First Karczag Decl. Ex. A ("30(b)(6) Notice") ¶¶ 1, 2, 12-14.[3]

Defendants selected Scott White ("White") to serve as their

_____

[3] Justin P. Karczag, attorney for Plaintiffs, submitted a declaration in support of the First Motion.  Docket No. 296.

United States District Court
For the Northern District of California

deponent for the above topics.  White had been employed with 24

Hour as a Senior Vice President, First Karczag Decl. Ex. F ("White

Depo. Tr.") at 11:14-16, and Plaintiffs contend that he had only

held that position since March 31, 2008, First Karczag Decl. ¶ 30.

Plaintiffs listed the following topics in their 30(b)(6)

notice:

> Any and all changes in the classification status
> of the members of the managers class from
> December 31, 1998 to the present;

> The decision to change the classification of the
> members of the managers class from exempt to non-
> exempt effective 4/1/2006;

> Your FLSA compliance with regard to members of
> the managers class from December 31, 1998 to
> present;

> Your policies and procedures (written and
> unwritten) regarding FLSA compliance from
> December 31, 1998 to the present.

30(b)(6) Notice ¶¶ 6, 8, 10, 16.[4]

Defendants selected Todd Bruhn ("Bruhn") to speak for them

with regard to these topics.  Bruhn held the title of Senior

Director of Staffing, and had previously held various positions

within 24 Hour since he had started with the company in September

of 2003.  First Karczag Decl. Ex. E ("Bruhn Depo. Tr.") at 11:4-

12:6.[5]

---

[4] Defendants objected to these matters as being vague and
ambiguous.  See First Karczag Decl. Ex. B.  Because of the Court's
disposition of the First Motion, it makes no findings regarding
these objections at this time.  However, the Court does note that
of the thirty-two matters noticed for examination by Plaintiff that
the Court has before it, Defendants objected to thirty-one as being
vague and ambiguous.  See id.; First Karczag Decl. Ex. D.  Although
Defendants refer to these objections as reasons to deny Plaintiffs'
Motions, Defendants have not provided any explanation as to why the
matters are so vague or ambiguous as to warrant objection.
[5] Defendants imply, without explicitly arguing, that Rule 30(b)(6)
required them to select current employees as deponents.  Opp'n at

United States District Court
For the Northern District of California

1    Neither deponent demonstrated a substantial amount of

2  preparation.  Bruhn Depo. Tr. at 18:8-22:18; White Depo. Tr. at

3  22:2-21:11.  As it turns out, both White and Bruhn showed

4  significant deficiencies during the course of their depositions.

5  For example, White professed ignorance in response to a wide

6  variety of questions with respect to the company's decisions prior

7  to his employment with 24 Hour.  White Depo. Tr. at 67:15-24.

8  Bruhn did not know which of the FLSA overtime exemptions Defendants

9  are claiming applies to the Managers Class.  Bruhn Depo. Tr. at

10  94:6-15.  White similarly professed to not have "any information as

11  to what type of exemption was utilized for" the Managers Class.

12  White Depo. Tr. at 68:5-12, 69:2-17.  Plaintiffs contend that

13  neither deposition offers a basis to conclude that the Managers

14  Class was exempt from the overtime entitlements of the FLSA.  First

15  Mot. at 1.

16    Plaintiffs are now seeking summary adjudication based on their

17  contention that the deponents' professed ignorance is Defendants'

