# EXHIBIT J

# EXHIBIT J

| | |
|---|---|
| **From:** | Richard Donahoo |
| **Sent:** | Friday, March 25, 2011 5:09 PM |
| **To:** | 'Kloosterman, John C.'; Justin Karczag |
| **Cc:** | Hayward, Laura E.; Tom Foley; William Donahoo; Stephanie Hanning; Christine James; Colleen Connors; Sarah Kokonas |
| **Subject:** | RE: Beauperthuy v 24 Hour Arbitrations |
| **Attachments:** | DeclarationreArbitrationProvision.pdf |

John,

We have filed opt-in demands/claims for arbitration at JAMS in Northern California as it is an appropriate venue to arbitrate the claims. It is the proper venue for the same reason the Beauperthuy case is venued in Northern California. It is the venue of 24 Hour's headquarters where the underlying dispute arose. Moreover, the dispute centered on 24 Hour's exempt classification, its failure to pay overtime and the failure to pay personal trainers their actual time worked. All of this emanated from its corporate headquarters. Most of the witnesses you proffered in support of your recently successful motion were from California. Your office is in Northern California. Your PMK's are in California. That 24 Hour may want to defend the case by claiming that certain managers' actual work performed qualified them for the exempt status does not change the nature of the dispute. Moreover, the witnesses can testify as to work performed just as well in California as anywhere else. It just makes no sense to do arbitrations all over the country.

24 Hour previously submitted a declaration with the arbitration agreement to the court in the Boyce case, which we filed in the Beauperthuy case early on (possibly before your involvement in the case). Attached is a copy. According to the 24 Hour declarant, Mr. Prescott, this is the controlling agreement. Your email makes references to provisions that are not in that agreement. Please advise if you are referring to a different arbitration agreement. If so, please provide the arbitration agreement(s) that 24 Hour contends applies to each of the opt-in plaintiffs. We don't agree that any other agreement applies, but without knowing what agreement you are referring to, we can't make any progress on coming to a resolution on this issue.

When you are available we would like to have a meaningful sit-down to try to formulate a procedural framework for getting these claims adjudicated in an efficient manner to complete this litigation. We are interested in moving forward. Let me know when you are available to meet and confer once you speak with your client.

Rich.

---

**From:** Kloosterman, John C. [mailto:JKloosterman@littler.com]
**Sent:** Wednesday, March 23, 2011 5:00 PM
**To:** Justin Karczag
**Cc:** Hayward, Laura E.; Tom Foley; Richard Donahoo; William Donahoo; Stephanie Hanning; Christine James; Colleen Connors; Sarah Kokonas
**Subject:** RE: Beauperthuy v 24 Hour Arbitrations

Justin,

I've received the 8 arbitration demands encompassing 400 individuals that you've filed with JAMS in San Francisco over the past few days. We are pleased that the *Beauperthuy* opt-ins have elected to proceed with individual arbitration under the terms of each individual's arbitration agreement with 24 Hour Fitness. We are confused, however, as to why you are filing the claims with JAMS and in San Francisco.

The relevant arbitration agreements provide that a party's arbitration demand should be delivered directly to 24 Hour Fitness' legal department; I'll accept service of these, and any remaining timely demands, on the company's behalf. The agreements also provide that the arbitrator will be selected by mutual agreement of the parties and from a listing of arbitrators and retired judges in the geographical vicinity of the place where the dispute arose or where the employee last worked for 24 Hour Fitness. Since the claims at issue here all relate to employment outside of California, San Francisco is not the contractually proper forum. In short, the agreements at issue don't provide that JAMS will administer the arbitrations, or that JAMS' Rules apply, or that the arbitrations will occur in San Francisco.

We may agree to use a JAMS arbitrator for some individual claimants if their claim arose in geographic proximity to a JAMS facility and the parties agree on a JAMS panelist, but we don't agree to use JAMS for all the arbitrations. So there's no need to continue filing the demands for arbitration with JAMS - you can just send them to me through the deadline stated in Judge Conti's Order.

Thanks,

John

---

**From:** Justin Karczag [mailto:jkarczag@foleybezek.com]
**Sent:** Wednesday, March 23, 2011 4:44 PM
**To:** Kloosterman, John C.
**Cc:** Hayward, Laura E.; Tom Foley; Richard Donahoo; William Donahoo; Stephanie Hanning; Christine James; Colleen Connors; Sarah Kokonas
**Subject:** Re: Beauperthuy v 24 Hour Arbitrations

John, attached is our Demand and Claim for Individual Arbitration No. 8 submitted to JAMS' San Francisco office.

-- Justin

Justin P. Karczag
Partner
Foley Bezek Behle & Curtis, LLP
575 Anton Blvd., Ste. 710, Costa Mesa, CA 92626
Main: 714.556.1700, Direct: 714.200.2997, Fax: 714.546.5005

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

1  HENRY D. LEDERMAN, Bar No. 079498
   LITTLER MENDELSON
2  A Professional Corporation
   2175 North California Blvd., Suite 835
3  Walnut Creek, CA  94596-3565
   Telephone:      (925) 932-2468
4  Fax No.:        (925) 946-9809

5  VAN A. GOODWIN, Bar No. 095170
   DENISE M. VISCONTI, Bar No. 214168
6  LITTLER MENDELSON
   A Professional Corporation
7  701 "B" Street, 13th Floor
   San Diego, CA  92101-8194
8  Telephone: (619) 232-0441
   Facsimile: (619) 232-4302

9

10 Attorneys for Defendants
   SPORTS AND FITNESS CLUBS OF AMERICA
11 d/b/a 24 HOUR FITNESS

12              UNITED STATES DISTRICT COURT

13           SOUTHERN DISTRICT OF CALIFORNIA

14 ROBERT L. BOYCE, JR.; STEPHANIE          Case No. 03cv2140-IEG(BLM)
   SHETLER; individuals for themselves; on
15 behalf of all others similarly situated and    DECLARATION OF WILLIAM D.
   on behalf of the general public,              PRESCOTT IN SUPPORT OF
16                                                DEFENDANT'S MOTION FOR ORDER
                       Plaintiffs,               AMENDING PLEADING TO EXCLUDE
17                                               REFERENCE TO REPRESENTATION
              v.                                 OF UNNAMED CLASS MEMBERS WHO
18                                               ARE PARTIES TO ARBITRATION
   SPORTS AND FITNESS CLUBS OF                   AGREEMENTS
19 AMERICA, a California corporation d/b/a
   24 HOUR FITNESS; and DOES 1 through          Hearing Date:  July 26, 2004
20 10, inclusive,                                Time:  10:30 a.m.
                                                 Courtroom 13
21                     Defendants.

22

23

24

25

26

27

28



FILED

JUN - 4 2004

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                      DEPUTY

RECEIVED IN
DOCKETING

JUN 08 2004

ORIGINAL

LITTLER MENDELSON

DECLARATION OF WM. PRESCOTT ISO 24 HOUR FITNESS' MOTION FOR ORDER AMENDING PLEADING

21        EXHIBIT 2

24

I, WILLIAM D. PRESCOTT, declare as follows:

1.      I am employed by Defendants 24 Hour Fitness USA, Inc. and Sports & Fitness Clubs of America, Inc. (collectively referred to as "24 Hour Fitness" or the "Company") as the Senior Director of Corporate and Field Human Resources. I make this declaration on behalf of 24 Hour Fitness and, based upon the information available to me and to the Company, I am informed and believe and on that ground allege that the matters stated herein are true.

2.      24 Hour Fitness has maintained an Arbitration of Disputes Policy for all times relevant to this lawsuit. In December of 2001, 24 Hour Fitness adopted a revised version of its Arbitration of Disputes Policy. This policy was to be included in the 24 Hour Fitness Employee Handbook, as previous versions of the policy had been. The revised policy provides:

> If any dispute arises from or relates to your employment with 24 Hour Fitness or the termination of your employment, you and 24 Hour Fitness agree that you both will submit it exclusively to final arbitration. Except for workers' compensation and unemployment insurance claims, the dispute includes every kind or type of dispute including, without limitation, any allegation of wrongful discharge, discrimination, harassment, unfair competition, or any injury to a party's physical, mental or economic interest. Unless controlling legal authority requires otherwise, there shall be no right or authority for any dispute to be heard or arbitrated on a class action basis, as a private attorney general, or on a basis involving disputes brought in a purported representative capacity on behalf of the general public, provided, however, that any individual claim is subject to this agreement to arbitrate. This means that a neutral arbitrator, rather than a court or jury, will decide the dispute.

In addition, the Policy states that the parties agree to "settle the dispute according to the provisions of the Federal Arbitration Act, 9 U.S.C. sections 1-16." A true and correct copy of the December 2001 24 Hour Fitness Arbitration of Disputes Policy is attached hereto as Exhibit "A".

3.      Pursuant to the terms of this Policy, 24 Hour Fitness agrees to "pay the fee for the arbitration proceeding." In addition, the Policy provides for resolution by a neutral arbitrator, and is fully mutual, requiring both employees and 24 Hour Fitness to submit their employment-related disputes to arbitration.