18  "official position" for the purpose of this suit, and that there is

19  therefore no issue of material fact with respect to whether the

20  9; See Decl. of Kathleen Deibert ("Deibert"), Counsel for
21  Defendants, in Opp'n to First Motion, Docket No. 315, ¶ 2 (claiming
   only that Deibert has tried to locate "a current 24 Hour Fitness
22  employee" with knowledge of the specific exemptions relied upon by
   Defendants).  Defendants note that a former employee, David Brent
23  ("Brent") "oversaw compensation issues" during much of the class
   period, and left the company around the time that White joined.
24  Opp'n at 9.  Defendants did not name Brent as a 30(b)(6) deponent,
   and they fault Plaintiffs for not deposing him on their own
25  initiative.  Id.  However, the text of Rule 30(b)(6) leaves no
   doubt that a former employee can and should be designated as a Rule
26  30(b)(6) deponent, if the former employee is the most knowledgeable
   individual and as long as the former employee consents.  An
27  organization may designate any "persons who consent to testify on
   its behalf."  Fed. R. Civ. P. 30(b)(6).  Defendants do not indicate
28  whether they ever requested that Brent act as a Rule 30(b)(6)
   deponent.

**United States District Court**
For the Northern District of California

members of the Managers Class were exempt from overtime under the
FLSA.  First Mot. at 17-20.  According to Plaintiffs, by claiming
that they did not know which exemption categories apply to the
Managers Class, the deponents were in effect claiming that
Defendants had no position as to which FLSA exemptions apply, and
possess no information to support any particular exemption.  Id.
Defendants have, by and large, not attempted to cite specific
evidence to show a disputed issue of material fact in their
Opposition -- instead, they argue that Plaintiffs have not shown an
absence of disputed facts, and have sought to continue or dismiss
the Motion until discovery is complete.  Opp'n at 11.

        As the moving party, Plaintiffs bear the initial burden of
proving that there are no issues of material fact with respect to
Defendants' affirmative defense -- even though Defendants will bear
the burden of proving this affirmative defense at trial.  See
Nissan Fire & Marine Ins, 210 F.3d at 1102.  Of course, "the burden
on the moving party may be discharged by 'showing' -- that is,
pointing out to the district court -- that there is an absence of
evidence to support the nonmoving party's case."  Celotex Corp. v.
Catrett, 477 U.S. 317, 325 (1986).  Nevertheless, the Court
concludes that Plaintiffs cannot meet their summary adjudication
burden by simply pointing to Defendants' apparently inadequate
depositions.  Plaintiffs' have brought this Motion before the end
of discovery.  The Motion is, in essence, a categorical objection
to all evidence that Defendants might bring to support their
affirmative defense.  It is an objection to hypothetical evidence
that the Court has had no opportunity to review in light of the
deposition testimony.  Plaintiffs have shown, at best, that

**United States District Court**
For the Northern District of California

1   Defendants will face difficulties should they seek to meet this

2   burden with certain evidence in the future.  However the Court will

3   not accept that the Bruhn and White depositions have precluded

4   Defendants from bringing any evidence whatsoever in support of one

5   of the FLSA exemptions, and that there will therefore be no issues

6   of material fact as to Defendants' twelfth affirmative defense.

7       Plaintiffs' preemptive methods contrast sharply with the

8   procedures used in the case upon which Plaintiffs primarily rely.

9   In <u>Rainey v. American Forest & Paper Association</u>, a plaintiff cited

10  the defendant's failure to prepare a Rule 30(b)(6) deponent to

11  overcome a specific affidavit upon which the defendant relied.  26

12  F. Supp. 2d 82 (D.D.C. 1998).  <u>Rainey</u> involved a plaintiff who

13  claimed to have been misclassified as "exempt" under the FLSA, and

14  improperly denied overtime payments.  <u>Id.</u> at 86-87.  The defendant

15  corporation had designated a Rule 30(b)(6) deponent who was

16  incapable of answering many questions about the plaintiff's duties,

17  and whose answers suggested that the FLSA overtime exemption

18  claimed by the defendant was inapplicable.  <u>Id.</u> at 92.  Because of

19  this inadequate deposition, the district court refused to accept a

20  more detailed and knowledgeable affidavit from the plaintiff's

21  former supervisor (who had since left the defendant company), which

22  purported to offer additional evidence of the plaintiff's exempt

23  status.  <u>Id.</u> at 92-96.  The Court held that to allow the affidavit

24  would contradict the purpose of Rule 30(b)(6), since the defendant

25  could have either designated the former employee as a deponent or

26  prepared its designee to represent what the former employee knew.