4.      To promulgate this new policy, in or about December 2001 the Company sent a memorandum, with a copy of the Policy attached, to all employees. This was sent via first class mail, postage prepaid, to the current residence addresses for employees on file with the Company. In addition, for those employees for which the Company did not have current residence addresses,

1.

LITTLER MENDELSON
...



1    and/or where the Company received returned mail indicating that an address was incorrect, the

2    company made diligent efforts to follow up to ensure that all employees received a copy of the

3    updated Arbitration Policy. A true and correct copy of this memorandum, dated December 14, 2001,

4    is attached hereto as Exhibit "B".

5         5.    On January 23, 2002, 24 Hour Fitness directed that a follow-up memorandum

6    be inserted with employees' paychecks or pay stubs which informed employees of the new Policy.

7    In addition, the memorandum directed them to speak with the Operations Manager of their club to

8    obtain a copy of the revised Arbitration Policy if they had not received it by mail. A true and correct

9    copy of this memorandum, dated January 23, 2002, is attached hereto as Exhibit "C".

10        6.    Subsequent to the mass mailing of the new Policy, and the follow-up

11   memorandum inserted with employee paychecks and pay stubs, 24 Hour Fitness has included the

12   December 2001 version of its Arbitration Policy in its Employee Handbook, which is given to all

13   new employees has part of the new hire package. In addition, the Handbook contains an Employee

14   Handbook Receipt Acknowledgement, to be signed by the employee, which specifically

15   acknowledges agreement to the terms of the December 2001 Arbitration Policy. A true and correct

16   copy of a 24 Hour Fitness Employee Handbook Receipt Acknowledgment is attached hereto as

17   Exhibit "D".

18        7.    Therefore, all employees employed from December of 2001 through the

19   present are, or should have been, on notice of the existence of the revised policy, and the fact that the

20   policy is binding upon their employment relationship with 24 Hour Fitness.

21        I declare under the penalty of perjury under the laws of the State of California that the

22   foregoing is true and correct.

23        Executed on this 4th day of June, 2004, at San Ramon California.

24

25

26                                              _____
                                                WILLIAM D. PRESCOTT
27

28

                                                 2.

26

*Robert L. Boyce, Jr., et al. v. Sports and Fitness Clubs of America, et al.*
U.S. District Court, Southern District of California Case No. 03cv2140 DMS(JMA)

### DECLARATION OF SERVICE

I, Tanya Longo, declare:

I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 701 B Street, 13th Floor, San Diego, CA 92101.

On June 4, 2004, I served the following document(s):

**DECLARATION OF WILLIAM D. PRESCOTT IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER AMENDING PLEADING TO EXCLUDE REFERENCE TO REPRESENTATION OF UNNAMED CLASS MEMBERS WHO ARE PARTIES TO ARBITRATION AGREEMENTS**

on the parties in this action addressed as follows:

| | |
|---|---|
| Justian Jusuf, Esq.<br>Castle, Petersen & Krause LLP<br>4675 MacArthur Court, Suite 1250<br>Newport Beach, CA  92660<br>Telephone:  (949) 417-5600<br>Facsimile:   (949) 417-5610 | Attorney for Plaintiffs<br>ROBERT L. BOYCE, JR.<br>and STEPHANIE SHETLER |

**XX  BY U.S. MAIL:**  I placed the original of the above document(s) in a sealed envelope, addressed as indicated above.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 4, 2004 at San Diego, California.

_Tanya Longo_
Tanya Longo

---

DECLARATION OF SERVICE

27

## ARBITRATION OF DISPUTES

As an expeditious and economical way to settle employment disputes without the need to go through the courts, 24 Hour Fitness agrees and requires its employees to submit such disputes to final and binding arbitration.

## NATURE OF DISPUTE

If any dispute arises from or relates to your employment with 24 Hour Fitness or the termination of your employment, you and 24 Hour Fitness agree that you both will submit it exclusively to final arbitration. Except for workers' compensation and unemployment insurance claims, the dispute includes every kind or type of dispute including, without limitation, any allegation of wrongful discharge, discrimination, harassment, unfair competition, or any injury to a party's physical, mental or economic interest. Unless controlling legal authority requires otherwise, there shall be no right or authority for any dispute to be heard or arbitrated on a class action basis, as a private attorney general, or on a basis involving disputes brought in a purported representative capacity on behalf of the general public, provided, however, that any individual claim is subject to this agreement to arbitrate. This means that a neutral arbitrator, rather than a court or jury, will decide the dispute.

## CONTROLLING LAW

We agree to settle the dispute according to the provisions of the Federal Arbitration Act, 9 U.S.C. sections 1 - 16. All disputes will be resolved by a single Arbitrator. The Arbitrator shall be selected by mutual agreement of the parties.

## REQUEST FOR ARBITRATION

To start the arbitration process, either party must submit a written arbitration request to the other, within the appropriate statute of limitation period for the claim being brought. The arbitrator may continue in a party's absence if, after due notice, that party fails to appear. Any failure to request arbitration in this time frame and according to the procedures set forth below shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration.

A Request for Arbitration must be submitted in writing to the other party. The Request for Arbitration shall include the following information:

1. Description of the Dispute: A description of the dispute in sufficient detail to advise the other party of the nature of the dispute. It must include the date when the dispute first arose;

24 Hour Fitness Employee Handbook -      36
Update 12/2001

29

2.  Names of Witnesses:  The names, work locations and telephone numbers of any co-workers
    or supervisors with knowledge of the dispute; and

3.  Relief Requested: Tell the other party what is requested.

Either party may have a lawyer or any person represent it in the arbitration proceedings.  However, each
party must pay for any expenses, including lawyer's fees, associated with hiring his, her or its lawyer or
other representative.  Subject to any remedies to which a prevailing party may be entitled under the law,
neither party is responsible for the other's lawyer's fees or any expenses incurred pursuing arbitration

Costs of Arbitration

If required by controlling law, 24 Hour Fitness will pay the fee for the arbitration proceeding.  Otherwise,
each party will equally bear the costs of arbitration.

LOS_ANGELES:164973.1 034070.1190

30

# EXHIBIT K

# EXHIBIT K

# DONAHOO & ASSOCIATES
### ATTORNEYS

440 W. First Street, Suite 101
Tustin, California 92780
Telephone (714) 953-1010
Facsimile  (714) 953-1777

April 11, 2011

**Via Email and U.S. Mail**

John C. Kloosterman, Esq.
**LITTLER MENDELSON, P.C.**
650 California Street, 20th Floor
San Francisco, California 94108

Re:     **Beauperthuy, et al. v. 24 Hour Fitness**

Dear John:

This letter follows our meet and confer telephone conference of today's date.  We spoke regarding the issues set forth in your letter of April 1, 2011 regarding the venue of arbitration claims filed in this matter following the Court's ruling on class certification.

The purpose of my call was to have a meaningful discussion to see if common ground may be found on the issues raised.  As I explained, we are interested in meeting and conferring about all of these issues.  It was my hope that we can reach agreement on many procedural issues.

Although we did not reach agreement on any issue during our call, you agreed to go back to your client and discuss these issues.  You also indicated that your client is in the process of searching it records to determine whether there exists one or more signed arbitration agreement for each of the claimants.

We discussed the fact that for most of the Claimants, their dates of eligible employment are listed in the Demand and Claims.  For hundreds of them, their entire qualifying employment precedes the 2005 and 2007 Agreements and is therefore subject to the 2001 Agreement.  The 2001 Agreement has no provision regarding "where the dispute arose" or "where the employee worked."

It may make sense for those individuals to use mutually agreeable arbitrator(s) from a JAMS list at least as to those.  Such an agreement would make at least several hundred claimants eligible for immediate arbitration.  Right now, I can't see the basis for holding up their right to arbitrate on the basis that others were allegedly subject to a different agreement.

If your client could provide the signed arbitration agreements it could speed the process up further.

Exhibit "H"

114

John C. Kloosterman, Esq.
April 11, 2011
Page No. 2

  Thank you for taking the call today and I hope we can work out these issues so we can get to the merits on behalf of our respective clients as soon as possible. Please respond as soon as possible with the arbitration agreements. Also, I would like to schedule a follow up call later this week after you have heard from your client. Please let me know your availability.

       Very truly yours,

       DONAHOO & ASSOCIATES

       Richard E. Donahoo

RED/smb
cc: Thomas G. Foley, Jr. *(via email)* Justin Karczag *(via email)*

Exhibit "H"

# EXHIBIT L

# EXHIBIT L

## DONAHOO & ASSOCIATES
### ATTORNEYS

440 W. First Street, Suite 101
Tustin, California 92780
Telephone (714) 953-1010
Facsimile  (714) 953-1777

May 13, 2011

**Via U.S. Mail**

John C. Kloosterman, Esq.
**LITTLER MENDELSON, P.C.**
650 California Street, 20th Floor
San Francisco, California 94108

Re:    **Beauperthuy, et al. v. 24 Hour Fitness**
Claimants Began and Ended Work 2001-2004 (See Exhibit A)

Dear John:

This is the first of four letters that will respond to your 913 individual letters recently received.  This letter is in response to 167 of these individual letters and responds solely on behalf of those individuals listed in Exhibit A, attached hereto.