27  <u>Id.</u>

28      <u>Rainey</u> demonstrates that Defendants may well be precluded from

10

relying on certain evidence in the future, should they seek to rely upon particular pieces of evidence to establish an issue of disputed fact.[6]  However, <u>Rainey</u> does not suggest that an inadequate Rule 30(b)(6) deposition may categorically preclude a party from bringing any evidence -- indeed, the <u>Rainey</u> court found only that a single, specific affidavit was inappropriate, and discussed a variety of other types of evidence that Defendants offered to support their affirmative defense without suggesting that they were precluded by the inadequate deposition.  <u>Id.</u> at 88-91, 92-93.  Other cases cited by Plaintiffs provide similar instances in which parties invoke inadequate deposition testimony to object to particular evidence offered by the other party, rather than to preclude the other party from presenting any and all evidence.  <u>See</u> <u>Radobenko v. Automated Equipment Corp.</u>, 520 F.2d 540, 544 (9th Cir. 1975) (finding that particular "proofs" that were offered by Plaintiff did not create "genuine" issues of fact because they directly contradicted deposition testimony); <u>Casas v. Conseco Fin. Corp.</u>, No. 00-1512, 2002 U.S. Dist. LEXIS 5775, *32-34 (D. Minn. Mar. 31, 2002) (rejecting declaration that directly contradicted deposition testimony of Rule 30(b)(6) deponent).

The Bruhn and White depositions, standing alone, do not provide Plaintiffs with a basis for halting discovery and

_____

[6] Some examples of evidence that may be precluded include affidavits from former employees who were apparently more knowledgeable than either Bruhn or White -- such as Brent -- with respect to a topic upon which Bruhn or White was properly selected to expound upon.  Defendants may be foreclosed from offering an internal report or study that justifies a particular exemption category after the Rule 30(b)(6) deponents have claimed to be ignorant of such reports.  <u>See</u> Bruhn Depo. Tr. at 105:14-106:19. On the other hand, Defendants may offer evidence that they can establish was not "known or reasonably available to" Defendants when the depositions took place.  <u>See</u> Fed. R. Civ. P. 30(b)(6).

**United States District Court**
For the Northern District of California

precluding Defendants from offering any and all evidence in support of their affirmative defense.  Whatever evidence Defendants ultimately rely upon will need to be evaluated in light of these depositions, and the Court may examine whether each piece of evidence was precluded or obfuscated by the depositions, whether the deposition left open or referred to the existence of the specific evidence, or whether the Rule 30(b)(6) notice properly framed the issue so that the Defendants could be bound by their designation.  These are inquiries that are best performed after Defendants have put forward specific evidence -- rather than hypothetically or categorically -- and the Court will not require Defendants to submit their evidence until after discovery is complete (or at least until class members have been deposed).  By denying the First Motion, the Court is not indicating that the Defendants met all of their obligations under Rule 30(b)(6) with respect to the White and Bruhn depositions -- instead, the Court finds only that it would be proper to evaluate each piece of evidence that Defendants eventually offer individually, and not hypothetically, in light of these depositions.  Because Defendants are not categorically precluded from bringing evidence to support their twelfth affirmative defense, Plaintiffs have failed to persuade this Court that there are no issues of disputed fact with respect to this defense.