From our records, which include documents that 24 Hour produced in these proceedings, each of the individuals listed on Exhibit A **began and ended** their employment in a qualifying position with 24 Hour between 2001 and 2004.[1]  If you disagree, please advise and provide documentation that any of the individuals listed on Exhibit A were employed by 24 Hour subsequent to 2004.

Your letter of April 1, 2011 states that the 2001 arbitration agreement was applicable in 2001, but does not provide the specific date when 24 Hour notified employees that a new arbitration agreement had been adopted.  Please advise us of the exact date in 2005 when 24 Hour first notified employees that there was purportedly a new arbitration agreement. If the 2005 arbitration agreement was implemented on different dates in different areas of the country or in different districts, or states, please advise us of the dates when the 2005 agreement was implemented in each district or state.

Your letter requests proposed arbitrators be designated by claimants from several geographic locations, apparently based on 24 Hour's records of the club where the claimants identified on Exhibit A last worked.

---

[1] Note, according to our calculations, you sent letters to 913 of the 983 claimants.  Had you sent letters to all of the 983 claimants, at least 177 of them would fall into this category.

John C. Kloosterman, Esq.
May 13, 2011
Page 2

We previously requested in writing on several occasions a copy of any written arbitration agreement signed, or acknowledged, by each of these claimants. Your letter in response did not include any such agreements or acknowledgments executed by any of the claimants. We assume that since these individuals did not work after January 1, 2005, the specific venue provisions do not apply. If you disagree, please advise.

24 Hour submitted a 2004 declaration to the federal court while the *Boyce* case was pending as a national—not just California--FLSA putative collective action that stated that the 2001 Arbitration of Disputes policy applied to all employees; a copy of the declaration and policy is enclosed. This policy states it is subject to the Federal Arbitration Act ("FAA"). Therefore under the 2001 agreement, the FAA's general venue policies apply. In your letter of May 2, 2011 you agree. Under the FAA, venue is appropriate under the general venue provisions of 28 U.S.C. § 1391(a). *Textile Unlimited v. A..bmhand Co.*, 240 F.3d 781, 784-786 (9th Cir. Cal. 2001), citing, *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, (2000).

Here, under §1391(a) venue is appropriate in the Northern District of California as it is where the headquarters of 24 Hour Fitness is located.

With respect to proposed arbitrators for arbitrations in the Northern District, we proposed that the parties agree to an arbitrator for a specific number of individual arbitrations. This would **not** be a collective arbitration or group arbitration, but simply an agreement to select an initial arbitrator for a specific number of individual arbitrations. We would propose that the parties initially arbitrate 10-20 individual arbitrations, with half of the individuals selected by Claimants' counsel and half by 24 Hour.

For the first agreed upon number of individual arbitrations, we would propose the following arbitrators for arbitration in the Northern District:

Hon. Demetrios P. Agretelis (Ret.)
Hon. Edward A. Infante (Ret.)
Hon. Edward Panelli (Ret.)
Michael Loeb, Esq.
Hon. Steven Stone (Ret.)
Hon. Daniel Pratt (Ret.)

John C. Kloosterman, Esq.
May 13, 2011
Page 3


      Please respond within 14 days. We look forward to meeting and conferring with you in the hopes of proceeding in an orderly manner.  We are willing to come to San Francisco to meet face-to-face if necessary to further meet and confer to resolve issues.

          Very truly yours,

          DONAHOO & ASSOCIATES

          Richard E. Donahoo

RED/smb
cc:    Thomas G. Foley, Jr. *(via email)*, Justin Karczag *(via email)*

| No. | Last Name | First Name | MI | Plaintiff ID | Claimant # |
|---|---|---|---|---|---|
| 1 | Aarona | Christian | K | 1000 | # 451 |
| 2 | Abeyta | Brian | D | 1256 | # 901 |
| 3 | Akana | Michael | K | 923 | # 452 |
| 4 | Allen | Robert | L | 1314 | # 551 |
| 5 | Anderson | Bryan | Scott | 110 | # 602 |
| 6 | Avila | Anthony | R | 510 | # 102 |
| 7 | Barnes | H | Hamilton | 842 | # 352 |
| 8 | Bean | Laura | L | 576 | # 857 |
| 9 | Bean | James | Bryc | 194 | # 652 |
| 10 | Benak | Joann | Mari | 400 | # 353 |
| 11 | Birely | Matthew | Jerin | 39 | # 862 |
| 12 | Blair | Joseph | P | 1061 | # 655 |
| 13 | Bluff | James | R | 221 | # 104 |
| 14 | Bowden Jr | Lonnie | L | 1062 | # 708 |
| 15 | Boyd | Roderick | C | 1182 | # 303 |
| 16 | Bozieux | Guerlin | | 1030 | # 864 |
| 17 | Brockett | Dawn | Katherine | 919 | # 454 |
| 18 | Brown | Ryan | Scott | 146 | # 106 |
| 19 | Brown | Ryan | Scott | 146 | # 155 |
| 20 | Brown | Jason | D | 92 | # 354 |
| 21 | Bryant | Terry | L | 172 | # 608 |
| 22 | Buntin | Amanda | L | 359 | # 866 |
| 23 | Burt | Terri | Leigh | 700 | # 555 |
| 24 | Cantlon | Terry | Joseph | 954 | # 257 |
| 25 | Clack | Abbott | Sebastian | 967 | # 411 |
| 26 | Cloudas | Keith | Todd | 714 | # 713 |
| 27 | Coe | Charles | T | 352 | # 203 |
| 28 | Collins | Christina | D | 1220 | # 714 |
| 29 | Conry | Eric | Lee | 744 | # 456 |
| 30 | Cook | Kaytee | Lynn | 726 | # 305 |
| 31 | Corson | Hadley | Erinn | 1126 | # 509 |
| 32 | Criqui | Chad | Allan | 1059 | # 661 |
| 33 | Crittendon | Andre | | 439 | # 357 |
| 34 | Curtis | Anthony | Troy | 731 | # 459 |
| 35 | D'errico | Lindsay | | 1109 | # 946 |
| 36 | Davidsson | John | | 329 | # 947 |
| 37 | Demorato | Pizza | Celeste | 433 | # 874 |
| 38 | Deslatte-Bordelon | Brandi | Nicole | 1058 | # 716 |
| 39 | Deslatte-Bordelon | Brandi | Nicole | 1058 | # 762 |
| 40 | Dia Cono | Andrea | S | 600 | # 416 |
| 41 | Dillion | Jamie | Lill | 446 | # 359 |
| 42 | Dwyer | Miguel | S | 968 | # 717 |

| | | | | | |
|---|---|---|---|---|---|
| 43 | Eserman | Miranda | Lee | 838 | # 311 |
| 44 | Estey | Travis | J | 903 | # 461 |
| 45 | Estey-Rodriquez-Hoep | Megan | A | 904 | # 462 |
| 46 | Evers | Stephanie | Linn | 613 | # 667 |
| 47 | Fannin | Nicholas | Kie | 994 | # 908 |
| 48 | Festner | Jared | Michael | 193 | # 360 |
| 49 | Fittro | David | Dean | 952 | # 718 |
| 50 | Foley | Jessica | L | 1060 | # 669 |
| 51 | Fontenot | Kirk | A | 1091 | # 313 |
| 52 | Frei | Troy | A. | 97 | # 911 |
| 53 | Gabalski | Heidi | | 527 | # 955 |
| 54 | Gasteiger | Lisa | J | 29 | # 267 |
| 55 | Gaughan | Kathleen | Elizabeth | 825 | # 670 |
| 56 | Geha | Ramsay | Hust | 1011 | # 465 |
| 57 | Gladney | Deborah | | 1168 | # 720 |
| 58 | Gossett | Tyler | Evan | 1302 | # 317 |
| 59 | Green | Quentin | Royce | 627 | # 424 |
| 60 | Gregorek | Connie | Barr | 1012 | # 878 |
| 61 | Griffin | Malikia | Dunsha | 1254 | # 516 |
| 62 | Haeuptle | William | Louis | 880 | # 466 |
| 63 | Haines | Jennifer | Ann | 516 | # 118 |
| 64 | Hale | Heather | A | 989 | # 365 |
| 65 | Hall | Lisa | J | 834 | # 467 |
| 66 | Hardee | Jimmy | Dale | 350 | # 879 |
| 67 | Harman | Krista | | 858 | # 426 |
| 68 | Harris | Christopher | Lee | 606 | # 119 |
| 69 | Harris | Rochelle | L | 862 | # 723 |
| 70 | Hill | Jacob | Donald | 770 | # 470 |
| 71 | Hill | Clinton | Mathews | 1115 | # 520 |
| 72 | Hollweg | Erika | | 733 | # 319 |
| 73 | Holm | Corey | A | 573 | # 371 |
| 74 | Honell | James | Richard | 483 | # 373 |
| 75 | House | Meda | Lakeysha L | 1029 | # 915 |
| 76 | House Bagley | Lesley | Louise | 437 | # 374 |
| 77 | Howell | Kelly | | 131 | # 274 |
| 78 | Hudson | Goreal | D | 88 | # 959 |
| 79 | Ince | Sieglinde | Irene | 151 | # 429 |
| 80 | Kilpatrick | Kimberly | Colleen | 1077 | # 472 |
| 81 | King(McCaherty) | Geoffrey | T | 283 | # 921 |
| 82 | Kordish | Steven | Wayne | 1037 | # 323 |
| 83 | Kuo | Tony | | 717 | # 678 |
| 84 | Lane | Monte | | 391 | # 474 |
| 85 | Langton | Shane | Anthony | 1236 | # 475 |