Plaintiffs argue that Defendants' failure to prepare its deponents leaves Plaintiffs vulnerable to "trial by ambush."  First Mot. at 15-16.  However, Plaintiffs need not proceed in ignorance as to which of the FLSA's exemptions Defendants will assert at trial or the evidence that Defendants will use to support there

1    position.   Discovery is not yet over, and Plaintiffs may seek to

2    retake the depositions.   Plaintiffs may still seek to pursue

3    discovery of Defendants' legal position through standard discovery

4    procedures, such as motions to compel or contention

5    interrogatories.   If discovery proves futile, Plaintiffs may object

6    to the specific evidence that Defendants later attempt to rely

7    upon, provided that Plaintiffs have a good faith argument that the

8    evidence has been precluded by Bruhn's or White's deposition.

9         Plaintiffs' First Motion is DENIED because Plaintiffs have

10   failed to persuade this Court that there are no disputed issues of

11   material fact.   Additionally, because discovery is not yet

12   complete, and particularly because Defendants have not yet deposed

13   any members of the Managers Class, the Court finds that Defendants

14   should have an opportunity to complete discovery.   Defendants' Rule

15   56(f) Motion is GRANTED.[7]

16        **B.   Plaintiffs' Second Motion For Summary Adjudication**

17        Plaintiffs' Second Motion has been brought on behalf of the

18   Trainers Class.   Plaintiffs seek a finding that Defendants are

19   liable to the Trainers Class for breaches of the FLSA, based on two

20   distinct theories.   First, Plaintiffs claim that, prior to November

21   of 2003, Defendants excluded the time that trainers spent in

22   training sessions, and only considered time spent performing other

---

[7] The parties spend a considerable amount of space arguing over the
propriety of Defendants' Rule 56(f) Motion, which was formally
filed after Plaintiffs' Motions for Summary Adjudication had been
fully briefed.   Nevertheless, Defendants invoked Rule 56(f) in
their First Opposition.   First Opp'n at 11.   Moreover, given the
context of Plaintiffs' First Motion, which makes no affirmative
showing as to the exemption status of the Managers Class and
attempts to categorically preclude all further discovery on this
topic, Defendants' plans to depose members of the Managers Class
are sufficiently particular to meet Defendants' burden under Rule
56(f).

duties, when calculating the amount of time that trainers worked. Second Mot. at 18-19.  Plaintiffs claim that this violated the FLSA, which requires overtime compensation for time worked in excess of forty hours per week, 29 U.S.C. § 207(a)(1).  Id. Second, Plaintiffs claim that even when Defendants did pay the trainers overtime, they initially paid only a portion of the overtime amount, and later paid the rest of the overtime amount through a "recalculation" that was added to the following pay check.  Id. at 19-20.  Plaintiffs claim that this violated the provisions of 29 C.F.R. § 778.106, which requires overtime compensation be paid on the employees' "regular payday."  Id.

The Court does not reach the merits of the Second Motion. Instead, it concludes that it would be premature to reach a conclusion as to Defendants' liability to a class of employees that has only been conditionally certified.  See Mar. 24, 2008 Order at 15.  As this Court has previously outlined, and as Plaintiffs themselves initially requested, this Court has adopted a two-step process for certification.  Id. at 4-5.  At this stage, Plaintiffs have only been required to make a "minimal showing" that the members of the Trainers Class were "similarly situated," in accordance with the procedures adopted by the district courts of this circuit to handle collective actions under the FLSA.  Id. at 4.  The purpose of this first-step review is to "determine whether a collective action should be certified for the purpose of sending notice to potential class members."  Wren v. RGIS Inventory Specialists, 256 F.R.D. 180, 211-12 (N.D. Cal. 2009).  This Court explicitly stated that it would conditionally certify the class only as the first step in a two-step process, "in anticipation of a

**United States District Court**
For the Northern District of California

1  later more searching review." Id. at 4-5.  The Tenth Circuit has

2  described the second step as follows:

3            At the conclusion of discovery (often prompted by
             a motion to decertify), the court then makes a

4            second determination, utilizing a stricter
             standard of "similarly situated." During this

5            second stage analysis, a court reviews several
             factors, including (1) disparate factual and

6            employment settings of the individual plaintiffs;
             (2) the various defenses available to defendant

7            which appear to be individual to each plaintiff;
             (3) fairness and procedural considerations; and

8            (4) whether plaintiffs made the filings required
             by the ADEA before instituting suit.