| 86 | Lenius | Julie | Lynn | 245 | # 681 |
|---|---|---|---|---|---|
| 87 | Lentz | Ian | W | 973 | # 523 |
| 88 | Lindstrom | Dan | R | 96 | # 682 |
| 89 | London | David | Alexander | 4 | # 683 |
| 90 | Longwell | Jordan | B | 596 | # 433 |
| 91 | Marchica | Emmanuel | Char | 555 | # 436 |
| 92 | Masone | Christie | V | 1226 | # 437 |
| 93 | Matthews | Marcel | W | 503 | # 964 |
| 94 | McCullough | Nicole | M | 1237 | # 729 |
| 95 | McDonald | Jason | R | 813 | # 330 |
| 96 | Mcgregor | Daniel | A | 1090 | # 730 |
| 97 | Mcmahon | Michael | Frank | 178 | # 627 |
| 98 | Medina | Adriana | | 996 | # 438 |
| 99 | Moore | Kevin | Anthony | 1301 | # 184 |
| 100 | Moore | Kevin | Anthony | 1301 | # 228 |
| 101 | Morgan | Boon | Do Kim | 15 | # 926 |
| 102 | Morrow | Jason | Daniel | 580 | # 686 |
| 103 | Myers | Joshua | A | 1217 | # 332 |
| 104 | Nesmith | John | D | 94 | # 966 |
| 105 | Norris | Taylor | L | 925 | # 530 |
| 106 | O'Bryant | Anthony | Alle | 1289 | # 333 |
| 107 | Oliver | Christina | Jo | 863 | # 887 |
| 108 | Olson | Genesis | M | 1015 | # 532 |
| 109 | Orrico | Steven | Bernard | 2 | # 968 |
| 110 | Overby | William | C | 1144 | # 334 |
| 111 | Overdorff (Craner) | Angela | M | 238 | # 830 |
| 112 | Papedo | Louis | Sidney | 457 | # 141 |
| 113 | Parise | Michael | S | 314 | # 380 |
| 114 | Paulick | Cameron | M | 434 | # 932 |
| 115 | Pollak | Glenn | L | 425 | # 833 |
| 116 | Powers | Norinne | Margaret | 1260 | # 480 |
| 117 | Pulido | Amber | G | 455 | # 234 |
| 118 | Quigley | Kristin | Suza | 492 | # 235 |
| 119 | Quinn | Sean | Patrick | 1241 | # 541 |
| 120 | Quist (Huerta) | Julia | M | 1267 | # 481 |
| 121 | Randolph | Stephen | E | 62 | # 191 |
| 122 | Reese | Wesley | A | 1027 | # 440 |
| 123 | Rehman (Sherman) | Alison | C | 974 | # 735 |
| 124 | Reimers | Casie | Jean | 1124 | # 542 |
| 125 | Ricci | Tiffany | A | 1153 | # 336 |
| 126 | Roed | Indika | Skye | 1212 | # 441 |
| 127 | Rose | Scott | Kristoffer | 514 | # 894 |
| 128 | Ross | Keith | D | 885 | # 737 |

| | | | | | |
|---|---|---|---|---|---|
| 129 | Ross | Keith | D | 885 | # 792 |
| 130 | Roulet | Peter | Michael | 972 | # 442 |
| 131 | Routh | Kristina | | 168 | # 384 |
| 132 | Rue | Eddie | Carlos | 1051 | # 543 |
| 133 | Runnels | Jennifer | Lynn | 310 | # 385 |
| 134 | Samayoa | Helen | P | 467 | # 286 |
| 135 | Samek(Taylor) | Paula | Michelle | 809 | # 590 |
| 136 | Schmukal | Mark | | 1189 | # 443 |
| 137 | Sensiba | Trenton | Tyler | 821 | # 386 |
| 138 | Shafer | Kent | | 484 | # 290 |
| 139 | Shanahan | Sarah | Louise | 525 | # 387 |
| 140 | Shaw | Heather | B | 693 | # 388 |
| 141 | Sherrill | Adam | Wayne | 344 | # 975 |
| 142 | Sherwin | Mark | A | 1197 | # 594 |
| 143 | Shine | Erin | C | 232 | # 389 |
| 144 | Shocklee Jr | John | David | 645 | # 444 |
| 145 | Siegmund | Robert | Jason | 223 | # 446 |
| 146 | Slatten | Sean | Patrick | 276 | # 938 |
| 147 | Smith | Christopher | Thom | 669 | # 739 |
| 148 | Smith | Paul | H | 1171 | # 491 |
| 149 | Spencer | Nathan | Josh | 1303 | # 741 |
| 150 | Stark | Duane | A | 1259 | # 447 |
| 151 | Stauffer (Tucker) | Suzanne | P | 764 | # 448 |
| 152 | Struble | Kimberly | Shea | 38 | # 977 |
| 153 | Thompson | Robert | W | 682 | # 393 |
| 154 | Troell | Kimberly | R | 175 | # 394 |
| 155 | Valera | Thomas | James M | 601 | # 547 |
| 156 | Van Horn | Marybeth | | 1028 | # 746 |
| 157 | Vasquez (Geiger) | Frances | | 739 | # 495 |
| 158 | Vaughn | Tracey | Jean | 891 | # 699 |
| 159 | Vincent | Christopher | L | 392 | # 980 |
| 160 | Wagner | Katherine | Denise | 502 | # 396 |
| 161 | Warthen | Jodi | | 964 | # 548 |
| 162 | Washington | Anwar | Bilal | 1347 | # 747 |
| 163 | Welter | Jennifer | Carrie | 811 | # 399 |
| 164 | Wilkins | Robert | Tadahiko | 1207 | # 498 |
| 165 | Wilson | Bradford | W | 273 | # 400 |
| 166 | Yentes | Jennifer | M | 720 | # 800 |
| 167 | Yong | Edward | W | 1186 | # 500 |

| No. | Last Name | First Name | MI | Plaintiff ID | Claimant # |
|-----|-----------|------------|-----|--------------|------------|
| 1 | Aarona | Christian | K | 1000 | # 451 |
| 2 | Abeyta | Brian | D | 1256 | # 901 |
| 3 | Akana | Michael | K | 923 | # 452 |
| 4 | Allen | Robert | L | 1314 | # 551 |
| 5 | Anderson | Bryan | Scott | 110 | # 602 |
| 6 | Avila | Anthony | R | 510 | # 102 |
| 7 | Barnes | H | Hamilton | 842 | # 352 |
| 8 | Bean | Laura | L | 576 | # 857 |
| 9 | Bean | James | Bryc | 194 | # 652 |
| 10 | Benak | Joann | Mari | 400 | # 353 |
| 11 | Birely | Matthew | Jerin | 39 | # 862 |
| 12 | Blair | Joseph | P | 1061 | # 655 |
| 13 | Bluff | James | R | 221 | # 104 |
| 14 | Bowden Jr | Lonnie | L | 1062 | # 708 |
| 15 | Boyd | Roderick | C | 1182 | # 303 |
| 16 | Bozieux | Guerlin | | 1030 | # 864 |
| 17 | Brockett | Dawn | Katherine | 919 | # 454 |
| 18 | Brown | Ryan | Scott | 146 | # 106 |
| 19 | Brown | Ryan | Scott | 146 | # 155 |
| 20 | Brown | Jason | D | 92 | # 354 |
| 21 | Bryant | Terry | L | 172 | # 608 |
| 22 | Buntin | Amanda | L | 359 | # 866 |
| 23 | Burt | Terri | Leigh | 700 | # 555 |
| 24 | Canflon | Terry | Joseph | 954 | # 257 |
| 25 | Clack | Abbott | Sebastian | 967 | # 411 |
| 26 | Cloudas | Keith | Todd | 714 | # 713 |
| 27 | Coe | Charles | T | 352 | # 203 |
| 28 | Collins | Christina | D | 1220 | # 714 |
| 29 | Conry | Eric | Lee | 744 | # 456 |
| 30 | Cook | Kaytee | Lynn | 726 | # 305 |
| 31 | Corson | Hadley | Erinn | 1126 | # 509 |
| 32 | Criqui | Chad | Allan | 1059 | # 661 |
| 33 | Crittendon | Andre | | 439 | # 357 |
| 34 | Curtis | Anthony | Troy | 731 | # 459 |
| 35 | D'errico | Lindsay | | 1109 | # 946 |
| 36 | Davidsson | John | | 329 | # 947 |
| 37 | Demorato | Pizza | Celeste | 433 | # 874 |
| 38 | Deslatte-Bordelon | Brandi | Nicole | 1058 | # 716 |
| 39 | Deslatte-Bordelon | Brandi | Nicole | 1058 | # 762 |
| 40 | Dia Cono | Andrea | S | 600 | # 416 |
| 41 | Dillion | Jamie | Lill | 446 | # 359 |
| 42 | Dwyer | Miguel | S | 968 | # 717 |