9

10  Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102-03 (10th

11  Cir. 2001); See also Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d

12  1208, 1219 (11th Cir. 2001) (approving two-tier approach); Wren,

13  256 F.R.D. at 211-12 (noting that district courts within Ninth

14  Circuit have adopted this approach).

15       Plaintiffs themselves explicitly relied upon this two-step

16  certification process, and claimed to be only subject to the

17  relaxed standards applicable at the first stage of certification.

18  See Motion to Certify Class of Personal Trainers, Docket No. 160,

19  at 4, 15-17 (acknowledging that "at the second stage . . . the

20  court engages in a more searching review").  Defendants have

21  claimed that they intend to move for decertification at the close

22  of discovery.  Kloosterman 56(f) Decl. ¶ 4.  Plaintiffs have not

23  stated any reason to depart from the procedures set out in this

24  Court's previous Order.

25       Given the fact that a stricter review of the Trainers Class is

26  still pending, it would be inappropriate to enter a judgment as to

27  the liability of Defendants to this Class at this time.  The Court

28  has not received briefing from either party on the issues of final

certification, and it is not currently in a position to reach a conclusion on this issue.  The Court finds only that it would be inappropriate to enter judgment as to Defendants' liability to the Trainers Class before the second stage of certification is complete.  Plaintiffs' Second Motion is therefore DENIED WITHOUT PREJUDICE.  Plaintiffs may move for summary adjudication on this issue at a later time.[8]

**V.   CONCLUSION**

Plaintiffs' Motion for Summary Adjudication Number One is DENIED.  This denial is without prejudice as to Plaintiffs' ability to later object to particular evidence that is submitted by Defendants, or to move for summary adjudication with respect to Defendants' twelfth affirmative defense after discovery is complete.  In accordance with the denial of Plaintiffs' first Motion, Defendants' Motion for Denial or Continuance of Plaintiffs' Motions for Summary Adjudication Under Rule 56(f) is GRANTED.

Although this Court has concluded that Defendants' conduct is not grounds for summary adjudication with respect to Defendants' affirmative defense, the Court orders Defendants to show cause why they should not face other sanctions for failure to comply with Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Defendants

---

[8] Because the Court does not reach the merits of the Second Motion, and because it does not rely upon the substance of Defendants' declarations to reach its conclusions with respect to the First Motion, it is unnecessary for this Court to resolve Plaintiffs' voluminous evidentiary objections, submitted by Plaintiffs in response to Defendants' declarations in opposition to either Motion.  Docket Nos. 325, 326, 329, 330, 331, 332, 333, 334, 336. The Court notes in passing that many of these objections were simply rote recitations of the rules of evidence, unsupported by explanations or reasoned justifications.

United States District Court
For the Northern District of California

1  shall show cause in writing no later than <u>Friday, November 30,</u>

2  <u>2009</u>.  Defendants' response shall not exceed fifteen (15) pages.

3  The Show-Cause Hearing is scheduled for <u>Friday, December 4, 2009</u>,

4  at <u>10:00 a.m.</u> in Courtroom 1, on the 17th floor, U.S. Courthouse,

5  450 Golden Gate Avenue, San Francisco, CA 94102.  All parties are

6  ordered to appear at the Show-Cause Hearing.

7       Plaintiffs' Motion for Summary Adjudication Number Two is

8  DENIED WITHOUT PREJUDICE as to Plaintiffs' ability to file a motion

9  for summary adjudication on this same issue in the future.

10 However, this Court will not resolve any such motion until it is

11 satisfied that the Trainers Class is appropriate for final

12 certification.

13

14      IT IS SO ORDERED.

15

16      Dated: November 10, 2009          

17                                   UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28