| 43 | Eserman | Miranda | Lee | 838 | # 311 |
|----|---------|---------|-----|-----|-------|
| 44 | Estey | Travis | J | 903 | # 461 |
| 45 | Estey-Rodriquez-Hoep | Megan | A | 904 | # 462 |
| 46 | Evers | Stephanie | Linn | 613 | # 667 |
| 47 | Fannin | Nicholas | Kie | 994 | # 908 |
| 48 | Festner | Jared | Michael | 193 | # 360 |
| 49 | Fittro | David | Dean | 952 | # 718 |
| 50 | Foley | Jessica | L | 1060 | # 669 |
| 51 | Fontenot | Kirk | A | 1091 | # 313 |
| 52 | Frei | Troy | A. | 97 | # 911 |
| 53 | Gabalski | Heidi | | 527 | # 955 |
| 54 | Gasteiger | Lisa | J | 29 | # 267 |
| 55 | Gaughan | Kathleen | Elizabeth | 825 | # 670 |
| 56 | Geha | Ramsay | Hust | 1011 | # 465 |
| 57 | Gladney | Deborah | | 1168 | # 720 |
| 58 | Gossett | Tyler | Evan | 1302 | # 317 |
| 59 | Green | Quentin | Royce | 627 | # 424 |
| 60 | Gregorek | Connie | Barr | 1012 | # 878 |
| 61 | Griffin | Malikia | Dunsha | 1254 | # 516 |
| 62 | Haeuptle | William | Louis | 880 | # 466 |
| 63 | Haines | Jennifer | Ann | 516 | # 118 |
| 64 | Hale | Heather | A | 989 | # 365 |
| 65 | Hall | Lisa | J | 834 | # 467 |
| 66 | Hardee | Jimmy | Dale | 350 | # 879 |
| 67 | Harman | Krista | | 858 | # 426 |
| 68 | Harris | Christopher | Lee | 606 | # 119 |
| 69 | Harris | Rochelle | L | 862 | # 723 |
| 70 | Hill | Jacob | Donald | 770 | # 470 |
| 71 | Hill | Clinton | Mathews | 1115 | # 520 |
| 72 | Hollweg | Erika | | 733 | # 319 |
| 73 | Holm | Corey | A | 573 | # 371 |
| 74 | Honell | James | Richard | 483 | # 373 |
| 75 | House | Meda | Lakeysha L | 1029 | # 915 |
| 76 | House Bagley | Lesley | Louise | 437 | # 374 |
| 77 | Howell | Kelly | | 131 | # 274 |
| 78 | Hudson | Goreal | D | 88 | # 959 |
| 79 | Ince | Sieglinde | Irene | 151 | # 429 |
| 80 | Kilpatrick | Kimberly | Colleen | 1077 | # 472 |
| 81 | King(McCaherty) | Geoffrey | T | 283 | # 921 |
| 82 | Kordish | Steven | Wayne | 1037 | # 323 |
| 83 | Kuo | Tony | | 717 | # 678 |
| 84 | Lane | Monte | | 391 | # 474 |
| 85 | Langton | Shane | Anthony | 1236 | # 475 |

| 86 | Lenius | Julie | Lynn | 245 | # 681 |
|----|--------|-------|------|-----|-------|
| 87 | Lentz | Ian | W | 973 | # 523 |
| 88 | Lindstrom | Dan | R | 96 | # 682 |
| 89 | London | David | Alexander | 4 | # 683 |
| 90 | Longwell | Jordan | B | 596 | # 433 |
| 91 | Marchica | Emmanuel | Char | 555 | # 436 |
| 92 | Masone | Christie | V | 1226 | # 437 |
| 93 | Matthews | Marcel | W | 503 | # 964 |
| 94 | McCullough | Nicole | M | 1237 | # 729 |
| 95 | McDonald | Jason | R | 813 | # 330 |
| 96 | Mcgregor | Daniel | A | 1090 | # 730 |
| 97 | Mcmahon | Michael | Frank | 178 | # 627 |
| 98 | Medina | Adriana | | 996 | # 438 |
| 99 | Moore | Kevin | Anthony | 1301 | # 184 |
| 100 | Moore | Kevin | Anthony | 1301 | # 228 |
| 101 | Morgan | Boon | Do Kim | 15 | # 926 |
| 102 | Morrow | Jason | Daniel | 580 | # 686 |
| 103 | Myers | Joshua | A | 1217 | # 332 |
| 104 | Nesmith | John | D | 94 | # 966 |
| 105 | Norris | Taylor | L | 925 | # 530 |
| 106 | O'Bryant | Anthony | Alle | 1289 | # 333 |
| 107 | Oliver | Christina | Jo | 863 | # 887 |
| 108 | Olson | Genesis | M | 1015 | # 532 |
| 109 | Orrico | Steven | Bernard | 2 | # 968 |
| 110 | Overby | William | C | 1144 | # 334 |
| 111 | Overdorff (Craner) | Angela | M | 238 | # 830 |
| 112 | Papedo | Louis | Sidney | 457 | # 141 |
| 113 | Parise | Michael | S | 314 | # 380 |
| 114 | Paulick | Cameron | M | 434 | # 932 |
| 115 | Pollak | Glenn | L | 425 | # 833 |
| 116 | Powers | Norinne | Margaret | 1260 | # 480 |
| 117 | Pulido | Amber | G | 455 | # 234 |
| 118 | Quigley | Kristin | Suza | 492 | # 235 |
| 119 | Quinn | Sean | Patrick | 1241 | # 541 |
| 120 | Quist (Huerta) | Julia | M | 1267 | # 481 |
| 121 | Randolph | Stephen | E | 62 | # 191 |
| 122 | Reese | Wesley | A | 1027 | # 440 |
| 123 | Rehman (Sherman) | Alison | C | 974 | # 735 |
| 124 | Reimers | Casie | Jean | 1124 | # 542 |
| 125 | Ricci | Tiffany | A | 1153 | # 336 |
| 126 | Roed | Indika | Skye | 1212 | # 441 |
| 127 | Rose | Scott | Kristoffer | 514 | # 894 |
| 128 | Ross | Keith | D | 885 | # 737 |

| 129 | Ross | Keith | D | 885 | # 792 |
| 130 | Roulet | Peter | Michael | 972 | # 442 |
| 131 | Routh | Kristina | | 168 | # 384 |
| 132 | Rue | Eddie | Carlos | 1051 | # 543 |
| 133 | Runnels | Jennifer | Lynn | 310 | # 385 |
| 134 | Samayoa | Helen | P | 467 | # 286 |
| 135 | Samek (Taylor) | Paula | Michelle | 809 | # 590 |
| 136 | Schmukal | Mark | | 1189 | # 443 |
| 137 | Sensiba | Trenton | Tyler | 821 | # 386 |
| 138 | Shafer | Kent | | 484 | # 290 |
| 139 | Shanahan | Sarah | Louise | 525 | # 387 |
| 140 | Shaw | Heather | B | 693 | # 388 |
| 141 | Sherrill | Adam | Wayne | 344 | # 975 |
| 142 | Sherwin | Mark | A | 1197 | # 594 |
| 143 | Shine | Erin | C | 232 | # 389 |
| 144 | Shocklee Jr | John | David | 645 | # 444 |
| 145 | Siegmund | Robert | Jason | 223 | # 446 |
| 146 | Slatten | Sean | Patrick | 276 | # 938 |
| 147 | Smith | Christopher | Thom | 669 | # 739 |
| 148 | Smith | Paul | H | 1171 | # 491 |
| 149 | Spencer | Nathan | Josh | 1303 | # 741 |
| 150 | Stark | Duane | A | 1259 | # 447 |
| 151 | Stauffer (Tucker) | Suzanne | P | 764 | # 448 |
| 152 | Struble | Kimberly | Shea | 38 | # 977 |
| 153 | Thompson | Robert | W | 682 | # 393 |
| 154 | Troell | Kimberly | R | 175 | # 394 |
| 155 | Valera | Thomas | James M | 601 | # 547 |
| 156 | Van Horn | Marybeth | | 1028 | # 746 |
| 157 | Vasquez (Geiger) | Frances | | 739 | # 495 |
| 158 | Vaughn | Tracey | Jean | 891 | # 699 |
| 159 | Vincent | Christopher | L | 392 | # 980 |
| 160 | Wagner | Katherine | Denise | 502 | # 396 |
| 161 | Warthen | Jodi | | 964 | # 548 |
| 162 | Washington | Anwar | Bilal | 1347 | # 747 |
| 163 | Welter | Jennifer | Carrie | 811 | # 399 |
| 164 | Wilkins | Robert | Tadahiko | 1207 | # 498 |
| 165 | Wilson | Bradford | W | 273 | # 400 |
| 166 | Yentes | Jennifer | M | 720 | # 800 |
| 167 | Yong | Edward | W | 1186 | # 500 |

# EXHIBIT M

# EXHIBIT M

# DONAHOO & ASSOCIATES
### ATTORNEYS

440 W. First Street, Suite 101
Tustin, California 92780
Telephone (714) 953-1010
Facsimile  (714) 953-1777

May 13, 2011

**Via U.S. Mail**

John C. Kloosterman, Esq.
**LITTLER MENDELSON, P.C.**
650 California Street, 20th Floor
San Francisco, California 94108

Re:    <u>Beauperthuy, et al. v. 24 Hour Fitness</u>

Dear John:

Please allow this letter to respond to your letter of May 2, 2011 in which you demand Plaintiffs withdraw the pending motion to compel arbitration and threaten to proceed against me for sanctions under FRCP Rule 11, et al.  Your letter responded to my letter sent April 12, 2011.[1]

In your letter you claim Judge Conti does not have jurisdiction to hear Plaintiffs' motion to compel arbitration.  However, you do not cite any authority for your position. As you know, the Court set a Case Management Conference for June 24, 2011, the date the motion was calendared, so we assume the Court maintains jurisdiction over the parties in this matter.   It is difficult to meet and confer on this legal issue when you do not cite any authority upon which you base your jurisdiction argument.  In addition, you state that the motion, and specifically my declaration, contains "numerous factual inaccuracies and incorrect statements" however none are specified in your letter.  I cannot meaningfully respond to vague accusations.

The motion to compel is necessary as it appears 24 Hour continues tactics to avoid arbitration in the appropriate forum as it did for years at the earlier stages of this seven-year litigation.  The motion is necessary because 24 Hour as not provided copies of the signed arbitration agreements you contend bind each of these individuals with specific forum clauses.   We have previously requested each agreement that was signed or acknowledged by each of the 983 claimants in a manner that would demonstrate their assent to the terms of it.

---

[1] You are correct correspondence was drafted and sent April 12, 2011 but misdated as April 11, 2011.

John C. Kloosterman, Esq.
May 13, 2011
Page 2

We agree that arbitration is a creature of contract and that the Federal Arbitration Act ("FAA") will govern the analysis of 24 Hour arbitration agreements. We expect that if 24 Hour intends to seek to enforce specific venue restrictions it will present to the arbitrator a signed written agreement or acknowledgement evidencing mutual assent to its terms. 9 U.S.C. §§ 1-2; *Circuit City Stores, Inc. v. Saint Clair Adams*, 532 U.S. 105, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001). On a motion to compel, by its terms, 9 U.S.C. § 3 "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238 (1985). "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000). We do not have copies of the signed agreements because they were not provided to the employees but were maintained by 24 Hour. While combing through the 300,000 pages of documents produced, as well as the mass of incomplete employee files, we can dig up an acknowledgement here or there, but we do not have a data set that would provide us access to such documents for all of the claimants. Therefore, the motion is and was necessary because 24 Hour did not produce the arbitration agreements or acknowledgments in response to our discovery requests and 24 Hour is still refusing to produce them.

In your May 2nd letter, and in your recent hundreds of letters addressed to our individual clients, you presume that the specific forum clauses found in post-2004 arbitration policies bind the claimants to arbitrate in the area of the last club at which they worked for claims that arose during the effective dates of the prior arbitration agreement in 2001-2004 which does not contain specific forum clauses. Please provide legal authority upon which 24 Hour is relying to support the position that the last version of the arbitration policy controls all claims, including those that arose during a prior arbitration policy.

In our meet and confer email exchange on April 12th, you stated that your client has individual arbitration agreements for many of the 983 claimants and that they were being gathered for production. But 24 Hour has not provided them. I requested the signed arbitration agreements for each of the claimants in my email of March 25, 2011 and in our telephone conversation on April 12, 2011 and in my letter sent the same day, April 12th.

In my April 12th letter I also requested your availability for an additional meet-and-confer conference call that same week, prior to April 15, 2011 to discuss progress towards obtaining these signed arbitration agreements and resolving disputes, including venue. You did not return my request in my April 12th letter for a further telephone conference.

More than a month after my March 23, 2011 request, and after two weeks without receiving any communication, or any of the signed agreements, we filed the motion.

John C. Kloosterman, Esq.
May 13, 2011
Page 3

Now, seven weeks have elapsed, and we still have not received signed arbitration agreements or notices of acknowledgment of the employee handbook or an update containing an arbitration clause.

If 24 Hour would produce the arbitration agreements, or signed acknowledgments of receipt of an employee handbook containing an arbitration provision for each of the 983 claimants that would bind those claimants to those agreements, the parties could move to resolve most, if not all, the issues without the need of the Court ruling on the pending motion.

John, please answer once and for all this simple question—for which, if any, of our claimants does 24 Hour have a signed arbitration agreement, or a signed acknowledgment of receipt of an employee handbook which contained an arbitration agreement. If you cannot, or will not, respond to this basic question, we must assume that 24 Hour did not obtain arbitration agreements with all claimants.

You have previously represented to me and my co-counsel that 24 Hour does not have arbitration agreements for all of the opt-in Plaintiffs. Once we are provided with the signed arbitration agreements for those individuals who agreed to the agreements, we can do as you suggest, analyze each agreement on behalf of each claimant. However, based upon 24 Hour's prior 2004 declaration of William Prescott and the attached 2001 agreement with the general FAA venue provisions, and your representation that you do not have written arbitration agreements for each of the individuals, we filed claims/demands for arbitration with an arbitration service in the Northern District of California, which is an appropriate venue under 28 U.S.C. § 1391(a) because it is the location where 24 Hour's headquarters is located.

In your April 1 and May 1 letters, and in the hundreds of individual letters requesting proposed arbitrators, it is 24 Hour who is attempting to rewrite the alleged agreements of the parties. For example, you acknowledged in your May 2 letter that the 2001 agreement does not include a specific venue clause and therefore "[t]he 2001 agreement is covered by the general venue provisions of the Federal Arbitration Act." Yet your individual letters ignore the venue choice of these claimants who have sought arbitration in the Northern District, and instead requests arbitrators in other geographic areas for these individuals. This is an attempt to rewrite the 2001 arbitration agreement by including a venue restriction which was not included in the 2001 agreement.

By our calculations, 431 of the 983 claimants ended their employment with 24 Hour prior to 2005. Of those, 357 ended their employment between January 1, 2001 and December 31, 2004. Of those 177 began and ended their employment between 2001 and 2004.

Therefore, as you acknowledge, any later arbitration agreements enacted in 2005 or 2007, would be inapplicable to those claimants who never worked for 24 Hour post December 31, 2004, or prior to the implementation of the 2005 arbitration provision.

John C. Kloosterman, Esq.
May 13, 2011
Page 4

Thus, even under your presumptions that a written agreement exists and that the last agreement during the employment period controls, hundreds of the individual claimants only worked at 24 Hour when the 2001 Agreement was in effect and are subject only to the FAA's general venue rules. As to those claimants or those without a written arbitration agreement that contains a specific more restrictive venue provision, there should be no dispute that venue in the Northern District is appropriate.

The FAA's venue provisions are discretionary, not mandatory. *Textile Unlimited v. A..bmhand Co.*, 240 F.3d 781, 784-786 (9th Cir. Cal. 2001), citing, *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, (2000). "The venue provisions of the FAA do not supplant the general venue provisions of 28 U.S.C. § 1391(a); rather, they are permissive and supplement those sections. Id."

The FAA, specifically 9 U.S.C. § 4, provides, *inter alia*, that a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.

As explained in *Textile Unlimited*, "§ 4 provides that venue is proper for an action to compel arbitration in "any United States district court which, save for such agreement, would have jurisdiction under Title 28." That clear expression should end the argument. "It does not require that the petition be filed where the contract specified that arbitration should occur." *Textile Unlimited, supra* at 785, citing *Continental Grain Co. v. Dant & Russell*, 118 F.2d 967, 969 (9th Cir. 1941).

Venue is proper under 28 U.S.C. § 1391, as 24 Hour is headquartered in the Northern District of California, and was subject to in personam jurisdiction in California in the *Beauperthuy* matter.

We do not seek to have Judge Conti rewrite any agreement or decide that arbitrations must proceed in specific groups. We merely seek to compel arbitration to occur according to the FAA in the Northern District of California as per the plain text of the FAA's venue provisions and controlling 9th Circuit authority applying it. The reference to four specific groups of claimants in our motion was in fact, solely to streamline an understanding as to the groups that, according to 24 Hour, may be segregated by the applicable arbitration agreement.[2]

---

[2] As to those 2005 and 2007 agreements, you do not address the language that the arbitrator shall be selected from *either* where the dispute arose or where the employee last worked. To give meaning to the *disjunctive* provision of the contract, then there must be an alternative place where the arbitrators could be selected from, and employees are not automatically required to arbitrate all disputes where they last worked. Instead, interpretation is required to evaluate whether the agreement means that all arbitrations may only proceed where the employee last worked. Judge Conti has previously recognized that interpretation of a

John C. Kloosterman, Esq.
May 13, 2011
Page 5

At least for the 357 individuals employed whose employment ended between 2001 and 2004, and for those claimants where there is no evidence of a written arbitration agreement or acknowledgment of receipt of an employee handbook, there should be no dispute that venue in the Northern District is appropriate and claimants' motion should be granted.

Once 24 Hour has produced signed agreements or an acknowledgement that evidences their agreed to be bound for those former employees who worked while the 2005 or 2007 arbitration agreements were purportedly in effect we can further meet-and-confer on where those claimants' individual arbitrations will go forward and stipulate to suspend the motion to compel as to those claimants. To the extent that 24 Hour cannot produce such evidence, it is our position that these claimants are entitled to arbitrate pursuant to the general venue provisions of the FAA. If you have authority which refutes that position, please provide it to us as part of the meet-and-confer process.

As to your accusations of bad faith, your letter contains numerous factual inaccuracies and misstatements. In our April 12 telephone call you did not inform me of the specific date when you would be starting a trial in another matter. Further, you did not tell me dates when you would be out of the country in June. I first learned of your international diplomatic assignment and your vacation in your motion to continue the hearing date. You did state that 24 Hour was gathering the specific arbitration agreements for each claimant. But none were produced.

The bottom line is claimants filed demands for arbitration in the Federal District Court where 24 Hour Fitness's headquarters is located and where, for at least hundreds of claimants, venue is appropriate under the FAA's general venue provisions. This venue is also appropriate for potentially hundreds of others for which there is no written agreement to arbitrate and possible more for which there is no evidence they agreed to be bound by a revision to the agreements. Once again, if you will produce the signed arbitration agreements for all of the claimants or appropriate evidence of agreement, we will analyze them and will meet and confer further with you in the hopes of resolving all issues and avoiding the need for burdening the Court over these issues.

Rather than providing a copy of the arbitration agreement for each claimant, you have sent a letter to 913 of the 983 claimants, in care of my office, requesting the names of arbitrators in their geographic area. This includes to hundreds of individuals employed between 2001 and 2004 where you admit the agreement which does not include a specific

provision of the agreement is properly before the Arbitrator not the Court. Thus Judge Conti may simply apply the plain text of the FAA's venue provisions for now, and allow the Arbitrator to sort out the meaning of the agreement and determine if another venue is appropriate for certain claimants.

John C. Kloosterman, Esq.
May 13, 2011
Page 6

venue provision.[3]   For this group we provide a list of arbitrators for the Northern District of California under separate cover which we will agree to begin an agreed-upon number of the arbitrations in an orderly manner.

Rather than threatened sanctions, please cooperate to get these arbitrations moving, at least as to those where the general venue provisions of the FAA apply.

If 24 Hour Fitness will produce the signed arbitration agreements or acknowledgments, we commit to respond within 14 days as to your request for arbitrators in specific venues.

We are available to speak to you further regarding the foregoing.

Very truly yours,

DONAHOO & ASSOCIATES

Richard E. Donahoo

RED/ms

cc:     Thomas G. Foley, Jr. *(via email)*, Justin Karczag *(via email)*

---

[3] 24 Hour Fitness has not sent a letter requesting proposed arbitrators to all 983 claimants. 24 Hour Fitness sent 913 letters but has not sent a letter to 70 of the 983 claimants.

# EXHIBIT N

EXHIBIT N

**Subject:** RE: Beauperthuy
**Date:** Friday, December 9, 2011 2:52:11 PM PT
**From:** Kloosterman, John C.
**To:** Richard Donahoo
**CC:** Tom Foley, Justin Karczag, Hayward, Laura E.

Rich,

You can file all the petitions you would like; we have also been filing petitions since Monday 12/5 and will continue filing petitions in the proper districts around the country. You can file whatever motions you believe are appropriate in those forums. Ample precedent supports our position. You guys wanted a war - so be it.

I note that a large number of your filings are for individuals not covered by the 2001 agreement. I'll send you a separate letter on those.

I will agree to accept service on 24 Hour's behalf if you'll agree to accept service on behalf of all of your clients.

John

-----Original Message-----
From: Richard Donahoo [mailto:rdonahoo@donahoo.com]
Sent: Friday, December 09, 2011 2:40 PM
To: Kloosterman, John C.
Cc: Tom Foley; Justin Karczag
Subject: Beauperthuy

John

I am informed that today Justin's office received approximately 20 petitions to compel arbitration filed this week between 12/6 to 12/8 including for those covered by the 2001 agreement.

As you are likely aware, on Monday 12/5/11 we filed 273 separate petitions to compel arbitration in the Northern District covering all those remaining claimants covered under the 2001 agreement. In light of our filings in the ND 12/5 and Judge Conti's ruling 12/2, please do not file further petitions re those covered by the 2001 agreement as there are proceedings already commenced in federal court in the ND re arbitration of those claims.

We are awaiting receipt of conformed copies for all 273 filings and expect to receive them and serve them next week.

Please advise whether you will accept service on behalf of 24 Hour.

Richard Donahoo

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or

authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

# EXHIBIT O

# EXHIBIT O

# DONAHOO & ASSOCIATES
## ATTORNEYS

440 W. First Street, Suite 101
Tustin, California 92780
Telephone (714) 953-1010
Facsimile  (714) 953-1777

December 10, 2011

**Via Email and U.S. Mail**

John C. Kloosterman
Laura Hayward
**LITTLER MENDELSON, P.C.**
650 California Street, 20th Floor
San Francisco, California 94108

Re:     **Beauperthuy, et al. v. 24 Hour Fitness**

Dear John and Laura:

I am writing to meet and confer with you regarding the status of the petitions to compel arbitration for individuals who last worked for 24 Hours while the 2001 arbitration agreement was in effect. The reason that we want to meet and confer is to minimize the unnecessary workload on Federal District Courts throughout the United States. Please share this letter with all your associates who are filing such petitions.

In reviewing petitions your firm has filed apparently beginning on December 7, 2011 with various Federal District Courts throughout the country, it appears that 24 Hour is moving to compel arbitrations against the same individuals for whom we had already filed petitions to compel arbitration in the Northern District of California on December 5, 2011. So there is no confusion and so you are on notice of the names of the 273 individuals for whom we filed petitions with the Northern District of California to compel arbitration on Monday, December 5, 2011, attached is a list of those individuals.

To be clear, although the Court Clerk for the Northern District of California is continuing to process the 273 petitions to upload them onto the Pacer system, each one of these 273 cases was <u>manually filed</u> in the Northern District on December 5, 2011. If you check the PACER docket for each case you will be able to confirm that each of these cases were filed on December 5, 2011. For those that have been conformed and returned by the Court Clerk, Justin Karczag's office has or will email to you the PACER filings from the Court Clerk to confirm this, if for any reason you question my representation, that all 273 petitions were manually filed on December 5, 2011.

The Clerk's Office for the Northern District accepted all 273 individuals for filing on Monday, December 5, 2011. However, the Clerk's Office could not process the 273 individual petitions for uploading to the Pacer System on Monday, December 5, 2011. The Clerk's Office for the Northern District confirmed that the original of the 273

John C. Kloosterman, Esq.
December 10, 2011
Page No. 2

petitions were manually filed on Monday, December 5th, but that it would take several additional days to upload the petitions on Pacer. As of Friday, December 9, 2011, approximately 150 petitions had been uploaded to Pacer. You will note that on the petitions which were uploaded on PACER on Friday, December 9, 2011, the Clerk's Office has noted that the petitions were filed on Monday, December 5, 2011.

Judge Samuel Conti entered an Order on Friday, 2, 2011, that 16 individuals who last worked for 24 Hours while the 2001 arbitration agreement was in effect would proceed with individual arbitrations in the Northern District of California based on the fact that the 2001 arbitration agreement did not have a venue clause, and the headquarters of 24 Hours is located within the Northern District of California.

Given the above, we again request that you refrain from continuing your filing of petitions to compel arbitrations in different Federal District Courts around the country related to the same 273 people for whom we have already filed petitions on December 5, 2011.

You are knowingly filing competing petitions for these same individuals in different districts on dates subsequent to December 5, 2011. By doing so, you are going to cause additional work for courts when petitions have already been filed with the Federal District Court for the Northern District of California.

We request to meet and confer with you immediately either Monday evening or Tuesday to attempt to resolve the issues raised in this letter. We are also willing to work through these issues with Mark Rudy, who you suggested as a neutral to deal with arbitrator issues.

We also ask that you stipulate to have all of the Northern District cases related to Judge Conti who is the low numbered motion to compel on this issue related to the 2001 agreement. Please advise by 5:00 Monday if you will so stipulate. Otherwise we will file an administrative motion to relate the cases.

Despite the prior lack of success in our meet and confer efforts we remain willing to work through these issues in a professional manner.

Very truly yours,

DONAHOE & ASSOCIATES

Richard E. Donahoe

RED/rd
     Enclosure
cc:    Thomas G. Foley, Jr.
     Justin Karczag

BEAUPERTHUY et al. v. 24 Hour Fitness et al.

Petitions to Compel Arbitration Filed in Northern District of California

# FILED DECEMBER 5, 2011

| FIRST NAME | LAST NAME |
| --- | --- |
| Christian | Aarona |
| Jared | Adams |
| Erin | Addesso |
| Michael | Aimoto |
| Michael | Akana |
| Robert | Allen |
| Bryan | Anderson |
| Kenneth | Arterberry |
| Allison | Ash (Romano) |
| James | Austin |
| Dave | Avery |
| Anthony | Avila |
| Evan | Ayres |
| Kim | Bao |
| H | Barnes |
| James | Bean |
| Laura | Bean |
| Linda | Bell |
| Neil | Bell |
| Joann | Benak |
| Oskar | Bercedoni |
| Jonathan | Bergerson |
| Troy | Birdsell |
| Joseph | Blair |
| Matthew | Bliss |
| Nicholas | Bliss |
| James | Bluff |
| Dustin | Bonnenfant |
| Roderick | Boyd |
| Guerlin | Bozieux |
| Robert | Bradford |
| Edwige | Brand |
| Adam | Bratten |
| Dawn | Brockett |
| Jason | Brown |
| Ryan | Brown |
| Terry | Bryant |
| Matt | Bubel |
| Amanda | Buntin |
| David | Burrows |
| Terri | Burt |

1

| | |
|---|---|
| Aaron | Butler |
| Trisha | Byerley |
| Veronica | Camarillo-Morris (Do |
| Terry | Cantlon |
| Jerry | Caston |
| Alwin | Chapuseaux |
| Holly | Childers |
| Davey | Childres |
| Emily | Chirdon (Howell) |
| Mark | Christian |
| Abbott | Clack |
| Keith | Cloudas |
| Charles | Coe |
| Alekzandra | Collins |
| Christina | Collins |
| Stacey | Comstock |
| Eric | Conry |
| Kaytee | Cook |
| Derek | Cooper |
| Hadley | Corson |
| Chad | Criqui |
| Andre | Crittendon |
| William | Cunningham |
| Anthony | Curtis |
| Todd | Dail |
| Tifni | Davey |
| Bradley | Davis |
| Timothy | Day |
| Dion | De Bit III |
| Robert | Decker |
| Pizza | Demorato |
| Andrea | Dia Cono |
| Jamie | Dillion |
| Erin | Donnelly |
| Mark | Donnelly |
| Ron | Duran |
| Miguel | Dwyer |
| Robert | Dyer |
| Kevin | Edwards |
| Miranda | Eserman |
| Travis | Estey |
| Megan | Estey-Rodriquez-Hoep |
| Stephanie | Evers |
| Nicholas | Fannin |
| Jared | Festner |
| Antoinette | Fiedler |
| David | Fittro |
| Rodney | Fleming |
| Jessica | Foley |

2

| | |
|---|---|
| Kirk | Fontenot |
| Denise | Ford |
| Troy | Frei |
| Andrea | Gantz |
| Lisa | Gasteiger |
| Kathleen | Gaughan |
| Ramsay | Geha |
| Cory | Gilday |
| Deborah | Gladney |
| Joel | Gonzalez |
| Shelly | Gorden |
| Tyler | Gossett |
| Quentin | Green |
| Malikia | Griffin |
| Melissa | Griffin |
| Jessica | Grindrod |
| Roger | Guerra Jr |
| William | Haeuptle |
| Jennifer | Haines |
| Heather | Hale |
| Lisa | Hall |
| Angie | Hardy |
| Krista | Harman |
| Christopher | Harris |
| Rochelle | Harris |
| Robin | Hazim |
| Shane | Hedani |
| Christopher | Henderson |
| Jason | Henderson |
| Clinton | Hill |
| Jacob | Hill |
| Kelly | Hillenbrand (Green) |
| Erika | Hollweg |
| Corey | Holm |
| James | Honell |
| Lesley | House Bagley |
| Kelly | Howell |
| Goreal | Hudson |
| Sieglinde | Ince |
| Eric | John |
| Cindy | Jones |
| Kimberly | Kilpatrick |
| James | King |
| Stanley | Knapton |
| Steven | Kordish |
| Tony | Kuo |
| Star | Lalario |
| Monte | Lane |
| Shane | Langton |
| Lyle | Latimer |

3

| | |
|---|---|
| Julie | Lenius |
| Ian | Lentz |
| Raymond | Leslie |
| Dan | Lindstrom |
| Ryan | Littleton |
| David | London |
| Jordan | Longwell |
| Don | Lyttleton |
| Elizabeth | Mackay (Parson) |
| Emmanuel | Marchica |
| Randy | Marsh |
| Michelle | Marshall |
| Kristopher | Martino |
| Christie | Masone |
| Cortland | Mater |
| Nicole | McCullough |
| Jason | McDonald |
| Daniel | Mcgregor |
| Richard | McMillan |
| Adriana | Medina |
| Frank | Millsap |
| Candice | Mitzel |
| Kevin | Moore |
| Patrick | Moore |
| Boon | Morgan |
| Travis | Morris |
| Jason | Morrow |
| Joshua | Myers |
| Ross | Navarrette |
| John | Nesmith |
| Taylor | Norris |
| Anthony | O'Bryant |
| Megan | Olsen |
| Genesis | Olson |
| William | Overby |
| Angela | Overdorff (Craner) |
| Elicia | Ozar |
| William | Paccione |
| Scott | Pagliaccio |
| Louis | Papedo |
| Michael | Parise |
| Jarrett | Patton |
| Timothy | Paudler |
| Cameron | Paulick |
| James | Payne |
| John | Perry |
| Michael | Petrovic |
| Matthew | Popelka |
| Norinne | Powers |
| Amber | Pulido |

4

| | |
|---|---|
| Kristin | Quigley |
| Sean | Quinn |
| Julia | Quist (Huerta) |
| Nichole | Rae |
| Javier | Ramirez |
| Stephen | Randolph |
| Wesley | Reese |
| Alison | Rehman (Sherman) |
| Casie | Reimers |
| Tiffany | Ricci |
| Shane | Rice |
| John | Rivera III |
| Matthew | Robb |
| Cecil | Roby |
| Patrick | Rodifer |
| Indika | Roed |
| Scott | Rose |
| Peter | Roulet |
| Dakota | Routh |
| Kristina | Routh |
| Eddie | Rue |
| Jennifer | Runnels |
| Matthew | Russell |
| William | Salminen |
| Helen | Samayoa |
| Paula | Samek(Taylor) |
| Gina | Santurro |
| Lindsay | Schieffelin |
| Mark | Schmukal |
| Arthur | Schwerzel |
| Trenton | Sensiba |
| Terry | Shackelford |
| Kent | Shafer |
| Sarah | Shanahan |
| Heather | Shaw |
| Joeleen | Sheridan (Palmeri) |
| Mark | Sherwin |
| Erin | Shine |
| John | Shocklee Jr |
| Shannon | Sidwell |
| Keith | Siebler |
| Robert | Siegmund |
| Sean | Slatten |
| Christopher | Smith |
| Don | Smith |
| Lance | Smith |
| Paul | Smith |
| Nathan | Spencer |
| Jerri | Starbuck |
| Duane | Stark |

| | |
|---|---|
| Suzanne | Stauffer (Tucker) |
| Monica | Steele |
| Robert | Suren |
| Wendell | Sylvester |
| Natalie | Talamoa |
| Emile | Tambicannou |
| Kelly | Tan |
| Robert | Thompson |
| Jeremy | Timm |
| Kimberly | Troell |
| Thomas | Valera |
| Marybeth | Van Horn |
| Frances | Vasquez (Geiger) |
| Tracey | Vaughn |
| Bernadette | Vecchiarelli |
| Filiberto | Vera Jr |
| Francis | Verasammy |
| Nicole | Vicha |
| Christopher | Vogt |
| Katherine | Wagner |
| Jodi | Warthen |
| Jason | Washbourne |
| Anwar | Washington |
| Mele | Watts |
| Nichole | Weems |
| Jennifer | Welter |
| Chris | Welton |
| Megan | West |
| Robert | Wilkins |
| Walter | Williams |
| Bradford | Wilson |
| Jennifer | Yentes |
| Edward | Yong |

6